1  **MOSLEY & GEARINGER LLP**

2  825 VAN NESS AVENUE, 4TH FLOOR
   SAN FRANCISCO, CALIFORNIA
3  94109-7837
   (415) 440-3102
4



5  STEPHEN HENRY (State Bar # 142336)

6  Attorneys for Plaintiff

7  UNITED STATES DISTRICT COURT

8  FOR

9  THE NORTHERN DISTRICT OF CALIFORNIA

10  WILLIAM SETZLER, an individual,          Case No.

11          Plaintiff,                       **PLAINTIFF'S COMPLAINT FOR**



12  vs.                                      **DAMAGES FOR**

                                             1. **Violation of Federal Civil Rights**
13  CITY AND COUNTY OF SAN                      **(42 U.S.C. § 1983) – Free Speech**
    FRANCISCO, a municipal corporation, and  2. **Violation of Federal Civil Rights**
14  DOES ONE through TEN, inclusive,            **(42 U.S.C. § 1983) – Procedural**
                                                **Due Process**
15          Defendants.                      3. **Violation of Federal Civil Rights**
                                                **(42 U.S.C. § 1983) – Substantive**
16                                              **Due Process**
                                             4. **Failure To Accommodate, Failure**
17                                              **to Participate In Interactive**
                                                **Process, Retaliation**
18                                           5. **Breach of Implied Contract**
                                             6. **Wrongful Termination in**
19                                              **Violation Of Public Policy**
                                             7. **Injunctive Relief**
20
                                             **AND DEMAND FOR JURY TRIAL**
21

22          Plaintiff William Setzler ("Plaintiff"), for causes of action against defendants The City

23  and County of San Francisco ("Defendant County"), and Does One through Ten, inclusive,

24  alleges in this Complaint for Damages ("Complaint") as follows:

25                              **THE PARTIES**



26          1.      William Setzler was at relevant times to this litigation has been a resident of the

27  County of San Francisco and at other relevant times a resident of the County of Alameda.

28

2.    Defendant City and County of San Francisco ("Defendant County") is a public entity and municipal corporation organized and existing pursuant to the laws of the State of California.

3.    Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named defendants is in some manner responsible for the injuries and damages to Plaintiff alleged in this litigation.

4.    Plaintiff is informed and believes and thereupon alleges that at all times relevant to this litigation, defendants, and each of them, were the agents, servants, and employees of their codefendants, and that these defendants, in doing the things mentioned in this Complaint, were acting within the course and scope of their authority as such agents, servants, and employees, and were acting with the permission and consent of their codefendants.

## JURISDICTION AND VENUE

5.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.    Jurisdiction over the defendants exists because each of the entities and defendants is present and operating within the jurisdictional limits of the Northern District of California.

7.    Jurisdiction over the defendants, and each of them, exists because the complaint includes claims involving federal question jurisdiction. This action includes claims brought pursuant to 42 U.S.C. §1983. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331. Subject matter jurisdiction exists because the amount in dispute exceeds $75,000.

8.    The Court has pendent and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367. The pendent state law claims contained in this Complaint arise from the same nucleus of operative facts, and involved identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

9.      Plaintiff is required to comply with a claims statute, and Plaintiff has complied with the applicable claims statute.

10.     Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because the employment relationship between plaintiff and defendants that gave rise to this litigation existed within this district, most or all of the acts and omissions complained of took place here, and all defendants reside within the district.

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed by the San Francisco Sheriff's Office until November 1, 2006.

12.     Plaintiff suffered an occupational injury to his foot while working at the County jail on January 2, 1990.

13.     This injury left him with a disability affecting his foot

14.     The disability continues to this day.

15.     This injury left him with a disability affecting his balance.

16.     The disability continues to this day.

17.     This disability was diagnosed by Dr. Richard Coughlin, as Morton's neuroma.

18.     Dr. Richard Coughlin was, at the time, employed by Defendant City and County of San Francisco.

19.     Dr. Coughlin declared Plaintiff permanent and stationary and unable to return to his normal duties on January 6, 1992.

