1  ARTHUR A. HARTINGER (SBN 121521)
   ahartinger@meyersnave.com
2  JESSE J. LAD (SBN 229389)
   jlad@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
4  555 12th Street, Suite 1500
   Oakland, California 94607
5  Telephone: (510) 808-2000
6  Facsimile: (510) 444-1108

7  Attorneys for Defendants City and County
   of San Francisco
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 WILLIAM SETZLER,                          )  Case No. 07-CV-05792-EMC
                                             )
13              Plaintiff,                    )  **DEFENDANT'S NOTICE OF MOTION
                                             )  AND MOTION TO DISMISS; NOTICE OF
14      v.                                    )  MOTION AND MOTION TO STRIKE;
                                             )  MEMORANDUM OF POINTS AND
15 CITY AND COUNTY OF SAN                     )  AUTHORITIES**
   FRANCISCO, a municipal corporation and   )
16 DOES ONE through TEN, inclusive           )  **DATE:      TBD**
                                             )  **TIME:      TBD**
17              Defendants.                   )  **DEPT:      TBD**
                                             )
18 _____

19 TO:   PLAINTIFF AND HIS ATTORNEY OF RECORD:

20       PLEASE TAKE NOTICE that Defendant City and County of San Francisco

21 ("CCSF" or "the City") will and hereby does move the Court for dismissal of the

22 Complaint, and each claim therein, pursuant to Federal Rule of Civil Procedure

23 12(b)(6). In the alternative, the City moves to strike certain portions of the Complaint

24 pursuant to Federal Rule of Civil Procedure 12(f), and for a more definite statement

25 pursuant to Rule 12(e).

26       These motions will be re-noticed after this case is assigned to a United States

27 District Court Judge.

28

---

1    The City is requesting the Court to take judicial notice of various pleadings and

2  orders in prior cases involving plaintiff William Setzler ("Plaintiff" or "Setzler"). Setzler

3  has previously litigated in State Court various issues involved at the core of the

4  Complaint here, and those prior actions should be accorded *res judicata* effect in this

5  action.

6    Defendant's motion is made on the following grounds (as more fully set forth in

7  the following memorandum of points and authorities):

8    1.    The first cause of action (42 U.S.C. § 1983 – Free Speech) should be

9  dismissed because Plaintiff has failed to plead facts sufficient to state a claim and all

10  allegations regarding Plaintiff's alleged disability retirement process and purported

11  accommodations have already been litigated and are not appropriately at issue in this

12  lawsuit;

13    2.    The second cause of action (42 U.S.C. § 1983 – Procedural Due

14  Process) should be dismissed because Plaintiff has failed to plead facts sufficient to

15  state a claim, Plaintiff was a probationary employee, and all allegations regarding

16  Plaintiff's alleged disability retirement process and purported accommodations have

17  already been litigated and are not appropriately at issue in this lawsuit;

18    3.    The third cause of action (42 U.S.C. § 1983 – Substantive Due Process)

19  should be dismissed because Plaintiff has failed to plead facts sufficient to state a

20  claim, Plaintiff was a probationary employee, and all allegations regarding Plaintiff's

21  alleged disability retirement process and purported accommodations have already

22  been litigated and are not appropriately at issue in this lawsuit;

23    4.    The fourth cause of action (Failure to Accommodate, Failure to

24  Participate in the Interactive Process, Retaliation) should be dismissed because

25  Plaintiff has failed to plead facts sufficient to state a claim, Plaintiff was a probationary

26  employee, and all allegations regarding Plaintiff's alleged disability retirement process

27  and purported accommodations have already been litigated and are not appropriately

28  at issue in this lawsuit;

1    5.    The fifth cause of action (Breach of Implied Contract), which is a contract-

2  based claim, should be dismissed because in addition to this claim being re-litigated,

3  Setzler's employment was governed by statute, not by contract, and this claim is

4  facially meritless as a matter of law;

5    6.    The sixth cause of action (Wrongful Termination) should be dismissed

6  because Plaintiff has failed to plead facts sufficient to state a claim, Plaintiff was a

7  probationary employee, and all allegations regarding Plaintiff's alleged disability

8  retirement process and purported accommodations have already been litigated and are

9  not appropriately at issue in this lawsuit;

10    7.    The seventh cause of action (Injunctive Relief) should be dismissed

11  because Plaintiff has failed to plead facts sufficient to state a claim and all allegations

12  regarding Plaintiff's alleged disability retirement process and purported

13  accommodations have already been litigated and are not appropriately at issue in this

14  lawsuit.

15    8.    Immaterial and impertinent matters and unsupported claims in the

16  Complaint should be stricken to avoid prejudice, delay and/or confusion, if the motion to

17  dismiss is not granted in its entirety. The matters to be stricken are as follows:

18
19    ▪  ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28,
       29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45,
       46, 47, 48 and 49 under factual allegations section in their entirety.
20    ▪  The text "deliberately interfering with his claim for disability
       retirement or, in the alternative, his attempts to return to work,
21     accusing his of malingering, and ultimately" from ¶ 52.
22    ▪  The text "Plaintiff's denial of accommodation" from ¶ 54.
      ▪  ¶¶ 63, 68 and 69 under the second cause of action in their entirety.
23    ▪  The text "withheld, misappropriated, altered and falsified evidence
       necessary for Plaintiff to prosecute his claim for disability
24     retirement, interfered with his application for disability retirement,
       accused Plaintiff of malingering, denied his accommodation for his
25     disability and" from ¶ 65.
26    ▪  The text "including the maintenance of practices which allow
       Deputy City Attorneys to defeat meritorious claims for disability
27     claims through fraud and concealment, and which allow employees
       of the Sheriff's Office to prevent and employee from returning to
28     work on an accommodated basis if denied disability retirement and

deny disabled employees through violation of the Civil Service Rules" from ¶ 66.

