**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES ONE through TEN, inclusive<br><br>                    Defendant. | **CASE NO: 07-CV-05792-SI**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>**Date: April 7, 2008**<br>**Time: 9:00 a.m.**<br>**The Honorable Susan Illston** |

Defendant City and County of San Francisco ("Defendant City") argues in its Motion to Dimiss/Strike that the decision issued by Judge James L. Warren denying a Writ of Mandate sought by Plaintiff William Setzler precludes Setzler's entire complaint. Defendant's position is wrong. Judge Warren's decision of March 1, 2006 did not address the issues raised in Setzler's complaint and certainly did not provide the Defendant City with a "free pass" to continue to violate Setzler's constitutional and statutory rights ***after*** the decision was issued. Yet, that is what the City, and its Sheriff's Office, did. Having continued to violate Setzler's rights, the City now seeks to insulate itself with the blanket of Judge Warren's decision, not conceding that illegal and unconstitutional acts are alleged to have occurred after the issuance of the decision.

1    This Court, recognizing that unlitigated issues remain in contention, should push the City

2    back out into the cold where it must defend its egregious and reprehensible treatment of a man

3    stripped of any means to obtain the benefits he was owed <u>or</u> employment to earn a paycheck.

4    **I.    FACTUAL BACKGROUND**

5    It is axiomatic that a Motion to Dismiss must be based entirely on facts contained within

6    the four corners of the complaint or judicially noticeable and that all questions regarding those

7    facts must be construed in favor of the plaintiff.

8    This Court must "accept all factual allegations of the complaint as true and draw all
     reasonable inferences in favor of the nonmoving party." Id. …. "Conclusory allegations
9    of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
     failure to state a claim." Id. …. "A dismissal for failure to state a claim is proper only if it
10   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
     which would entitle him to relief." (citation omitted by counsel)
11
12   *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 923.    Nevertheless, in

13   its Motion to Dismiss, Defendant interprets factual allegations to its benefit and omits discussion

14   of factual allegations which preclude dismissal.   For these reasons alone, Defendant's Motion to

15   Dismiss/Strike should be denied.   Nevertheless, Plaintiff will file a First Amended Complaint,

16   pursuant to Federal Rule of Procedure Section 41(a), to clarify his allegations.   To the extent that

17   the Court finds any merit to Defendant's arguments, and finds that those arguments are properly

18   based on allegations within the amended complaint, Plaintiff should be allowed to further amend

19   his complaint.

20   Plaintiff William Setzler suffered an occupational injury to his foot on January 2, 1990.

21   This injury left him with a continuing disability which was diagnosed by the City of San

22   Frrancisco's doctor, Richard Coughlin, as Morton's neuroma.   Dr. Coughlin declared Setzler

23   permanent and stationary and unable to return to his normal duties on January 6, 1992.   Setzler

24   applied for a PERS industrial disability retirement ("IDR") and was denied.   On subsequent

25   occasions, while continuing to seek his disability retirement, Setzler also sought accommodation

26   from the Sheriff's Office and a return to work on a modified, light duty basis and was refused.

27   Faced with this deliberate Catch-22 created by the City, Setzler continued his long legal battle to

28   obtain his disability retirement benefits.

1    Setzler's legal battle was stymied by substantial interference with his procedural rights

2    including, most significantly, admitted concealment of critical medical records and

3    misrepresentation of the facts of Setzler's medical condition by Deputy City Attorneys, most

4    notably David Benjamin.  Mr. Benjamin, who was admonished by the California Bar Association

5    for his actions, appears to have been rewarded with an assignment as an Administrative Law

6    Judge.

7    Setzler's many attempts to obtain other employment were also stymied by

8    misrepresentations by Deputy City Attorneys and the Sheriff's Office.  Setzler's goal of

9    obtaining alternative employment within the City were blocked by the Sheriff's Office's

10   improperly and secretly designating his leave as "sick leave" rather than disability leave, thereby

11   preventing Setzler from obtaining a transfer.  Setzler's ability to obtain outside employment was

12   defeated by the disability retirement rules precluding him from seeking outside employment

13   while his case dragged on.  Setzler's attempts to return to the Sheriff's office were also rebuffed

14   with the false claim that the Sheriff's Office does not provide light duty work to accommodate

15   disabilities.

