STEPHEN F. HENRY, ESQ.
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

STEPHEN HENRY (State Bar # 142336)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM SETZLER, an individual, | Case No. 07-CV-05792-SI |
|---|---|
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR** |
| vs. | 1. Violation of Federal Civil Rights (42 U.S.C. § 1983) – Free Speech |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES ONE through TEN, inclusive, | 2. Violation of Federal Civil Rights (42 U.S.C. § 1983) – Procedural Due Process |
| Defendants. | 3. Failure To Accommodate, Failure to Participate In Interactive Process, Retaliation |
| | 4. Violation of Ordinance |
| | 5. Wrongful Termination in Violation Of Public Policy |
| | 6. Injunctive Relief |
| | **AND DEMAND FOR JURY TRIAL** |

   Plaintiff William Setzler ("Plaintiff"), for causes of action against defendants The City and County of San Francisco ("Defendant County"), and Does One through Ten, inclusive, alleges in this Complaint for Damages ("Complaint") as follows:

**THE PARTIES**

   1.   William Setzler was at relevant times to this litigation a resident of the County of San Francisco and at other relevant times a resident of the County of Alameda.

FIRST AMENDED COMPLAINT FOR DAMAGES            1            CASE NO. 07-CV-05792-SI

2. Defendant City and County of San Francisco ("Defendant County") is a public entity and municipal corporation organized and existing pursuant to the laws of the State of California.

3. Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named defendants is in some manner responsible for the injuries and damages to Plaintiff alleged in this litigation.

4. Plaintiff is informed and believes and thereupon alleges that at all times relevant to this litigation, defendants, and each of them, were the agents, servants, and employees of their codefendants, and that these defendants, in doing the things mentioned in this Complaint, were acting within the course and scope of their authority as such agents, servants, and employees, and were acting with the permission and consent of their codefendants.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Jurisdiction over the defendants exists because each of the entities and defendants is present and operating within the jurisdictional limits of the Northern District of California.

7. Jurisdiction over the defendants, and each of them, exists because the complaint includes claims involving federal question jurisdiction. This action includes claims brought pursuant to 42 U.S.C. §1983. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331. Subject matter jurisdiction exists because the amount in dispute exceeds $75,000.

8. The Court has pendent and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367. The pendent state law claims contained in this Complaint arise from the same nucleus of operative facts, and involved identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

9. Plaintiff is required to comply with a claims statute, and Plaintiff has complied with the applicable claims statute.

10. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because the employment relationship between plaintiff and defendants that gave rise to this litigation existed within this district, most or all of the acts and omissions complained of took place here, and all defendants reside within the district.

**FACTUAL ALLEGATIONS**

11. Plaintiff was employed by the San Francisco Sheriff's Office until November 1, 2006.

12. Plaintiff suffered an occupational injury to his foot while working at the County jail on January 2, 1990.

13. This injury left him with a disability affecting his foot.

14. The disability affecting his foot continues to this day.

15. This injury left him with a disability affecting his balance.

16. The disability affecting his balance continues to this day.

17. This disability was diagnosed by Dr. Richard Coughlin as Morton's neuroma.

18. Dr. Richard Coughlin was, at the time, employed by Defendant City and County of San Francisco.

19. Dr. Coughlin declared Plaintiff permanent and stationary and unable to return to his normal duties on January 6, 1992.

20. Plaintiff applied for an industrial disability retirement.

21. Plaintiff's application for industrial disability retirement was denied.

22. During the consideration of Plaintiff's application for disability retirement, Deputy City Attorneys withheld evidence from the persons deciding whether to grant Plaintiff's application for disability retirement.

23. These records and reports were only first disclosed to Plaintiff's attorney during a deposition taken during litigation seeking reinstatement to Plaintiff's job after his retirement was denied.

24. Counsel for the Retirement Board, a Deputy City Attorney, and the claims adjuster for the City's Claims Division had a statutory duty to disclose these records to Plaintiff, but instead concealed them for over a decade.