20.     Plaintiff applied for an industrial disability retirement.

21.     Plaintiff's application for industrial disability retirement was denied.

22.     The stated reason for the denial of Plaintiff's application was that he was not disabled.

23.     During the consideration of Plaintiff's application for disability retirement, Deputy City Attorneys withheld evidence from the persons deciding whether to grant Plaintiff's application for disability retirement.

1      24.    These concealed records included a September 20, 1993 report by Dr. Callander

2  describing his specific objective findings during his examination of Plaintiff including that

3  Plaintiff experienced "poor balance", "weak dorsiflexion of the toes and left foot" and "unable to

4  flex his toes with the left foot externally everted."

5      25.    These records and reports were only first disclosed to Plaintiff's attorney during a

6  deposition taken during litigation seeking reinstatement to Plaintiff's job after his retirement was

7  denied.

8      26.    Counsel for the Retirement Board, a Deputy City Attorney, and the claims

9  adjuster for the City's Claims Division had a statutory duty to disclose these records to Plaintiff,

10  but instead concealed them for over a decade.

11      27.    On information and belief, Plaintiff alleges that Deputy City Attorneys, counsel

12  for both the Retirement Board and the Workers Compensation division, continue to withhold

13  other reports pertaining to Plaintiff, including reports on March 22, 1990, July 2, 1990 and July

14  9, 1990 by Dr. Coughlin.

15      28.    A report of November 14, 1990 by Dr. Coughlin entitled "Treating Physician's

16  Report of Disability Status" met every criteria of the Sheriff's Department Disability Leave

17  Policy to return Plaintiff to a light duty assignment as of November 14, 1990 after Plaintiff's

18  Morton's neuroma was corrected by surgery.

19      29.    Plaintiff was not provided with the November 14, 1990 report by Dr. Coughlin

20  entitled "Treating Physician's Report of Disability Status" until September 10, 2002.

21      30.    At the same time in 1990, while concealing the November 14, 1990 report, Dr.

22  Coughlin told Plaintiff that he would not return Plaintiff to work and he continued to issue other

23  reports to prevent Plaintiff from returning to work.

24      31.    Plaintiff sought to return to work at the Sheriff's Office on at least two occasions.

25      32.    The Sheriff's Office refused to allow him to return to work as a Deputy Sheriff.

26      33.    Plaintiff also sought accommodation from the Sheriff's Office and a return to

27  work on a modified basis.

28

34.    Plaintiff's request for accommodation and return to work on a modified basis was denied by the Sheriff's Office.

35.    Employees of the Sheriff's Office informed Plaintiff that the Sheriff's Office did not provide light duty work to accommodate disabilities.

36.    The statement that the Sheriff's Office did not provide light duty work to accommodate disabilities was false.

37.    Faced with this deliberate Catch-22 created by Defendant County, Plaintiff continued to try to obtain his disability retirement benefits or an accommodated position until his termination by Defendant.

38.    Defendant County's Deputy City Attorneys interfered with his procedural rights including, most significantly, admitted concealment of critical medical records and misrepresentation of the facts of his medical condition by Defendant County's Deputy City Attorneys, most notably attorney David Benjamin.

39.    Defendant County's Deputy City Attorney David Benjamin also substituted videotaped evidence that was before the Office of Administrative Hearings.

40.    Despite the fact that the OAH Presiding Judge Jonathan Lew apologized to Plaintiff in writing for allowing Benjamin to substitute the videotaped evidence, Benjamin was later appointed an Administrative Law Judge.

41.    Plaintiff's many attempts to obtain other employment were also stymied by misrepresentations by Defendant County's Deputy City Attorneys and the Sheriff's Office.

42.    Defendant County's Sheriff's Office placed Plaintiff on "sick leave" during a portion of Plaintiff's leave prior to his termination.

43.    As of July 1, 1991, the Sheriff's Department placed Plaintiff on involuntary / compulsory sick leave.

44.    Plaintiff was placed on compulsory sick leave without his knowledge, without any application from Plaintiff, and after he was permanently removed from disability leave on June 22, 1991.

45.    The fact that Plaintiff was placed on compulsory sick leave was concealed from Plaintiff by the Sheriff's Office and by Deputy City Attorneys.