- ¶¶ 80, 86 and 97 under the third cause of action in their entirety.
- The text "withheld, misappropriated, altered and falsified evidence necessary for Plaintiff to prosecute his claim for disability retirement, interfered with his application for disability retirement, accused Plaintiff of malingering, denied his accommodation for his disability and" from ¶ 82.
- The text "including the maintenance of practices which allow Deputy City Attorneys to defeat meritorious claims for disability claims through fraud and concealment, and which allow employees of the Sheriff's Office to prevent and employee from returning to work on an accommodated basis if denied disability retirement and deny disabled employees through violation of the Civil Service Rules" from ¶ 83.
- The second, third and seventh causes of action in their entirety and all issues in these causes of action that have already been adjudicated in Plaintiff's prior lawsuits against CCSF; and
- The fourth cause of action to the extent it brings claims alleging a failure to accommodate Plaintiff's disabilities or engage in the interactive process with him, and all issues in the fourth cause of action that have already been adjudicated in Plaintiff's prior lawsuits against CCSF.

9.    Alternatively, Plaintiff should be ordered to amend his Complaint to make a more definite statement. Given the prior actions, which directly impact his claims here, Plaintiff should at a minimum be required to specifically allege claims that are not barred by the prior actions.

Defendant's motion is based on this notice of motion and motion, the attached memorandum of points and authorities filed in support of this motion, the attached request for judicial notice, all other pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

Dated: January 28, 2008          MEYERS, NAVE, RIBACK, SILVER & WILSON

By_____/s/ Arthur A. Hartinger_____
                    Arthur A. Hartinger
                  Attorneys for Defendant

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          4          Contra Costa Superior Court
                                                                          Case No. C 07 00408

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.   Summary of the Argument........................................................................................ 1

II.  Summary of the Facts .............................................................................................. 1

A.   Employment History ............................................................................................ 1

B.   Litigation History Related to Disability Issues ..................................................... 2

C.   Plaintiff's Most Recent Superior Court Writ Petition ........................................... 3

D.   This Lawsuit ........................................................................................................ 4

III. Legal Argument ....................................................................................................... 5

A.   Claim Preclusion Bars All of Plaintiff's Claims ................................................... 6

B.   Plaintiff Has No Legal or Factual Support for His Fifth Cause of Action alleging
     that the CCSF Breached the Implied Covenant of Good Faith and Fair Dealing .. 8

C.   In the Alternative, Plaintiff's Allegations that are Barred by Res  Judicata Should
     be Stricken from the Complaint .......................................................................... 9

     1. All Allegations in the Complaint Related to CCSF's Wrongdoing With Respect
        to Plaintiff's Disability Retirement and Accommodation are Barred by Issue
        Preclusion (Collateral Estoppel). ................................................................ 10
     2. All Issues Related to Plaintiff's Alleged Property Interest in his Employment
        Should be Stricken and the Associated Claims Dismissed. ........................ 11
     3. CCSF Is Not Liable Under § 1983 for Violation of Plaintiff's Due Process
        Rights. ........................................................................................................ 13
     4. Setzler's Release From His Probationary Employment is Not Actionable
        Because it has Been Conclusively Established that Plaintiff was a Malingerer,
        Failed to Participate in the City's Accommodation Process, and was not
        Entitled to Return to Work. ......................................................................... 13

D.   Summary of Matters to be Stricken from the Complaint .................................... 14

E.   In the Alternative, Plaintiff Should be Required to Amend his Complaint to
     Articulate His Claims ......................................................................................... 15

IV.  IV. Conclusion ...................................................................................................... 16

---

# TABLE OF AUTHORITIES

**CASES**

*Allied Fire Protection v. Diede Const. Inc.,*
    127 Cal.App.4th 150 (2005)..................................................................8

*Bernhard v. Bank of America Nat. Trust & Savings Ass'n.,*
    19 Cal.2d 807 (1942)..........................................................................7

*Border Business Park v. City of San Diego,*
    142 Cal.App.4th 1538 (2006)..............................................................10

*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994)..................................................................5

*Costantini v. Trans World Airlines,*
    681 F.2d 1199 (9th Cir. 1982)..............................................................7

*Derish v. San Mateo – Burlingame Bd. of Realtors,*
    724 F.2d 1347 (9th Cir. 1983)..............................................................7

*Fantasy Inc. v. Fogerty,*
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds* .................9, 11

*Fogerty v. Fantasy, Inc.,*
    510 U.S. 517 (1994) ............................................................................9

*Gemtel Corp. v. Community Redevelopment Agency,*
    23 F.3d 1542 (9th Cir. 1994)................................................................5

*Gregory v. Widnall,*
    153 F.3d 1071 (9th Cir. 1998)..............................................................7

*Hamilton v. Asbestos Corp. Ltd.,*
    22 Cal.4th 1127 (2000)........................................................................8

*In re Delorean Motor Co.,*
    991 F.2d 1236 (6th Cir. 1993).............................................................13

*In re VeriFone Litigation,*
    11 F.3d 865 (9th Cir. 1993)..................................................................5

*Ivey v. Board of Regents,*
    673 F.2d 266 (9th Cir. 1982)...............................................................15

*Jensen v. Wells Fargo,*
    85 Cal.App.4th 285 (2000)..................................................................13

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          ii          Contra Costa Superior Court
Case No. C 07 00408

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) .................................................................. 6

*Lucido v. Superior Court,*
    51 Cal.3d 335 (1990) .......................................................................... 10

*Maldonado v. Harris,*
    370 F.3d 945 (9th Circuit 2004) ............................................................. 8

*Markman v. County of Los Angeles,*
    35 Cal.App.3d 132 (1973) ..................................................................... 9

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1992) ............................................................... 15

*Miller v. State of California,*
    18 Cal.3d 808 (1977) .......................................................................... 9