16   Ultimately, after Setzler sought a Writ of Mandate compelling the City to approve his

17   request for disability retirement and the City received a decision Denying Motion To Grant Writ

18   petition from Judge James Warren on March 1, 2006, the Sheriff's Office terminated Setzler,

19   eight months later, on November 1, 2006, on the alleged basis that he had failed to complete

20   probation.  The termination letter also cryptically referred to the decision by Judge Warren.

21   However, between March 1, 2006, the date of the decision, and November 1, 2006, the date of

22   Setzler's termination, Setzler continued to both seek IDR benefits, in which he claims a property

23   interest, and to seek accommodated placement in the Sheriff's Office.  Specifically, the

24   following occurred **after** the allegedly preclusive decision by Judge Warren but while Setzler

25   remained an employee of Defendant:

26        1)        Setzler appeared on a cable television program entitled "Californians Injured

27                  At Work" and discussed his ongoing battle with the Retirement Board and the

28                  concealment of medical evidence by former deputy City Attorney David

Benjamin and the City Attorney's office.  The retaliatory acts after this appearance were not (and, temporally, could not have been) adjudicated by Judge Warren.

2) Setzler reported for duty to the Sheriff's Office on June 16, 2006, after the date of Judge Warren's decision.  In his initial letter to Sheriff Hennesey, Setzler informed the Sheriff of his appearance on "Californians Injured At Work."  Despite several attempts by Setzler and his attorney to engage the Sheriff's Office regarding a return to work, the Sheriff's Office refused to respond, refused to meet with Setzler, failed to reassign him to a position, and failed to accommodate him.  The Sheriff's Office's only response was to terminate Setzler on November 1, 2006.  These failures to employ, failure to accommodate and the termination were not (and, temporally, could not have been) adjudicated by Judge Warren.

3) The Sheriff's Office continued to carry Setzler on sick leave thereby precluding him from obtaining any other employment outside the Sheriff's Office.  This retaliatory action, which deprived Setzler of employment of any kind, was never adjudicated by Judge Warren.

4) The Sheriff's Office terminated Setzler on November 1, 2006 for the reason that he "failed to complete probation."  Setzler had failed to "complete probation" roughly 15 years earlier thereby raising the strong inference that this stated reason was pretext for termination for another reason: retaliation for Setzler's outspoken criticism of the City's IDR process and practices, retaliation for Setzler's complaints about the Sheriff's Office's refusal to accommodate him, or simply to get rid of Setzler rather than accommodate his disability.  These issues pertaining to the real reason for Setzler's termination were never adjudicated by Judge Warren.

1    **II.    ARGUMENT**

2         **A.    Plaintiff's Claims Are Not Precluded By Collateral Estoppel or Res Judicata**

3         How does Defendant now argue that all of the issues described above are covered under

4    the blanket of Judge Warren's ruling?  It can't and it shouldn't.  For example, the City argues in

5    its Brief that "[t]he doctrine of claim preclusion bars all grounds for recovery which could have

6    been asserted, whether they were or not, in a prior suit between the same parties and the same

7    causes of action." Defendant's Motion to Dismiss, page 7.  How was Setzler supposed to litigate

8    a termination that had not yet occurred?  How was Setzler supposed to challenge a refusal to

9    accommodate his disability that had not yet occurred?  How was Setzler supposed to litigate

10   issues of violation of his rights to free speech that had not yet occurred?  How was Setzler

11   supposed to litigate continuing violations of his due process and Civil Service rights that had not

12   yet occurred?  He could not, did not, and should not be precluded from doing so now.

13        In *Title Guarantee & Trust Co. v. Monson* (1938) 11 Cal.2d 621, the California Supreme

14   Court held that preclusion did not apply to issues that a) "were not germane to nor essentially

15   connected with the actual issues that were raised in the former action, even though, with

16   propriety such issues might have been raised therein" or b) that, "although growing out of the

17   same subject matter, but which constitute separate or distinct causes of action, and which were

18   not put in issue in the former action."  Id. at 631.  See also, *Owens v. Kaiser Foundation halth*

19   *Plan, Inc.* (9th Cir. 2001) 244 F.3d 708, 713, cited by Defendant, in which the central criterion

20   for determining whether there is an identity of claims between the first and second actions is

21   whether the two actions arise out of the same transactional nucleus of facts.  The post-Warren

22   claims cannot have arisen out of the same transactional nucleus of facts since the transactions

23   had not occurred yet.

24        In addition, Judge Warren's decision did not absolve Defendant City of every prior

25   wrong that it had committed against Setzler, if that wrong was not discussed in the opinion and

26   could not have been litigated in the action seeking a Writ of Mandate.  Judge Warren's decision

27   did not address any of the following issues:

28        1)  Setzler's wrongful termination or the reasons therefore (since it had not yet occurred).