25. On information and belief, Plaintiff alleges that Deputy City Attorneys, counsel for both the Retirement Board and the Workers Compensation division, continue to withhold other reports pertaining to Plaintiff, including reports on March 22, 1990, July 2, 1990 and July 9, 1990 by Dr. Coughlin.

26. A report of November 14, 1990 by Dr. Coughlin entitled "Treating Physician's Report of Disability Status" met every criteria of the Sheriff's Department Disability Leave Policy to return Plaintiff to a light duty assignment as of November 14, 1990 after Plaintiff's Morton's neuroma was corrected by surgery.

27. Plaintiff was not provided with the November 14, 1990 report by Dr. Coughlin entitled "Treating Physician's Report of Disability Status" until September 10, 2002.

28. Defendant County's Deputy City Attorneys interfered with Plaintiff's procedural rights including, most significantly, admitted concealment of critical medical records and misrepresentation of the facts of his medical condition by Defendant County's Deputy City Attorneys, most notably attorney David Benjamin.

29. Plaintiff also sought accommodation from the Sheriff's Office and a return to work on a modified basis.

30. Plaintiff's request for accommodation and return to work on a modified basis was denied by the Sheriff's Office.

31. Employees of the Sheriff's Office informed Plaintiff that the Sheriff's Office did not provide light duty work to accommodate disabilities.

32. The statement that the Sheriff's Office did not provide light duty work to accommodate disabilities was false.

33. Plaintiff sought to return to work at the Sheriff's Office on at least two occasions, including on and after June 16, 2006.

34. At the time that Plaintiff sought to return to work on June 16, 2006, he also informed Sherriff Michael Hennessey that he would be appearing on a cable television program entitled "Californians Injured At Work."

35. Plaintiff appeared on a cable television program entitled "Californians Injured At Work" and discussed his ongoing battle with the Retirement Board and the concealment of medical evidence by David Benjamin and the City Attorney's office.

36. The Sherriff's Office refused to respond to Plaintiff's communications requesting a return to work and accommodation, refused to meet with Plaintiff, failed to reassign Plaintiff to a position, and failed to accommodate Plaintiff.

37. Faced with this deliberate Catch-22 created by Defendant County, Plaintiff continued to try to obtain his disability retirement benefits or an accommodated position until his termination by Defendant.

38. Plaintiff's many attempts to obtain other employment were also stymied by misrepresentations by Defendant County's Deputy City Attorneys and the Sheriff's Office.

39. Defendant County's Sheriff's Office placed Plaintiff on "sick leave" during a portion of Plaintiff's leave prior to his termination.

40. As of July 1, 1991 to the date of his termination, the Sheriff's Department placed Plaintiff on involuntary / compulsory sick leave.

41. Plaintiff was placed on compulsory sick leave without his knowledge, without any application from Plaintiff, and after he was permanently removed from disability leave on June 22, 1991.

42. The fact that Plaintiff was placed on compulsory sick leave was concealed from Plaintiff by the Sheriff's Office and by Deputy City Attorneys.

43. Members of the Sheriff's Office, including a sworn declaration by James Harrigan, Legal Counsel to Sheriff Hennessey, dated September 16, 1998, referred to Plaintiffs status as that of a deputy on disability leave.

44. The Sheriff's Office's designation of Plaintiff's leave as "sick leave", rather than disability leave, prevented Plaintiff from obtaining a transfer to another job within the City and County of San Francisco.

45. During his employment by the Sheriff's Office, Plaintiff was not permitted to obtain employment with any other employer besides the City and County of San Francisco.

46. Despite requests by Plaintiff, his attorney, and his union representative, Sheriff Hennessey refused to grant permission for Plaintiff to take outside employment after Plaintiff had finished vocational rehabilitation training.

47. Ultimately, the Sheriff's Office terminated Plaintiff on November 1, 2006 on the alleged basis that he had failed to complete probation.

**FIRST CAUSE OF ACTION**

**FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS**

**FREEDOM OF SPEECH**

**UNDER 42 U.S.C. SECTION 1983, ET SEQ.**

**(Against Defendant City and County of San Francisco and Does One through Ten)**

48. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 50 above.

49. Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, violated his constitutional rights as described in this Complaint, by deliberately interfering with his claim for disability retirement or, in the alternative, his attempts to return to work, accusing him of malingering, and ultimately terminating his employment in retaliation for and as prior restraint of protected speech regarding matters of public importance, most notably his assertions on public television that information had been deliberately concealed from and misrepresented to the Retirement Board.

50. Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, violated his constitutional rights as described in this Complaint because of customs, policies, directives, practices, acts and omissions of authorized policy makers of Defendant County. These customs, policies, directives, practices, acts and omissions include, but are not

limited to, the maintenance of employment practices that allow for retaliatory actions for and prior restraint of protected speech and the maintenance of employment practices that encourage and allow retaliation against and prior restraint of an employee for protected speech. These customs, policies, directives, practices, acts and omissions constitute gross negligence and/or deliberate indifference on the part of Defendant County in its obligation to ensure the preservation of an employee's constitutional rights.

51. Defendant County's Sheriff, as the ultimate decision makers with regard to policy and employee discipline, ratified the retaliatory actions and actions restrictive of Plaintiff's speech prior to Plaintiff's denial of accommodation and Plaintiff's retaliatory termination.

52. The retaliatory conduct against Plaintiff, including but not limited to restriction of his protected speech and adverse employment actions, was a deliberate choice of action made from among various alternatives by Defendant County.

53. In the alternative, one or more of the individuals, within the City Attorneys Office, the Retirement Board and/or the Sheriff's Office, involved in the restriction of and retaliation for Plaintiff's speech was an official to whom policymaking authority regarding employee discipline had been delegated and that these subordinate individuals were responsible for establishing final policy with respect to the retaliation, restriction of protected speech, and adverse actions taken against Plaintiff.

54. Plaintiff is informed and believes and thereupon alleges that Defendant County and its Sheriff authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct and/or omissions mentioned in this Complaint.

55. As a direct, foreseeable, and proximate result of Defendant County's acts and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount of which will be proven at trial.

56. In addition, Plaintiff seeks reasonable attorneys fees and costs.

57. Wherefore, Plaintiff prays for damages against defendants, and each of them, as set

forth below.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS
## PROCEDURAL DUE PROCESS
## UNDER 42 U.S.C. SECTION 1983, ET SEQ.
### (Against Defendant City and County of San Francisco and Does One through Ten)

58. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 60 above.

59. Plaintiff had a property interest in his disability retirement.

60. Plaintiff exhausted state remedies in protection of and in pursuit of his property interest but those state remedies hampered, interfered with and made impossible to fully pursue by adverse and wrongful actions by Defendant City and its employees.

61. Plaintiff is informed and believes and thereupon alleges that actions taken against him by Defendant and Does One through Ten, inclusive, violated his right to procedural due process when, among other instances, Deputy City Attorneys, and members of the Sherriff's Office withheld, misappropriated, altered and falsified evidence necessary for Plaintiff to prosecute his claim for disability retirement, interfered with his application for disability retirement, denied him accommodation for his disability and ultimately terminated him on November 1, 2006.

62. Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, violated his constitutional rights as described in this Complaint because of customs, policies, directives, practices, acts and omissions of authorized policy makers of Defendant County and its Retirement Board and Sheriff's Office. These customs, policies, directives, practices, acts and omissions include, but are not limited to, the maintenance of employment practices that allow for actions which violate procedural due process rights of employees, including the maintenance of practices which allow Deputy City Attorneys to defeat meritorious claims for disability claims through fraud and concealment, and which allow employees of the Sheriff's Office to prevent an employee from returning to work on an accommodated basis if

1  denied disability retirement and deny disabled employees alternative employment through
2  violation of the Civil Service rules.  These customs, policies, directives, practices, acts and
3  omissions constitute gross negligence and/or deliberate indifference on the part of Defendant
4  County in its obligation to ensure the preservation of an employee's constitutional rights.

63. Defendant County's Sheriff, as the ultimate decision maker with regard to policy and employee discipline with respect to Plaintiff, ratified the acts and omissions violative of Plaintiff's procedural due process rights prior to and including Plaintiff's retaliatory termination.