46.    Members of the Sheriff's Office, including a sworn declaration by James Harrigan, Legal Counsel to Sheriff Hennessey, dated September 16, 1998, referred to Plaintiffs status as that of a deputy on disability leave.

47.    The Sheriff's Office's designation of Plaintiff's leave as "sick leave", rather than disability leave, prevented Plaintiff from obtaining a transfer to another job within the City and County of San Francisco.

48.    During his employment by the Sheriff's Office, Plaintiff was not permitted to obtain employment with any other employer besides the City and County of San Francisco.

49.    Despite requests by Plaintiff, his attorney, and his union representative, Sheriff Hennessey refused to grant permission for Plaintiff to take outside employment after Plaintiff had finished vocational rehabilitation training.

50.    Ultimately, the Sheriff's Office terminated Plaintiff on November 1, 2006 on the alleged basis that he had failed to complete probation.

**FIRST CAUSE OF ACTION**

**FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS**

**FREEDOM OF SPEECH**

**UNDER 42 U.S.C. SECTION 1983, ET SEQ.**

**(Against Defendant City and County of San Francisco and Does One through Ten)**

51.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 50 above.

52.    Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, violated his constitutional rights as described in this Complaint, by deliberately interfering with his claim for disability retirement or, in the alternative, his attempts to return to work, accusing him of malingering, and ultimately terminating his employment in retaliation for and as prior restraint of protected speech regarding matters of public importance, most notably his assertions on public television that information had been deliberately concealed from and

1  misrepresented to the Retirement Board.

2      53.    Plaintiff is informed and believes and thereupon alleges that defendants, and each

3  of them, violated his constitutional rights as described in this Complaint because of customs,

4  policies, directives, practices, acts and omissions of authorized policy makers of Defendant

5  County. These customs, policies, directives, practices, acts and omissions include, but are not

6  limited to, the maintenance of employment practices that allow for retaliatory actions for and

7  prior restraint of protected speech and the maintenance of employment practices that encourage

8  and allow retaliation against and prior restraint of an employee for protected speech. These

9  customs, policies, directives, practices, acts and omissions constitute gross negligence and/or

10  deliberate indifference on the part of Defendant County in its obligation to ensure the

11  preservation of an employee's constitutional rights.

12      54.    Defendant County's Sheriff, as the ultimate decision makers with regard to policy

13  and employee discipline, ratified the retaliatory actions and actions restrictive of Plaintiff's

14  speech prior to Plaintiff's denial of accommodation and Plaintiff's retaliatory termination.

15      55.    The retaliatory conduct against Plaintiff, including but not limited to restriction of

16  his protected speech and adverse employment actions, was a deliberate choice of action made

17  from among various alternatives by Defendant County.

18      56.    In the alternative, one or more of the individuals, within the City Attorneys Office,

19  the Retirement Board and/or the Sheriff's Office, involved in the restriction of and retaliation for

20  Plaintiff's speech was an official to whom policymaking authority regarding employee discipline

21  had been delegated and that these subordinate individuals were responsible for establishing final

22  policy with respect to the retaliation, restriction of protected speech, and adverse actions taken

23  against Plaintiff.

24      57.    Plaintiff is informed and believes and thereupon alleges that Defendant County and

25  its Sheriff authorized, directed, condoned, and/or ratified the unconstitutional and unlawful

26  conduct and/or omissions mentioned in this Complaint.

27      58.    As a direct, foreseeable, and proximate result of Defendant County's acts and

28  omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job

COMPLAINT FOR DAMAGES                    7          CASE NO.

1   benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and

2   emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000,

3   the precise amount of which will be proven at trial.

4       59.    In addition, Plaintiff seeks reasonable attorneys fees and costs.

5       60.    Wherefore, Plaintiff prays for damages against defendants, and each of them, as set

6   forth below.

7   <center>**SECOND CAUSE OF ACTION**</center>

8   <center>**FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS**</center>

9   <center>**PROCEDURAL DUE PROCESS**</center>

10  <center>**UNDER 42 U.S.C. SECTION 1983, ET SEQ.**</center>

11  <center>**(Against Defendant City and County of San Francisco and Does One through Ten)**</center>

12      61.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1

13  through 60 above.