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) ........................................................................... 13

*Monterey Plaza Hotel Limited Partnership v. Local 483 of Hotel Employees,*
    215 F.3d 923 (9th Cir. 2000) ................................................................. 8

*Mpoyo v. Litton Electro-Optical Systems,*
    430 F.3d 985 (9th Cir. 2005) ................................................................. 7

*Neveu v. City of Fresno,*
    392 F.Supp.2d 1159 (E.D. Cal. 2005) .................................................... 13

*Owens v. Kaiser Foundation Health Plan, Inc.,*
    244 F.3d 708 (9th Cir. 2001) ................................................................. 7

*Portman v. County of Santa Clara,*
    995 F.2d 898 (9th Cir. 1993) ............................................................... 12

*Rael v. Taylor,*
    832 P.2d 1011 (Colo.App.1991) ............................................................. 7

*Roley v. Pierce County Fire Protection Dist.*
    *No. 4,* 869 F.2d 491 (9th Cir. 1989) ..................................................... 12

*Shaver v. F.W. Woolworth Co.,*
    840 F.2d 1361 (7th Circuit 1988) ........................................................... 7

*Sherman v. Yaki,*
    549 F.2d 1287 (9th Cir. 1977) ............................................................. 15

*Shoemaker v. Myers,*
   52 Cal.3d 1 (1990)..................................................................................................9

*Syverson v. International Business Machines Corp.,*
   472 F.3d 1072 (9th Cir. 2007)..............................................................................10

*Thompson v. City of Shasta Lake,*
   314 F.Supp.2d 1017 (E.D. Cal. 2004)....................................................................5

*Van Pool v. City and County of San Francisco,*
   752 F.Supp. 915 (N.D. Cal 1990).........................................................................10

**STATUTES**

42 U.S.C. Section 1983 .................................................................................Passim

Code of Civil Procedure Section1094.5 .......................................................2-4

Labor Code Section 4850 ..............................................................................2

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 12(b)(6) ...................................................5

Federal Rules of Civil Procedure 12(e)........................................................15

Federal Rule of Civil Procedure 12(f).........................................................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same     iv     Contra Costa Superior Court
Case No. C 07 00408

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Summary of the Argument

3    Plaintiff is a former probationary deputy sheriff for the City.  This lawsuit comes
4  to the Court on the heels of multiple prior lawsuits by Plaintiff against the City alleging
5  the same wrongful acts that Plaintiff is using as his basis for the instant lawsuit.
6  Despite receiving unfavorable rulings in all of his prior lawsuits, Plaintiff has filed this
7  lawsuit seeking yet another bite at the apple.

8    All of Plaintiff's claims and allegations in the Complaint that stem from the prior
9  actions are improper and should be dismissed or stricken from the Complaint.  This
10  includes, without limitation, all issues that have been adjudicated on their merits in
11  Plaintiff's prior lawsuits against the CCSF, all claims that arise from the same nucleus
12  of operative facts used as the basis for the prior lawsuits, and Plaintiff's breach of
13  contract claim which cannot be brought against a public employer.  Accordingly,
14  Defendant CCSF respectfully requests that its motion to dismiss is granted in its
15  entirety.

### II.    Summary of the Facts

### A.    Employment History

16
17

18    Plaintiff joined the San Francisco Sheriff's Department as a probationary deputy
19  sheriff in May 1989.  *See* Exhibit A to Request for Judicial Notice at p. 2:6-7.; *See Also*
20  Exhibits B and C to Request for Judicial Notice. )[1]  On January 2, 1990, seven months
21  into his probationary period, Plaintiff encountered a jail gate that would not open.
22  (Exhibit A to Request for Judicial Notice at p. 2:10-12.)  Plaintiff kicked the gate with his
23  left foot.  (*Id.*)  Later during his shift, Plaintiff reported that his foot hurt.  (*Id.* at p. 2:13.)

24    Claiming to have injured his foot so severely that he could not return to work as
25  a deputy sheriff, Plaintiff sought to retire with a full disability pension.  (*Id.* at p. 2:14-

26
27
28

[1] These matters were previously determined by the San Francisco Superior Court on April 25, 2006,
when it rendered its judgment denying plaintiff's writ of mandamus seeking reinstatement as a deputy
sheriff.  A copy of the Court's statement of decision, judgment, and notice of judgment are attached as
Exhibits A, B and C to the City's request for judicial notice.

1  16.)  Plaintiff remained employed by the City after January 2, 1990, staying on leave for
2  over 15 years.  (*Id.* at p. 2:20-21.)  He received full disability pay under Labor Code
3  section 4850 between January 1990 and January 1991, and maintained his full pay
4  through a combination of workers' compensation benefits, sick leave, vacation pay, and
5  vocational rehabilitation allowances until at least March 1996.  (*Id.* at p. 2:21-24.)  And
6  during Plaintiff's entire 15-year leave of absence, he continued to receive his employee
7  benefits, such as his City-paid health insurance benefits.  (*Id.* at p. 25-27.)

8        Although the City does not have permanent modified duty positions for deputy
9  sheriffs, the City repeatedly offered Plaintiff three ways to return to work:  (1) return to
10  full duty as a deputy sheriff if he was medically capable of performing the job's
11  essential functions; (2) return to full duty as a deputy sheriff with reasonable
12  accommodations that would allow him to perform the job's essential functions; or
13  (3) transfer to another position under the City's disability transfer program.  (*Id.* at p.
14  3:1-6.)  While consistently maintaining that he cannot return to full duty as a sheriff,
15  Plaintiff has also declined to participate in the City's accommodation process, under
16  which he could return to work with as a deputy sheriff with reasonable accommodations
17  or obtain a disability transfer to a new position.  (*Id.* at p. 3:8-12.)   The City also
18  provided Plaintiff with vocational rehabilitation to become a computer technician
19  through its workers' compensation system.  (*Id.* at p. 3:13-14.)  Plaintiff was released
20  from his probationary employment with the City on November 1, 2006.  (Complaint at ¶
21  50.)