**07-CV-05792-SI**                          5

2)  Any issue of retaliation for exercise of freedom of speech (since it had not yet occurred).

3)  Any issue of denial of procedural due process protected under the Constitution (since Judge Warren specifically addressed Setzler's petition to be returned to work pursuant to state statute).

4)  Any issue of retaliation for seeking accommodation of a disability or speaking out about failure to provide such accommodation after Judge Warren signed the decision.

5)  Any issue pertinent to the claim that the City prevented Setzler from working elsewhere by placing him on sick leave (since this was not discussed in any portion of Judge Warren's decision).

As the *Monson* Court held, the claim preclusion does not apply to separate and distinct causes of action, which were not put at issue in the prior litigation.  Id.

In fact the evidence cited by Defendant at page 10 of its Brief in support of its argument that all relevant issues have been decided does not, in fact, provide that support.  There is no statement in Judge Warren's decision to the effect that the City *did not* conceal evidence supportive of Setzler's claim for IDR but, rather, that Setzler had not shown evidence of such concealment for purposes of his arguments pertaining to the Writ of Mandate.  In that context, Judge Warren made no finding that the City had not in fact violated Setzler's constitutional right of due process.

Further, there are no statements in Judge Warren's decision which preclude Setzler from pursuing a new effort to become <u>gainfully</u> employed with the Sheriff's Office or some other City entity.  While Judge Warren (through the City's pen) had harsh words for Setzler's prior approach to interaction with the City, he also listed the options available to Setzler:

> First, Setzler could have returned to full duty as a deputy sheriff if he was medically capable of performing the job's essential functions.  Second, Setzler could have returned to full duty as a deputy sheriff with reasonable accommodations that would have allowed hm t perform the job's essential functions.  Third, Setzler could have transferred to another City job under the City's disability transfer program.

Exhibit A to Defendant's Request for Judicial Notice, page 19, lines 17-21

**07-CV-05792-SI**                              6            Opposition to Motion to Dismiss and/or Strike

Having been chastised by Judge Warren, Setzler followed those directives starting in June of 2006 and was rebuffed by the Sheriff's Office. The issue of whether the Sheriff's Office violated its obligations to accommodate or transfer Setzler after he made these attempts has not been adjudicated.

**B.    Each Cause of Action Remaining After Plaintiff's Amendment Involves Specific Acts And Claims Not Barred By Res Judicata or Collateral Estoppel**

Each cause of action brought by Setzler contains the requisite allegations to defeat a defense of res judicata and collateral estoppel <u>and</u> contains specific allegations sufficient for Defendant to conduct discovery.

### 1.    Section 1983 Claim re Freedom of Speech

In this claim, Setzler alleges that he was retaliated against and terminated for speaking publicly about his mistreatment by Defendant City and its Retirement Board and Sheriff's Office. While such mistreatment resulting from a retaliatory animus occurred before Judge Warren's decision, the issue of retaliation was not adjudicated by Judge Warren and the primary examples of the mistreatment, the Sheriff's Office's refusal to accommodate Setzler and its termination of his employment occurred subsequent to any judicial decision.

### 2.    Section 1983 Claim re Procedural Due Process

In this claim, Setzler alleges that the City and its Retirement Board and Sheriff's Office violated his right to procedural due process with respect to his application for IDR and his attempts to obtain other employment while the City was denying him income. While aspects of this claim were discussed by Judge Warren in his decision, the specific question of whether the City denied Setzler constitutionally reasonable due process was not adjudicated by Judge Warren. While Defendant disputes that Setzler had a property interest in his employment as a probationary employee, it says nothing anywhere in its Brief about his asserted property right in his disability retirement benefits withheld from him through concealment or the alternative employment that he could have obtained had not been inappropriately placed on sick leave as opposed to disability leave.

1  Under the notice pleading standards, Setzler has stated a sufficient claim that he was

2  denied procedural due process rights with regard to the actions taken against him.