64. Defendant County's Retirement Board, Executive Director of the Retirement Board, Clare Murphy, and City Attorney, as the ultimate decision makers with regard to policy regarding Plaintiff's application for disability retirement, ratified the acts and omissions violative of Plaintiff's procedural due process rights prior to Plaintiff's retaliatory termination.

65. Upon information and belief, Plaintiff alleges that one such policy, among others adverse to Plaintiff, was a policy to withhold disability retirement from any Deputy Sheriff who had not worked for the Sheriff's Office for a certain number of years, regardless of the merits of that employee's claim for disability retirement.

66. The denial of disability retirement benefits without due process forced upon Plaintiff was a deliberate choice of action made from among various alternatives by Defendant County.

67. In the alternative, one or more of the individuals within the City Attorneys Office, the Retirement Board and/or the Sheriff's Office, was an official to whom policymaking authority regarding employee discipline, demotion and termination had been delegated and that these subordinate individual defendants were responsible for establishing final policy with respect to the adverse actions in violation of due process taken against Plaintiff.

68. The actions of Defendant County's authorized policymakers and Does One through Ten, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including without limitation his rights to due process of law.

69. As described above, Defendant County's authorized policymakers, and Does One through Ten, individually and together, engaged in retaliatory acts designed to silence Plaintiff,

to prevent Plaintiff from protected speech and to deny Plaintiff his constitutional, statutory and legal rights and took each of these actions against Plaintiff under color of state law.

70. Defendant County, by permitting, allowing and encouraging the individual authorized policymakers and Does One through Ten to engage in this conduct toward Plaintiff, and to engage in acts and omissions which deprived Plaintiff of his procedural due process, approved of and ratified their conduct.

71. As a direct, foreseeable, and proximate result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount of which will be proven at trial.

72. In addition, Plaintiff seeks reasonable attorneys fees and costs.

73. Wherefore, Plaintiff prays for damages against defendants, and each of them, as set forth below.

## THIRD CAUSE OF ACTION
## FOR FAILURE TO ACCOMMODATE
## FAILURE TO ENGAGE IN INTERACTIVE PROCESS
## AND RETALIATION

**(Against Defendant City and County of San Francisco and Does One through Ten)**

74. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 93 above.

75. Pursuant to Government Code § 12940(m), Defendant County had a duty to reasonably accommodate Plaintiff's disability: it is a violation "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." By refusing to place Plaintiff back in his existing position, Defendant County has violated the requirements of Government Code § 12940(m) to the detriment of plaintiff. In addition, by subsequently refusing to place Plaintiff in open positions, Defendant County continued to violate § 12940(m) and continues to do so to this day.

76. Pursuant to Government Code § 12940(n), Defendant County had a duty to engage in "a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." By refusing to respond to Plaintiff's verbal and written inquiries and requests, Defendant continued to violate § 12940(n) and continues to do so to this day.

77. Plaintiff filed a complaint with the Department of Fair Employment and Housing. (See Exhibit A to this Complaint) and received a Right to Sue Letter from the Department of Fair Employment and Housing. (See Exhibit B to this Complaint)

78. Pursuant to Government Code § 12940(h), Defendant County is precluded from retaliating against and/or terminating Plaintiff "because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." In response to Plaintiff's complaints, Defendant County and its agents have retaliated against and refused to gainfully employ Plaintiff, to Plaintiff's detriment.

79. As a direct, foreseeable, and proximate result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount of which will be proven at trial.

80. In addition, Plaintiff seeks reasonable attorneys fees and costs.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF ORDINANCE**

**(Against Defendant City and County of San Francisco and Does One through Ten)**

81. Plaintiff incorporates by reference paragraphs 1 to 100 inclusive of this Complaint as if fully set forth.

82. Plaintiff was employed with Defendant County under written civil service rules promulgated by Defendant in accordance with its Charter at Article X, codified through San Francisco Municipal Ordinance No. 12-08, File No. 071136, approved Jan. 31, 2008 and prior

FIRST AMENDED COMPLAINT FOR DAMAGES     11     CASE NO. 07-CV-05792-SI

adopting ordinances, and governing the employment of civil servants.