14      62.    Plaintiff had a property interest in his employment.

15      63.    Plaintiff had a property interest in his disability retirement.

16      64.    Plaintiff exhausted state remedies in protection of and in pursuit of his property

17  interest but those state remedies hampered, interfered with and made impossible to fully pursue

18  by adverse and wrongful actions by Defendant City and its employees.

19      65.    Plaintiff is informed and believes and thereupon alleges that actions taken against

20  him by Defendant and Does One through Ten, inclusive, violated his right to procedural due

21  process when, among other instances, Deputy City Attorneys, and members of the Sherriff's

22  Office withheld, misappropriated, altered and falsified evidence necessary for Plaintiff to

23  prosecute his claim for disability retirement, interfered with his application for disability

24  retirement, accused Plaintiff of malingering, denied him accommodation for his disability and

25  ultimately terminated him on November 1, 2006.

26      66.    Plaintiff is informed and believes and thereupon alleges that defendants, and each

27  of them, violated his constitutional rights as described in this Complaint because of customs,

28  policies, directives, practices, acts and omissions of authorized policy makers of Defendant

COMPLAINT FOR DAMAGES    8    CASE NO.

1  County and its Retirement Board and Sheriff's Office. These customs, policies, directives,

2  practices, acts and omissions include, but are not limited to, the maintenance of employment

3  practices that allow for actions which violate procedural due process rights of employees,

4  including the maintenance of practices which allow Deputy City Attorneys to defeat meritorious

5  claims for disability claims through fraud and concealment, and which allow employees of the

6  Sheriff's Office to prevent an employee from returning to work on an accommodated basis if

7  denied disability retirement and deny disabled employees alternative employment through

8  violation of the Civil Service rules. These customs, policies, directives, practices, acts and

9  omissions constitute gross negligence and/or deliberate indifference on the part of Defendant

10 County in its obligation to ensure the preservation of an employee's constitutional rights.

11     67.    Defendant County's Sheriff, as the ultimate decision maker with regard to policy

12 and employee discipline with respect to Plaintiff, ratified the acts and omissions violative of

13 Plaintiff's procedural due process rights prior to and including Plaintiff's retaliatory termination.

14     68.    Defendant County's Retirement Board, Executive Director of the Retirement

15 Board, Clare Murphy, and City Attorney, as the ultimate decision makers with regard to policy

16 regarding Plaintiff's application for disability retirement, ratified the acts and omissions violative

17 of Plaintiff's procedural due process rights prior to Plaintiff's retaliatory termination.

18     69.    Upon information and belief, Plaintiff alleges that one such policy, among others

19 adverse to Plaintiff, was a policy to withhold disability retirement from any Deputy Sheriff who

20 had not worked for the Sheriff's Office for a certain number of years, regardless of the merits of

21 that employee's claim for disability retirement.

22     70.    The denial of disability retirement benefits without due process forced upon

23 Plaintiff was a deliberate choice of action made from among various alternatives by Defendant

24 County.

25     71.    In the alternative, one or more of the individuals within the City Attorneys Office,

26 the Retirement Board and/or the Sheriff's Office, was an official to whom policymaking

27 authority regarding employee discipline, demotion and termination had been delegated and that

28 these subordinate individual defendants were responsible for establishing final policy with

COMPLAINT FOR DAMAGES                        9          CASE NO.

1    respect to the adverse actions in violation of due process taken against Plaintiff.

2        72.    The actions of Defendant County's authorized policymakers and Does One through

3    Ten, deprived Plaintiff of rights secured by the Constitution and laws of the United States,

4    including without limitation his rights to due process of law.

5        73.    As described above, Defendant County's authorized policymakers, and Does One

6    through Ten, individually and together, engaged in retaliatory acts designed to silence Plaintiff,

7    to prevent Plaintiff from protected speech and to deny Plaintiff his constitutional, statutory and

8    legal rights and took each of these actions against Plaintiff under color of state law.

9        74.    Defendant County, by permitting, allowing and encouraging the individual

10    authorized policymakers and Does One through Ten to engage in this conduct toward Plaintiff,

11    and to engage in acts and omissions which deprived Plaintiff of his procedural due process,

12    approved of and ratified their conduct.