22        **B.**    **Litigation History Related to Disability Issues**

23        In 1994, a state administrative law judge ("ALJ") conducted a hearing on
24  Plaintiff's disability retirement application.  The ALJ denied the application.  (*Id.* at p.
25  4:6-8.)  On July 11, 1996, Plaintiff filed his initial writ petition pursuant to California
26  Code of Civil Procedure section 1094.5.  (*Id.* at p. 4:23-25.)  Plaintiff's initial writ petition
27  asked the Superior Court to overturn the retirement board's denial of his disability
28  retirement application.  (*Id.*)  Following a three-day trial before California Superior Court

1  Judge William Cahill, the Court denied Plaintiff's initial writ petition. (*Id.* at p. 5:1-2.)

2  Plaintiff appealed the decision. (*Id.*) Before the appeal was heard, the parties found

3  that a videotape that a deputy city attorney lodged with the Court was not an accurate

4  copy of the videotape entered into evidence in the administrative hearing. (*Id.* at p. 5:3-

5  5.) The matter was remanded to the ALJ and retirement board to authenticate the

6  actual videotape and reconsider Plaintiff's disability retirement application. On remand,

7  the ALJ authenticated the videotape and the retirement board affirmed its denial of

8  plaintiff's application. (*Id.* at p. 5:5-8.)

9      The proceedings on the initial writ petition returned to the Superior Court, and

10  Judge Raymond Williamson again denied the writ. (*Id.* at p. 5:9-12.) In its decision on

11  August 25, 1998, the Court held that the evidence failed to establish that petitioner

12  made a good faith effort to return to work and that Plaintiff's claims about his alleged

13  disability were without merit. (*Id.* at p. 5:12-17.)

14      Plaintiff moved for a new trial. (*Id.* at p. 5:20.) The Honorable David Garcia of

15  the California Superior Court heard the new trial motion. (*Id.* at p. 5:22.) Judge Garcia

16  denied Plaintiff's motion and concluded that Plaintiff was a malingerer who had not

17  made a good faith effort to return to work. (*Id.* at p. 5:23-6:3.) Plaintiff next appealed

18  the denial of his writ. (*Id.* at p. 6:4-5.) In an unpublished decision on April 12, 2000, the

19  California Court of Appeal upheld the denial of Plaintiff's writ petition. In reaching this

20  decision, the Court of Appeal specifically affirmed the Superior Court's findings that

21  Plaintiff's claims about his alleged disability were not credible and that Plaintiff had not

22  made a good faith effort to return to work. (*Id.* at p. 6:7-10.) When the Court of Appeal

23  remitted its opinion to the Court on June 13, 2000, the judgment on the first writ petition

24  became final. (*Id.* at p. 6:10-11.)

25      **C.    Plaintiff's Most Recent Superior Court Writ Petition**

26      On July 19, 2000, the month after the judgment denying the first petition became

27  final, Plaintiff filed a second writ petition in San Francisco Superior Court. (*Id.* at p.

28  6:20-22.) In the second petition Plaintiff sought a writ of mandate that would order the

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          3          Contra Costa Superior Court
Case No. C 07 00408

1   City to return him to work as deputy sheriff with back pay and monetary relief dating
2   back to 1991. (*Id.* at p. 6:22-24.) On September 5, 2000, CCSF filed its response to
3   the second writ. (*Id.* at p. 6:25.) On June 3, 2005 — almost five years after the petition
4   was filed — Plaintiff filed a motion asking the Court to grant the second petition. (*Id.* at
5   p. 6:25-27.)

6         In his second writ petition Plaintiff contended that CCSF fraudulently concealed
7   evidence from him during the earlier writ action. (*Id.* at pg.17:3-11.) In response to this
8   contention, the Court held that the information allegedly concealed "would have been
9   discovered had [Plaintiff] diligently investigated his case in the earlier proceeding" and
10  that Plaintiff cannot avoid the preclusive effects of the earlier judgment on his disability
11  retirement application even if, as he contends, "the City had improperly or fraudulently
12  concealed this evidence in the earlier proceeding." (*Id.* at p. 17:5-11.) Moreover, the
13  Court noted that Plaintiff was a probationary employee that did not have a vested right
14  to continued employment with the City. (*Id.* at p. 18:19-21.) The Court also found that
15  Plaintiff deliberately chose not to engage in the disability accommodation process and
16  failed to make a good faith effort to return to work. (*Id.* at p. 20:4-12.) In fact, the Court
17  noted that Plaintiff treated the return to work process as a "cat and mouse game" by
18  randomly appearing at the Sheriff's Department while ducking the City's efforts to
19  return him to work. (*Id.* at p. 24:2-4.) On February 28, 2006, the Court denied
20  Plaintiff's second writ application. (*See* Statement of Decision, Attached as Exhibit A to
21  the Request for Judicial Notice.) Judgment was entered on April 25, 2006. (*See*
22  Exhibit B_ to the Request for Judicial Notice.) Because Plaintiff did not appeal the
23  judgment on the second writ, it has become final. California Rule of Court 8:104.

24        **D.    This Lawsuit**

25        Plaintiff has now filed the instant lawsuit seeking further legal recourse based on
26  the issues adjudicated in his prior lawsuits against CCSF. The following are Plaintiff's
27  seven causes of action plead against CCSF in the Complaint:

28        1)    Violation of Federal Civil Rights (42 U.S.C. Section 1983) – Free

---

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          4          Contra Costa Superior Court
Case No. C 07 00408

1      Speech;

2      2)    Violation of Federal Civil Rights (42 U.S.C. Section 1983) –

3            Procedural Due Process;

4      3)    Violation of Federal Civil Rights (42 U.S.C. Section 1983) –

5            Substantive Due Process;

6      4)    Failure to Accommodate, Failure to Participate in Interactive Process,

7            Retaliation;

8      5)    Breach of Implied Contract;

9      6)    Wrongful Termination in Violation of Public Policy; and

10     7)    Injunctive Relief.