3  On a motion to dismiss we are required to read the complaint charitably, to take all well-
4  pleaded facts as true, and to assume that all general allegations embrace whatever specific
   facts might be necessary to support them. *Lujan v. Nat'l Wildlife Federation*, 497 U.S.
5  871, 889, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990); *Abramson v. Brownstein*, 897
   F.2d 389, 391 (9th Cir.1990).
6

7  *Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F3d 517, 521

8  In fact, the original and Amended Complaint state specifically:

9  Plaintiff is informed and believes and thereupon alleges that defendants, and each
   of them, violated his constitutional rights as described in this Complaint because
10 of customs, policies, directives, practices, acts and omissions of authorized policy
   makers of Defendant County and its Retirement Board and Sheriff's Office.
11 These customs, policies, directives, practices, acts and omissions include, but are
12 not limited to, the maintenance of employment practices that allow for actions
   which violate procedural due process rights of employees, including the
13 maintenance of  practices which allow Deputy City Attorneys to defeat
   meritorious claims for disability claims through fraud and concealment, and
14 which allow employees of the Sheriff's Office to prevent an employee from
15 returning to work on an accommodated basis if denied disability retirement and
   deny disabled employees alternative employment through violation of the Civil
16 Service rules.  These customs, policies, directives, practices, acts and omissions
   constitute gross negligence and/or deliberate indifference on the part of Defendant
17 County in its obligation to ensure the preservation of an employee's constitutional
18 rights.

19 Plaintiff has alleged that the City has a custom, policy, practice etc. to violate the

20 constitutional rights of individuals in Setzler's position.  This allegation is sufficient to assert

21 municipal liability at the pleading stage.  *Arpin, supra,* 261 F.3d at 925 ("Even if the complaint

22 contains 'nothing more than a bare allegation that the individual [officer's] conduct conformed to

23 official policy, custom, or practice,'" dismissal of a 1983 complaint alleging municipal liability

24 is improper." (citation omitted by counsel))

25        **3.    Section 1983 Claim re Substantive Due Process**

26 The Amended Complaint removes this claim.

27

28

1

2

### 4.    FEHA Claim for Failure to Accommodate, Failure to Participate In Interactive Process, and Retaliation

3    In this claim, Setzler alleges that the City and its Sheriff's Office failed to accommodate

4    him, failed to engage in the interactive process, and retaliated against him after he attempted to

5    return to work subsequent to Judge Warren's decision, starting in June 2006. The pre-March 1,

6    2006 instances of these failures were adjudicated by Judge Warren but the post-decision failures

7    were not and, therefore, should not be precluded.

8    ### 5.    Violation of Civil Service Rules

9    In this claim, Setzler alleges, in pertinent part, that the City violated its own Civil Service

10    rules by placing him on sick leave, thereby precluding him from obtaining outside employment

11    while he waited for decisions pertaining to his application for IDR or for the Sheriff's Office to

12    accommodate his disability. Plaintiff has realleged this claim as Violation of Ordinance, namely

13    the Ordinance authorizing and adopting the Civil Service Rules, most recently codified at San

14    Francisco Municipal Ordinance No. 12-08, File No. 071136, approved Jan. 31, 2008.

15    ### 6.    Wrongful Termination in Violation Of Public Policy

16    In this claim, Setzler alleges that the City wrongfully terminated him in violation of a

17    whole host of statutory reasons. Defendant does not discuss this claim in its Memorandum of

18    Points and Authorities but its Notice of Motion seeks to have it dismissed on the grounds of

19    failure to state a claim and res judicata. Defendant fails to explain how this cause of action fails

20    to state a claim or how a judicial decision issued eight months prior to the termination can

21    preclude the issue of the reason(s) for Setzler's termination.

22    ### 7.    Injunctive Relief

23    Setzler seeks injunctive relief preventing Defendant City and its City Attorney's Office

24    from using concealment and fraud to defeat claims for industrial retirement benefits, injunctive

25    relief preventing the City from keeping a prospective IDR applicant in unpaid limbo through

26    rules preventing that applicant from returning to his or her last job, a new job within the City or

27    outside employment, and injunctive relief precluding the City's Retirement Board from

28    discriminating against applicants for IDR based on the length of time that they worked prior to

**07-CV-05792-SI**                          9        <span>Opposition to Motion to Dismiss and/or Strike</span>

1  their injury.  None of these requests for injunctive relief were discussed or addressed in the

2  Petition for Writ of Mandate or any prior decision.

3  **III.      CONCLUSION**

4         For the reasons set forth above, Plaintiff respectfully requests that this Court deny

5  Defendant's Motion to Dismiss and Motion to Strike.

6  DATED: March 21, 2008

7                                        By: /S/ Stephen F. Henry
                                         STEPHEN F. HENRY
8                                        Attorney for Plaintiff