83. The Civil Service Rules relied on by Plaintiff included but were not limited to:

   1. Written personnel policies regarding leaves of absence which provided that:

      a. Plaintiff, seeking disability retirement, would be placed on disability leave, not compulsory sick leave.

      b. Plaintiff, seeking disability retirement, would be permitted to obtain employment elsewhere in CCSF.

      c. Plaintiff, as a disabled employee, would be provided with accommodation in his position or an equivalent position.

      d. Plaintiff would not be terminated arbitrarily.

84. Defendant County violated its Civil Service Rules by:

      a. Placing Plaintiff on compulsory sick leave from his injury to his termination.

      b. Precluding Plaintiff from obtaining employment elsewhere in CCSF.

      c. Failing to provide Plaintiff with accommodation in his position or an equivalent position.

      d. Terminating Plaintiff arbitrarily.

85. As a direct, foreseeable, and proximate result of Defendant County's violation, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $500,000, the precise amount of which will be proven at trial

86. WHEREFORE, Plaintiff demands judgment against Defendant County and Does One through Ten, and each of them, as set forth in this Complaint.

# FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against Defendant City and County of San Francisco and Does One through Ten)**

87. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 106 above.

88. Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's opposing and reporting illegal activity, as described in preceding allegations.

89. Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's exercise of free speech, as described in preceding allegations.

90. Plaintiff further alleges that Defendant's termination of Plaintiff was in violation of the public policy as expressed in the 14th Amendment of the Constitution of the United States and due process rights protected by California law.

91. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of the public policy as expressed in laws and regulations regarding accommodation of disabilities and retaliation for requesting such accommodation as expressed in Government Code § 12940 et seq..

92. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of City and County of San Francisco ordinances and regulations governing the employment of individuals by CCSF and its Sheriff's Office.

93. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of the Peace Officer's Procedural Bill of Rights.

94. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of the public policy as expressed in laws and regulations prohibiting retaliation against individuals who report violations of the law to governmental agencies, including, but not limited

to, California Labor Code § 1102.5, and in addition was a violation of said statute.

95. As a direct, foreseeable, and proximate result of defendant's wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage, in excess of $500,000, the precise amount of which will be proven at trial.

## SIXTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

**(Against Defendant City and County of San Francisco and Does One through Ten)**

96. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 115 above.

97. Defendant County's wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and others in his situation as Defendant will continue to violate applicants' rights to disability retirement benefits or accommodation of disabilities in CCSF employment.

98. Plaintiff has no adequate remedy at law for future injuries caused by Defendant County regarding his rights to disability retirement benefits or accommodation of disabilities in CCSF employment.

99. As a proximate result of Defendant County's wrongful conduct, Plaintiff and others are damaged by violation of their rights to disability retirement benefits or accommodation of disabilities in CCSF employment.

100. Plaintiff seeks an injunction against future wrongful conduct by Defendant County as described above and to rectify prior wrongful conduct for which monetary damages are not sufficient.

## PRAYER

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For monetary damages against Defendants, and each of them, in an amount

sufficient to compensate Plaintiff for his loss of income, loss of benefits, loss of use, for his emotional distress, and for the injury and damage that Defendants have caused to his reputation;

2. For punitive damages against individual Defendants in an amount sufficient to deter them from engaging in similar misconduct toward other employees, and to make an example of them to others who may otherwise be inclined to engage in such wrongful conduct;

3. For costs of suit incurred herein, including Plaintiff's reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that he has been forced to incur to prosecute this action under all applicable statutory or contractual bases;

4. For injunctive relief, as the Court may deem proper.

5. For such other, further relief as the Court may deem proper.

Dated: March 21, 2008

STEPHEN F. HENRY, ESQ.

By: /s. Stephen F. Henry
STEPHEN F. HENRY
Attorneys for Plaintiff

1     Plaintiff demands trial by jury in this action.

Dated: March 21, 2008

                                  MOSLEY & GEARINGER LLP


                                  By: /s/Stephen F. Henry
                                  STEPHEN F. HENRY

                                  Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES      16      CASE NO. 07-CV-05792-SI