13        75.    As a direct, foreseeable, and proximate result of Defendant's acts and omissions,

14    Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

15    has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

16    and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount

17    of which will be proven at trial.

18        76.    In addition, Plaintiff seeks reasonable attorneys fees and costs.

19        77.    Wherefore, Plaintiff prays for damages against defendants, and each of them, as set

20    forth below.

21                          **THIRD CAUSE OF ACTION**

22              **FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS**

23                          **SUBSTANTIVE DUE PROCESS**

24                  **UNDER 42 U.S.C. SECTION 1983, ET SEQ.**

25    **(Against Defendant City and County of San Francisco and Does One through Ten)**

26        78.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1

27    through 77 above.

28        79.    Plaintiff had a property interest in his employment.

1     80.    Plaintiff had a property interest in his disability retirement.

2     81.    Plaintiff exhausted state remedies in protection of and in pursuit of his property

3     interest but those state remedies hampered, interfered with and made impossible to fully pursue

4     by adverse and wrongful actions by Defendant City and its employees.

5     82.    Plaintiff is informed and believes and thereupon alleges that actions taken against

6     him by Defendant and Does One through Ten, inclusive, violated his right to substantive due

7     process when, among other instances, Deputy City Attorneys, and members of the Sherriff's

8     Office withheld, misappropriated, altered and falsified evidence necessary for Plaintiff to

9     prosecute his claim for disability retirement, interfered with his application for disability

10    retirement, accused Plaintiff of malingering, denied him accommodation for his disability and

11    ultimately terminated him on November 1, 2006.

12    83.    Plaintiff is informed and believes and thereupon alleges that defendants, and each

13    of them, violated his constitutional rights as described in this Complaint because of customs,

14    policies, directives, practices, acts and omissions of authorized policy makers of Defendant

15    County and its Retirement Board and Sheriff's Office. These customs, policies, directives,

16    practices, acts and omissions include, but are not limited to, the maintenance of employment

17    practices that allow for actions which violate procedural due process rights of employees,

18    including the maintenance of  practices which allow Deputy City Attorneys to defeat meritorious

19    claims for disability claims through fraud and concealment, and which allow employees of the

20    Sheriff's Office to prevent an employee from returning to work on an accommodated basis if

21    denied disability retirement and deny disabled employees alternative employment through

22    violation of the Civil Service rules. These customs, policies, directives, practices, acts and

23    omissions constitute gross negligence and/or deliberate indifference on the part of Defendant

24    County in its obligation to ensure the preservation of an employee's constitutional rights.

25    84.    Defendant County's Sheriff, as the ultimate decision maker with regard to policy

26    and employee discipline, ratified the acts and omissions violative of Plaintiff's substantive due

27    process rights prior to Plaintiff's retaliatory termination.

28    85.    Defendant County's Retirement Board, Executive Director of the Retirement

1  Board, Clare Murphy and City Attorney, as the ultimate decision makers with regard to policy

2  regarding Plaintiff's application for disability retirement, ratified the acts and omissions violative

3  of Plaintiff's procedural due process rights prior to Plaintiff's retaliatory termination.

4       86.    Upon information and belief, Plaintiff alleges that one such policy, among others

5  adverse to Plaintiff, was a policy to withhold disability retirement from any Deputy Sheriff who

6  had not worked for the Sheriff's Office for a certain number of years, regardless of the merits of

7  that employee's claim for disability retirement.

8       87.    The denial of disability retirement benefits without due process forced upon

9  Plaintiff was a deliberate choice of action made from among various alternatives by Defendant

10 County.

11      88.    In the alternative, one or more of the individuals within the City Attorneys Office,

12 the Retirement Board and/or the Sheriff's Office, was an official to whom policymaking

13 authority regarding employee discipline, demotion and termination had been delegated and that

14 these subordinate individual defendants were responsible for establishing final policy with

15 respect to the adverse actions in violation of due process taken against Plaintiff.

16      89.    The actions of Defendant County's authorized policymakers and Does One through

17 Ten, deprived Plaintiff of rights secured by the Constitution and laws of the United States,

18 including without limitation his rights to due process of law.