11                    **III.    Legal Argument**

12     Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is

13     appropriate where a plaintiff cannot state a set of facts in support of the claim that

14     would entitle him or her to relief. *Gemtel Corp. v. Community Redevelopment Agency*,

15     23 F.3d 1542, 1546 (9th Cir. 1994). While all allegations in the complaint are to be

16     taken as true and considered in the light most favorable to the moving party, a court is

17     not required to accept legal conclusions cast in the form of factual allegations if those

18     conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult*

19     *Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "Conclusory allegations of

20     law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure

21     to state a claim." *In re VeriFone Litigation*, 11 F.3d 865, 868 (9th Cir. 1993). "[I]t is not

22     proper for the court to assume 'that [plaintiff] can prove facts which [he or she] has not

23     alleged or that the defendants has violated the . . . laws in ways that have not been

24     alleged.'" *Thompson v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1022 (E.D. Cal.

25     2004) quoting *Associated General Contractors of California, Inc. v. California State*

26     *Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).

27     In considering the motion, the Court may take into consideration matters subject

28     to judicial notice, and also documents or other matters referred to in the complaint

---

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          5          Contra Costa Superior Court
Case No. C 07 00408

1    where there is do dispute about the authenticity. *Lee v. City of Los Angeles*, 250 F.3d
2    668, 688 (9th Cir. 2001).

3    **A.     Claim Preclusion Bars All of Plaintiff's Claims**

4    Plaintiff's seven causes of action in this lawsuit are based on his allegation that
5    CCSF (1) withheld and concealed information during his application process for a
6    disability retirement; (2) failed to engage in the interactive process and accommodate
7    his alleged disability; and (3) wrongfully denied him the opportunity to work as a deputy
8    sheriff.  (Complaint at ¶¶ 12, 20, 23, 34, 54, 65, 82, 83, 95, 96, 111 and 117.)
9    However, as further described above, Plaintiff and CCSF have extensively litigated
10   Plaintiff's disability issues and entitlement to work as a deputy sheriff at CCSF. (*See*
11   Exhibit A_ to the Request for Judicial Notice at pp. 1:7-19, 3:8-12, 5:12-6:10, 17:5-11,
12   19:16-21, 20:4-12 and 23:19-24:1.).  In fact, in Plaintiff's most recent writ action, the
13   Court held that Plaintiff was not entitled to be reinstated as a deputy sheriff, that he
14   failed to make a good faith effort to return to work, that he declined to participate in the
15   disability accommodation process, that his claims about his alleged disability were not
16   credible and that he has made false claims about his foot injury.  (*Id.*)  The Court also
17   held that the information which Plaintiff alleges that CCSF concealed during his
18   disability retirement process "would have been discovered had [Plaintiff] diligently
19   investigated his case in the earlier proceeding" and that Plaintiff cannot avoid the
20   preclusive effects of the earlier judgment on his disability retirement application even if,
21   as he contends, "the City had improperly or fraudulently concealed this evidence in the
22   earlier proceeding." (*Id.* at p. 17:5-11.)  Despite this ruling, Plaintiff has filed the instant
23   lawsuit based on the same allegations in his prior lawsuits.  Because Plaintiff's claims
24   in this lawsuit arise from the same nucleus of operative facts as his prior lawsuits
25   against CCSF, he is foreclosed from re-asserting these claims against CCSF.

26   Claim preclusion bars the relitigation of an entire claim when: (1) the claim is
27   identical to the one presented in the prior proceedings; (2) the prior proceeding resulted
28   in final judgment on the merits; and (3) preclusion is being asserted against a party in

1   the prior proceeding. *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th

2   Cir. 2005);  *Bernhard v. Bank of America Nat. Trust & Savings Ass'n.*, 19 Cal.2d 807,

3   813 (1942).

4          Federal Courts utilize a transition analysis; *i.e.*, two suits constitute a single

5   cause of action if they both arise from the same "transactional nucleus of facts" (*see*

6   *Derish v. San Mateo – Burlingame Bd. of Realtors*, 724 F.2d 1347 at 1349 (9th Cir.

7   1983)) or a single "core of operative facts" (*see Shaver v. F.W. Woolworth Co.*, 840

8   F.2d 1361 at 1365 (7th Circuit 1988)).  The Ninth Circuit recently found in *Owens v.*

9   *Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 at 713 (9th Cir. 2001) that "res

10  judicata, also known as claims preclusion, . . . is applicable whenever there is (1) an

11  identity of claims, (2) a final judgment on the merits, and (3) identity or privity between

12  the parties." (Internal citations omitted.)  The central criterion in determining whether

13  there is an identity of claims between the first and second adjudications is whether the

14  two suits arise out of the same transactional nucleus of facts.

15         In *Owens*, the plaintiff filed a claim for wrongful termination which was

16  dismissed.  He then filed a second action that alleged Title VII claims of discriminatory

17  termination, hostile work environment and wrongful retaliation, which he contended

18  were "distinctly different" and "not the subject of the prior action."  The Court held that

19  the allegations of both complaints arose from the same transactional nucleus of facts

20  and were all grounds for recovery which could have been asserted in a prior suit

21  between the same parties, and the new claims were barred by claims preclusion.