19      90.    As described above, Defendant County's authorized policymakers and Does One

20 through Ten, individually and together, engaged in retaliatory acts designed to deny Plaintiff his

21 constitutional, statutory and legal rights and took each of these actions against Plaintiff under

22 color of state law.

23      91.    Defendant County, by permitting, allowing and encouraging the individual

24 Defendants and Does One through Ten to engage in this retaliatory conduct toward Plaintiff, and

25 to engage in acts and omissions which deprived Plaintiff of his substantive due process,

26 approved of and ratified their conduct.

27      92.    As a direct, foreseeable, and proximate result of Defendant's acts and omissions,

28 Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

COMPLAINT FOR DAMAGES                    12        CASE NO.

1    has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

2    and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount

3    of which will be proven at trial.

4        93.    Wherefore, Plaintiff prays for damages against defendants, and each of them, as set

5    forth below.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO ACCOMMODATE

## FAILURE TO ENGAGE IN INTERACTIVE PROCESS

## AND RETALIATION

### (Against Defendant City and County of San Francisco and Does One through Ten)

11       94.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1

12    through 93 above.

13       95.    Pursuant to Government Code § 12940(m), Defendant County had a duty to

14    reasonably accommodate Plaintiff's disability: it is a violation "[f]or an employer or other entity

15    covered by this part to fail to make reasonable accommodation for the known physical or mental

16    disability of an applicant or employee." By refusing to place Plaintiff back in his existing

17    position, Defendant County has violated the requirements of Government Code § 12940(m) to

18    the detriment of plaintiff. In addition, by subsequently refusing to place Plaintiff in open

19    positions, Defendant County continued to violate § 12940(m) and continues to do so to this day.

20       96.    Pursuant to Government Code § 12940(n), Defendant County had a duty to engage

21    in "a timely, good faith, interactive process with the employee or applicant to determine effective

22    reasonable accommodations, if any, in response to a request for reasonable accommodation by

23    an employee or applicant with a known physical or mental disability or known medical

24    condition." By refusing to respond to Plaintiff's verbal and written inquiries and requests,

25    Defendant continued to violate § 12940(n) and continues to do so to this day.

26       97.    Plaintiff filed a complaint with the Department of Fair Employment and Housing.

27    (See Exhibit A to this Complaint) and received a Right to Sue Letter from the Department of Fair

28    Employment and Housing. (See Exhibit B to this Complaint)

COMPLAINT FOR DAMAGES                    13        CASE NO.

98.    Pursuant to Government Code § 12940(h), Defendant County is precluded from retaliating against and/or terminating Plaintiff "because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." In response to Plaintiff's complaints, Defendant County and its agents have retaliated against and refused to gainfully employ Plaintiff, to Plaintiff's detriment.

99.    As a direct, foreseeable, and proximate result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount of which will be proven at trial.

100.    In addition, Plaintiff seeks reasonable attorneys fees and costs.

## FIFTH CAUSE OF ACTION

## BREACH OF EMPLOYMENT CONTRACT

### (Against Defendant City and County of San Francisco and Does One through Ten)

101.    Plaintiff incorporates by reference paragraphs 1 to 100 inclusive of this Complaint as if fully set forth.

102.    Plaintiff was employed with Defendant County under written civil service rules which constituted an employment contract with Plaintiff.

103.    The rules relied on by Plaintiff included but were not limited to:

    1.    Written personnel policies regarding leaves of absence which provided that:

        a.    Plaintiff, seeking disability retirement, would be placed on disability leave, not compulsory sick leave.

        b.    Plaintiff, seeking disability retirement, would be permitted to obtain employment elsewhere in CCSF.

        c.    Plaintiff, as a disabled employee, would be provided with accommodation in his position or an equivalent position.

        d.    Plaintiff would not be terminated arbitrarily.

104.    Defendant County violated its Civil Service Rules by:

      a.  Placing Plaintiff on compulsory sick leave from his injury to his termination.

      b.  Precluding Plaintiff from obtaining employment elsewhere in CCSF.

      c.  Failing to provide Plaintiff with accommodation in his position or an equivalent position.

      d.  Terminating Plaintiff arbitrarily.