22         The doctrine of claims preclusion bars all grounds for recovery which could have

23  been asserted, whether they were or not, in a prior suit between the same parties and

24  the same causes of action.  *Costantini v. Trans World Airlines*, 681 F.2d 1199 at 1201

25  (9th Cir. 1982).  Further, claim preclusion is an absolute bar "not only as to matters

26  actually litigated but also to every matter which might have been litigated in the prior

27  action."  *Rael v. Taylor*, 832 P.2d 1011 at 1013 (Colo.App.1991); *Gregory v. Widnall*,

28  153 F.3d 1071 at 1074 (9th Cir. 1998) (res judicata barred second action wherein

1    Plaintiff claimed he was subject to a hostile work environment based on the same facts

2    pled in an earlier dismissed action for discrimination on the basis of race, sex and

3    retaliation for making complaints).  Res judicata "operates to bar any claims that could

4    have been raised, not just those that actually were made."  *Monterey Plaza Hotel*

5    *Limited Partnership v. Local 483 of Hotel Employees*, 215 F.3d 923 at 928 (9th Cir.

6    2000).

7           It is also worth noting that California law is in accord with this analysis.

8    Specifically, California law requires that "all claims based on the same cause of action

9    must be decided in a single suit." *Allied Fire Protection v. Diede Const. Inc.*, 127

10   Cal.App.4th 150 at 154 (2005).  Further, two claims are based on the same cause of

11   action if both seek to vindicate the same "primary right." *Maldonado v. Harris*, 370 F.3d

12   945 at 952 (9th Circuit 2004).  A cause of action is comprised of a primary right of a

13   plaintiff, a corresponding primary duty of a defendant and a wrongful action by the

14   defendant constituting a breach of that duty.  As far as the content is concerned, the

15   primary right is simply the Plaintiff's right to be free from the particular injury suffered.

16   *Id.*  A plaintiff cannot "split" a cause of action into successive suits in an effort to

17   attempt double recovery.  *Hamilton v. Asbestos Corp. Ltd.*, 22 Cal.4th 1127 at 1145

18   (2000).

19          Plaintiff has already brought claims in his prior litigation asserting that CCSF

20   failed to accommodate his alleged disability, failed to grant him a disability retirement

21   and failed to reinstate him as a deputy sheriff.  Plaintiff now seeks a second bite at the

22   apple by asserting that CCSF unlawfully failed to accommodate his alleged disability

23   and allow him to work as a deputy sheriff.  Because these claims seek to enforce

24   primary rights that were already conclusively litigated in Plaintiff's prior lawsuits against

25   CCSF, they should be dismissed and stricken from the instant lawsuit.

26        **B.    Plaintiff Has No Legal or Factual Support for His Fifth Cause of
               Action alleging that the CCSF Breached the Implied Covenant of
27             Good Faith and Fair Dealing**

28        Plaintiff's fifth cause of action alleges that CCSF breached an implied

---

1   employment contract that allegedly existed in CCSF's civil service rules. (Complaint at

2   ¶¶ 102-105.) In California, the terms and conditions of public employment are

3   generally determined by statute, not by contract. *Miller v. State of California*, 18 Cal.3d

4   808, 813-814, (1977). "One who accepts such [public] employment, thereby benefiting

5   in ways denied an employee of a private employer, must in turn relinquish certain rights

6   which are enjoyed by private employees." *Markman v. County of Los Angeles*, 35

7   Cal.App.3d 132, 134-135 (1973), *citing City of San Diego v. American Federation of*

8   *State etc. Employees*, 8 Cal.App.3d 308, 312-313 (1970). Thus, any remedy for a

9   violation of the terms and conditions of public employment "is confined to those

10  remedies provided by statute or ordinance." *Id.*; *Shoemaker v. Myers*, 52 Cal.3d 1, 23-

11  24 (1990) (indicating that implied covenant of good faith causes action cannot be

12  brought based on alleged public employment contracts). Because Plaintiff was a public

13  employee when he was employed by CCSF, he is foreclosed from bringing a breach of

14  contract claim based on his former employment with CCSF. (Complaint at ¶ 2.)

15  Accordingly, Plaintiff's fifth cause of action should be dismissed without leave to

16  amend.

17          **C.      In the Alternative, Plaintiff's Allegations that are Barred by Res**
                      **Judicata Should be Stricken from the Complaint**
18

19          Before responding to a pleading, a party may move to strike from a pleading any

20  "redundant, immaterial, impertinent or scandalous matter," including single words or

21  phrases. Fed. R. Civ. Pro. 12(f); *See Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527

22  (9th Cir. 1993), *rev'd on other grounds* in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-

23  535 (1994). Allegations that have already been adjudicated in a different forum may be

24  stricken from a pleading pursuant to Rule 12(f). *Fantasy Inc., supra*, 984 F.2d at 1527.

25  In this case, Plaintiff's Complaint is riddled with immaterial and impertinent allegations

26  that have already been adjudicated in multiple prior lawsuits involving the same parties.

27  Accordingly, this Court should strike the issues and claims from the Complaint that

28

1 have already been judicially determined during the extensive litigation history between
2 the parties.

### 1.    All Allegations in the Complaint Related to CCSF's Wrongdoing With Respect to Plaintiff's Disability Retirement and Accommodation are Barred by Issue Preclusion (Collateral Estoppel).

The doctrine of issue preclusion bars Plaintiff from relitigating issues that were already determined in prior court actions.  Issue preclusion applies when: (1) the issue is identical to the one decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the prior decision is final and on the merits; and (5) preclusion is sought against the person who was a party in the prior proceeding.  *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 921 (N.D. Cal 1990) ; *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990); *Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1079 (9th Cir. 2007).