105.   As a direct, foreseeable, and proximate result of Defendant County's violation, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $500,000, the precise amount of which will be proven at trial

106.   WHEREFORE, Plaintiff demands judgment against Defendant County and Does One through Ten, and each of them, as set forth in this Complaint.

<div align="center">

**SIXTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against Defendant City and County of San Francisco and Does One through Ten)**

</div>

107.   Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 106 above.

108.   Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's opposing and reporting illegal activity, as described in preceding allegations.

109.   Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's exercise of free speech, as described in preceding allegations.

110.   Plaintiff further alleges that Defendant's termination of Plaintiff was in violation of the public policy as expressed in the 14th Amendment of the Constitution of the United States

1   and due process rights protected by California law.

2       111.  Plaintiff further alleges that Defendant County's termination of Plaintiff was in

3   violation of the public policy as expressed in laws and regulations regarding accommodation of

4   disabilities and retaliation for requesting such accommodation as expressed in Government Code

5   § 12940 et seq..

6       112.  Plaintiff further alleges that Defendant County's termination of Plaintiff was in

7   violation of City and County of San Francisco ordinances and regulations governing the

8   employment of individuals by CCSF and its Sheriff's Office.

9       113.  Plaintiff further alleges that Defendant County's termination of Plaintiff was in

10  violation of the Peace Officer's Procedural Bill of Rights.

11      114.  Plaintiff further alleges that Defendant County's termination of Plaintiff was in

12  violation of the public policy as expressed in laws and regulations prohibiting retaliation against

13  individuals who report violations of the law to governmental agencies, including, but not limited

14  to, California Labor Code § 1102.5, and in addition was a violation of said statute.

15      115.  As a direct, foreseeable, and proximate result of defendant's wrongful termination

16  of Plaintiff in violation of the public policy of the State of California, Plaintiff has lost and will

17  continue to lose income and benefits, and has suffered and continues to suffer humiliation,

18  embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage, in excess

19  of $500,000, the precise amount of which will be proven at trial.

20                      **SEVENTH CAUSE OF ACTION**

21                          **INJUNCTIVE RELIEF**

22  **(Against Defendant City and County of San Francisco and Does One through Ten)**

23      116.  Plaintiff incorporates by reference each of the allegations contained in paragraphs 1

24  through 115 above.

25      117.  Defendant County's wrongful conduct, unless and until enjoined and restrained by

26  order of this Court, will cause great and irreparable injury to Plaintiff and others in his situation

27  as Defendant will continue to violate applicants' rights to disability retirement benefits or

28  accommodation of disabilities in CCSF employment.

118.  Plaintiff has no adequate remedy at law for future injuries caused by Defendant County regarding his rights to disability retirement benefits or accommodation of disabilities in CCSF employment.

119.  As a proximate result of Defendant County's wrongful conduct, Plaintiff and others are damaged by violation of their rights to disability retirement benefits or accommodation of disabilities in CCSF employment.

120.  Plaintiff seeks an injunction against future wrongful conduct by Defendant County as described above and to rectify prior wrongful conduct for which monetary damages are not sufficient.

## PRAYER

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1.    For monetary damages against Defendants, and each of them, in an amount sufficient to compensate Plaintiff for his loss of income, loss of benefits, loss of use, for his emotional distress, and for the injury and damage that Defendants have caused to his reputation;

2.    For punitive damages against individual Defendants in an amount sufficient to deter them from engaging in similar misconduct toward other employees, and to make an example of them to others who may otherwise be inclined to engage in such wrongful conduct;

3.    For costs of suit incurred herein, including Plaintiff's reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that he has been forced to incur to prosecute this action under all applicable statutory or contractual bases;

4.    For injunctive relief, as the Court may deem proper.

5.    For such other, further relief as the Court may deem proper.

Dated: October 31, 2007

MOSLEY & GEARINGER LLP


By:_____
STEPHEN F. HENRY
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES                    17        CASE NO.

1     Plaintiff demands trial by jury in this action.

2

3    Dated: October 31, 2007

                       MOSLEY & GEARINGER LLP

4

5                        By: _____

6                        STEPHEN F. HENRY

7                        Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES             18    CASE NO.