In Plaintiff's prior litigation against the City, the following issues—which are raised in the instant litigation as supporting plaintiff's claims against CCSF—were adjudicated on their merits:  (1) the alleged concealment of evidence supportive of Plaintiff's disability retirement application; (2) the alleged failure to accommodate his disabilities; (3) whether Plaintiff was eligible for a disability retirement; (4) whether Plaintiff made a good faith effort to return to work; (5) whether Plaintiff failed to participate in the accommodation process; (6) whether plaintiff is a malinger; and (7) whether plaintiff was entitled to be reinstated.  (*See* Exhibit A to the Request for Judicial Notice at pp. 3:8-12, 5:12-6:10, 17:5-11 and 20:4-12.)  Because Plaintiff has already had his day in Court with respect to these issues, he cannot use them as a basis for his claims in the instant lawsuit.  *Border Business Park v. City of San Diego*, 142 Cal.App.4th 1538, 1564-1566 (2006).  Accordingly, all such allegations should be stricken from the Complaint and the claims that rely on these allegations dismissed.

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          10          Contra Costa Superior Court
Case No. C 07 00408

1 │ prior to trial. Immaterial matter is that which has no essential or important relationship

2 │ to the claim for relief or defenses being pleaded. Impertinent matter consists of

3 │ statements that do no pertain, and are not necessary, to the issues in question.

4 │ Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy,*

5 │ *supra.*, 984 F.3d at 1527. Allegations that consist of stale and barred charges that

6 │ have already been extensively litigated are subject to a motion to strike because they

7 │ create a serious risk of prejudice, delay and confusion of the issues. *Id.* at 1528.

8 │       Plaintiff's substantive allegations in the Complaint involve issues that have been

9 │ rehashed from Plaintiff's multiple prior legal actions against CCSF. All of these

10 │ allegations must be stricken from the Complaint because they create a serious risk of

11 │ prejudice, delay and confusion of the issues. Moreover, CCSF has expended

12 │ significant resources litigating these issues in prior lawsuits, and should not be required

13 │ to expend further resources in discovery addressing issues that have already been

14 │ judicially determined.

15 │         **2.**    **All Issues Related to Plaintiff's Alleged Property Interest in his**
16 │                **Employment Should be Stricken and the Associated Claims Dismissed.**

17 │       Plaintiff's second and third causes of action, which allege a denial of procedural

18 │ and substantive due process pursuant to 42 U.S.C. § 1983, are premised on Plaintiff

19 │ having a property interest in his employment. (*See* Complaint at ¶¶ 62 and 79.) During

20 │ Plaintiff's recent writ action the Court determined that he was a probationary employee.

21 │ (*See* Exhibit A to the Request for Judicial Notice at p. 18:19-21.) CCSF's civil service

22 │ rules do not provide probationary employees with a property interest in their

23 │ employment. (*See* Exhibit E to the Request for Judicial Notice at Section 117.9.1(1).)

24 │ ("An employee may be released by the appointing officer at any time during the

25 │ probationary period upon written notice to the employee and the Human Resources

26 │ Director.") Furthermore, the MOU that governed Plaintiff's employment with CCSF

27 │ indicated that only non-probationary employees were entitled to due process rights.

28 │ (*See* Exhibit D to the Request for Judicial Notice at appendices A-1 and A-3) ("No

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same     11     Contra Costa Superior Court
Case No. C 07 00408

1   permanent, non-probationary employee shall be disciplined, or subject to punitive
2   action except for just cause . . . ." **Note:** None of these procedures applies to
3   terminations of probationary or provisional employees.) Accordingly, all allegations in
4   the Complaint alleging that Plaintiff had a property interest in his employment with
5   CCSF must be stricken.

6       Because Plaintiff did not have a property interest in his employment with CCSF,
7   Plaintiff's second and third causes of action alleging due process violations pursuant to
8   42 U.S.C. § 1983 are without merit. The Ninth Circuit Court of Appeals has held that "at
9   a minimum" the elements of a § 1983 claim based on a violation of due process are:
10  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the
11  interest by the government; and (3) lack of process." *Portman v. County of Santa Clara*,
12  995 F.2d 898, 904 (9th Cir. 1993). Here, Plaintiff has failed to allege facts which would
13  establish that he had a property or liberty interest in his job, and the alleged facts (and
14  those that can be judicially noticed) establish that he did not have a property or liberty
15  interest in his job. (*See* Exhibit A to the Request for Judicial Notice at p. 18:19-21,
16  holding that Plaintiff's employment with CCSF was probationary). Therefore Plaintiff is
17  unable to establish a *prima facie* case of violation of due process.

18      Plaintiff also cannot establish that his "liberty interest" was infringed by
19  Defendant CCSF. A public agency's accusations against an employee do not implicate
20  a constitutional liberty interest unless they seriously damage his community standing
21  and associations or foreclose his freedom to pursue other employment. *Roley v.*
22  *Pierce County Fire Protection Dist. No. 4*, 869 F.2d 491, 495 (9th Cir. 1989). However,
23  Plaintiff states he was terminated on the "basis that he had failed to complete
24  probation." (Complaint at ¶ 50.) Such an allegation does not seriously damage
25  Plaintiff's community standing and associations or foreclose his freedom to pursue
26  other employment. Accordingly, Plaintiff's second and third causes of action should be
27  dismissed without leave to amend.

28

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same          12          Contra Costa Superior Court
Case No. C 07 00408

1

### 3. CCSF Is Not Liable Under § 1983 for Violation of Plaintiff's Due Process Rights.

Local governments can only be sued under § 1983 where the claims arise out of unconstitutional actions by their employees who implement or execute a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers . . . ." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-1 (1978). In other words, a municipality cannot be held liable for an employee's actions outside the scope of implementation of the policies or customs on a *respondeat superior* theory. *Id.*

Here, Plaintiff has not identified any specific official CCSF policy, custom or practice which resulted in a violation of his constitutional due process rights. Rather, Plaintiff has alleged in a conclusory manner that he had a property interest in his employment and that CCSF's actions in removing this interest were taken according to official policy, custom or practice. *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (holding that the court need not accept as true for purposes of a 12(b)(6) motion unreasonable inferences or unwarranted deductions of fact). Therefore, Plaintiff does not state a claim against CCSF under § 1983. *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1178-79 (E.D. Cal. 2005).

### 4. Setzler's Release From His Probationary Employment is Not Actionable Because it has Been Conclusively Established that Plaintiff was a Malingerer, Failed to Participate in the City's Accommodation Process, and was not Entitled to Return to Work

As thoroughly described above, it has been conclusively established that Plaintiff was a malingerer, that he failed and refused to participate in the City's accommodation process, and that he is not entitled to be returned to work as a deputy sheriff. An employer can not be held liable for separating an employee where, as here, the employee has declined to participate in the reasonable accommodation process. *See, e.g., Jensen v. Wells Fargo*, 85 Cal.App.4th 285, 263 (2000). Because Plaintiff had no reinstatement rights and refused to participate in the City's accommodation process, he is foreclosed from bringing any legal action based on his release from his probationary

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same    13    Contra Costa Superior Court
Case No. C 07 00408

1  employment with the City.

2  **D.    Summary of Matters to be Stricken from the Complaint**

3
4
5        ▪   ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28,
            29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45,
6           46, 47, 48 and 49 under factual allegations section in their entirety.
7        ▪   The text "deliberately interfering with his claim for disability
8           retirement or, in the alternative, his attempts to return to work,
9           accusing his of malingering, and ultimately" from ¶ 52.

10       ▪   The text "Plaintiff's denial of accommodation" from ¶ 54.

11       ▪   ¶¶ 63, 68 and 69 under the second cause of action in their entirety.

12       ▪   The text "withheld, misappropriated, altered and falsified evidence
            necessary for Plaintiff to prosecute his claim for disability
13          retirement, interfered with his application for disability retirement,
14          accused Plaintiff of malingering, denied his accommodation for his
15          disability and" from ¶ 65.

16       ▪   The text "including the maintenance of practices which allow
17          Deputy City Attorneys to defeat meritorious claims for disability
18          claims through fraud and concealment, and which allow employees
19          of the Sheriff's Office to prevent and employee from returning to
20          work on an accommodated basis if denied disability retirement and
21          deny disabled employees through violation of the Civil Service
22          Rules" from ¶ 66.

23       ▪   ¶¶ 80, 86 and 97 under the third cause of action in their entirety.

24       ▪   The text "withheld, misappropriated, altered and falsified evidence
25          necessary for Plaintiff to prosecute his claim for disability
26          retirement, interfered with his application for disability retirement,
27          accused Plaintiff of malingering, denied his accommodation for his
28          disability and" from ¶ 82.

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same                    14                    Contra Costa Superior Court
                                                                                              Case No. C 07 00408

1
2
3
4
5
6
7

- The text "including the maintenance of practices which allow Deputy City Attorneys to defeat meritorious claims for disability claims through fraud and concealment, and which allow employees of the Sheriff's Office to prevent and employee from returning to work on an accommodated basis if denied disability retirement and deny disabled employees through violation of the Civil Service Rules" from ¶ 83.

8
9
10

- The second, third and seventh causes of action in their entirety and all issues in these causes of action that have already been adjudicated in Plaintiff's prior lawsuits against CCSF; and

11
12
13
14
15

- The fourth cause of action to the extent it brings claims alleging a failure to accommodate Plaintiff's disabilities or engage in the interactive process with him, and all issues in the fourth cause of action that have already been adjudicated in Plaintiff's prior lawsuits against CCSF.

16
17

### E.    In the Alternative, Plaintiff Should be Required to Amend his Complaint to Articulate His Claims

18    Plaintiff's motion should be dismissed in its entirety.  Alternatively, and at a
19    minimum, should grant the City motion for a more definite statement.  The fair notice
20    pleading standard for civil complaints calls for inclusion of clear, factual allegations in
21    support of each cause of action. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir.
22    1982); *Sherman v. Yaki*, 549 F.2d 1287, 1290 (9th Cir. 1977).  Under Rule 12(e), "if a
23    pleading to which a responsive pleading is permitted is so vague or ambiguous that a
24    party cannot reasonably be required to frame a responsive pleading, the party may
25    move for a more definite statement before interposing a responsive pleading."  Fed R.
26    Civ. P. 12(e).  At bare minimum a complaint must set forth the theory of the case "with
27    enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.
28    1992).

---

Motion to Dismiss, Motion to Strike and
Memorandum of Point & Authorities Regarding the Same        15        Contra Costa Superior Court
Case No. C 07 00408

1     As further described above, Plaintiff's Complaint in this lawsuit relies extensively

2   on claims and issues that have already been adjudicated between the parties.  This

3   creates an inherent uncertainty in that it does not appear any legitimate claims exist

4   that have not already been adjudicated in Setzler's prior lawsuits.   Accordingly, at a

5   minimum, Plaintiff should be required to file an amended pleading that clearly identifies

6   any new allegations from those issues which have already been the subject of prior and

7   binding litigation outcomes.

8                                   IV.    IV. Conclusion

9     For the reasons set forth above, the City respectfully requests that its motion to

10  dismiss be granted in its entirety.  Alternatively, if the motion to dismiss is not granted in

11  its entirety, Defendant requests that its motion to strike is granted and that this Court

12  issue an order precluding Plaintiff from relitigating claims and issues that have already

13  been determined during the extensive litigation history between the parties.  Finally,

14  and as another alternative motion, Defendant requests that Plaintiff be required to

15  amend his Complaint to provide more certainty regarding the allegations that are issue

16  in this lawsuit if Defendant's motion to dismiss is not granted.

17  DATED:  January 28, 2008          MEYERS, NAVE, RIBACK, SILVER & WILSON

18

19                                        By:  /s/ Arthur A. Hartinger
20                                             Arthur A. Hartinger
                                               Attorneys for Defendant
21

22

23

24

25

26

27

28

---