ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
JESSE J. LAD (SBN 229389)
jlad@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants City and County
of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and DOES ONE through TEN, inclusive<br><br>        Defendants. | Case No. 07-CV-05792-SI<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, MOTION TO STRIKE, MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:**  May 30, 2008<br>**TIME:**  9:00 a.m.<br>**DEPT:**  Courtroom 10 |

**TO:    PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on May 30, 2008 at 9:00 a.m. in Courtroom 10 of the United States District Court, Northern District of California, Defendant City and County of San Francisco ("the City") will and hereby does move the Court for dismissal of the First Amended Complaint ("FAC"), and each claim therein, pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, the City is requesting the Court to strike all issues and claims that have already been adjudicated by the parties and to issue a protective order foreclosing the parties from seeking discovery related to such issues and claims.

1    The City is requesting the Court to take judicial notice of various pleadings and orders in

2    prior cases involving plaintiff William Setzler ("Plaintiff" or "Setzler"). Plaintiff has previously

3    litigated in State Court various issues involved at the core of the FAC, and those prior actions

4    should be accorded *res judicata* and *collateral estoppel* effect in this action.

5    Defendant's motion is made on the following grounds (as more fully set forth in the

6    following memorandum of points and authorities):

7    1.    The first cause of action (42 U.S.C. § 1983 – Free Speech) should be dismissed

8    because Plaintiff has failed to plead facts sufficient to state a claim and all allegations regarding

9    Plaintiff's alleged disability retirement process and purported accommodations have already

10   been litigated and are not appropriately at issue in this lawsuit;

11   2.    The second cause of action (42 U.S.C. § 1983 – Procedural Due Process) should

12   be dismissed because Plaintiff has failed to plead facts sufficient to state a claim, Plaintiff was a

13   probationary employee, and all allegations regarding Plaintiff's alleged disability retirement

14   process and purported accommodations have already been litigated and are not appropriately at

15   issue in this lawsuit;

16   3.    The third cause of action (Failure to Accommodate, Failure to Participate in the

17   Interactive Process, Retaliation) should be dismissed because Plaintiff has failed to plead facts

18   sufficient to state a claim, Plaintiff was a probationary employee, and all allegations regarding

19   Plaintiff's alleged disability retirement process and purported accommodations have already

20   been litigated and are not appropriately at issue in this lawsuit;

21   4.    The fourth cause of action (Violation of Ordinance) should be dismissed because

22   Plaintiff has failed to plead facts sufficient to state a claim, Plaintiff was a probationary

23   employee, and all allegations regarding Plaintiff's alleged disability retirement process and

24   purported accommodations have already been litigated and are not appropriately at issue in this

25   lawsuit. In addition, Plaintiff failed to exhaust his administrative remedies with respect to this

26   claim;

27   5.    The fifth cause of action (Wrongful Termination) should be dismissed because

28   Plaintiff has failed to plead facts sufficient to state a claim, Plaintiff was a probationary

1 employee, and all allegations regarding Plaintiff's alleged disability retirement process and

2 purported accommodations have already been litigated and are not appropriately at issue in this

3 lawsuit. In addition, Plaintiff failed to exhaust his administrative remedies with respect to this

4 claim;

5      6.    The sixth cause of action (Injunctive Relief) should be dismissed because

6 Plaintiff has failed to plead facts sufficient to state a claim and all allegations regarding

7 Plaintiff's alleged disability retirement process and purported accommodations have already

8 been litigated and are not appropriately at issue in this lawsuit.

9      7.    Immaterial and impertinent matters and unsupported claims in the Complaint

10 should be stricken to avoid prejudice, delay and/or confusion, if the motion to dismiss is not

11 granted in its entirety. Furthermore, the Court should issue a protective order forbidding any

12 discovery on matters that have been judicially determined in the prior actions between the

13 parties. The matters to be stricken are as follows:

14
15 - ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 under factual allegations section in their entirety.

16
17 - The text "deliberately interfering with his claim for disability retirement or, in the alternative, his attempts to return to work, accusing his of malingering, and ultimately" from ¶ 49.

18 - The text "Plaintiff's denial of accommodation" from ¶ 51.

19 - ¶¶ 59, 64 and 65 under the second cause of action in their entirety.

20
21
22 - The text "withheld, misappropriated, altered and falsified evidence necessary for Plaintiff to prosecute his claim for disability retirement, interfered with his application for disability retirement, accused Plaintiff of malingering, denied his accommodation for his disability and" from ¶ 61.

23
24
25
26 - The text "including the maintenance of practices which allow Deputy City Attorneys to defeat meritorious claims for disability claims through fraud and concealment, and which allow employees of the Sheriff's Office to prevent and employee from returning to work on an accommodated basis if denied disability retirement and deny disabled employees through violation of the Civil Service Rules" from ¶ 62.

27
28 - The second and sixth causes of action in their entirety and all issues in these causes of action that have already been adjudicated in Plaintiff's prior lawsuits against the City; and

---

1    ■    The fifth cause of action to the extent it brings claims alleging a failure
          to accommodate Plaintiff's disabilities or engage in the interactive
2         process with him, and all issues in the fifth cause of action that have
          already been adjudicated in Plaintiff's prior lawsuits against the City
3         and/or where Plaintiff failed to exhaust his administrative remedies.

4    Defendant's motion is based on this notice of motion and motion, the attached

5    memorandum of points and authorities filed in support of this motion, the attached request for

6    judicial notice, all other pleadings and papers in this action, and on any oral argument

7    entertained by the Court during the hearing on this matter.

8    Dated: April 25, 2008                    MEYERS, NAVE, RIBACK, SILVER & WILSON

9

10                                    By_____/s/ Jesse J. Lad_____
11                                            Jesse J. Lad
                                              Attorneys for Defendant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.................................................................1

I.    Summary of the Argument ......................................................................................1

II.   Summary of the Facts .............................................................................................1

      A.    Employment History ....................................................................................1

      B.    Litigation History Related to Disability Issues ...........................................2

      C.    Plaintiff's Most Recent Superior Court Writ Petition ..................................4

      D.    This Lawsuit .................................................................................................4

III.  Legal Argument.......................................................................................................5

      A.    Claim Preclusion Bars All Six of Plaintiff's Claims...................................6

      B.    Issue Preclusion Bars Plaintiff from Bringing any Claim based on his Denial
            of a Disability Retirement or Separation from Employment .......................9

      C.    Plaintiff Has No Legal or Factual Support for His First Cause of Action
            Alleging a Violation of His Freedom of Speech .......................................10

      D.    The City never Denied Plaintiff any Procedural Due Process ...................11

      E.    Plaintiff's First and Second Causes of Action Must be Dismissed Because
            Defendant is Not Liable Under § 1983 for Violation of Plaintiff's Due Process
            Rights..........................................................................................................12

      F.    Plaintiff's Third Cause of Action Must be Dismissed Because Plaintiff Failed
            to Participate in the Accommodation Process and the Superior Court held that
            Plaintiff is Not Entitled to Work as a Deputy Sheriff ...............................13

      G.    Plaintiff has No Legal or Factual Basis for his Fourth Cause of Action Alleging
            a Violation of a City Ordinance ................................................................14

      H.    Plaintiff's Fifth Cause of Action is Meritless because it has been Conclusively
            Established that Plaintiff was a Malingerer, Failed to Participate in the City's
            Accommodation Process, and was not Entitled to Return to Work .........15

      I.    Plaintiff's Fourth and Fifth Causes of Action are Without Merit ecause He
            ailed to Exhaust His Administrative Remedies........................................16

      J.    In the Alternative, All Allegations in the FAC Related to The City's Wrongdoing
            With Respect to Plaintiff's Disability Retirement, Accommodation and
            Entitlement to Work as a City Employee Should Be Stricken..................17

K.    The Court Should Issue a Protective Order Forbidding Discovery on Issues that Have been Litigated if this Lawsuit is not Dismissed ........................................18

IV.    Conclusion ...........................................................................................................................19

1

# TABLE OF AUTHORITIES

2

Page(s)

CASES

3

*Abelleira v. District Court of Appeal,*

4
    17 Cal.2d 280 (1941).................................................................................................. 16

5

*Allied Fire Protection v. Diede Const. Inc.,*

6
    127 Cal.App.4th 150 (2005)......................................................................................... 8

7

*Baker v. McCollan,*
    443 U.S. 137 (1979) .................................................................................................. 10

8

9

*Bernhard v. Bank of America Nat. Trust & Savings Ass'n.,*
    19 Cal.2d 807 (1942)................................................................................................... 7

10

11

*Border Business Park v. City of San Diego,*
    142 Cal.App.4th 1538 (2006)..................................................................................... 10

12

*Clegg v. Cult Awareness Network,*

13
    18 F.3d 752 (9th Cir. 1994).......................................................................................... 5

14

*Colorassi v. Coty U.S. Inc.,*
    97 Cal.App.4th 1142 (2002)....................................................................................... 14

15

16

*Costantini v. Trans World Airlines,*
    681 F.2d 1199 (9th Cir. 1982)...................................................................................... 7

17

*Edgren v. Regents of Univ. of Calif.*

18
    (1984) 158 Cal.App.3d 515......................................................................................... 16

19

*Fantasy Inc. v. Fogerty,*

20
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds* ........................................... 18

21

*Flatow v. Islamic Republic of Iran,*
    308 F.3d 1065 (9th Cir. 2002)..................................................................................... 18

22

*Fogerty v. Fantasy, Inc.,*

23
    510 U.S. 517 (1994) .................................................................................................. 18

24

*Gemtel Corp. v. Community Redevelopment Agency,*

25
    23 F.3d 1542 (9th Cir. 1994)........................................................................................ 5

26

*Gregory v. Widnall,*
    153 F.3d 1071 (9th Cir. 1998)...................................................................................... 7

27

28

*Hamilton v. Asbestos Corp. Ltd.,*
    22 Cal.4th 1127 (2000)................................................................................................. 9

*Hanson v. Lucky Stores, Inc.,*
74 Cal.App.4th 215 (1999) .......................................................................................... 13, 14

*Henderson v. City of Simi Valley,*
305 F.3d 1052 (9th Cir. 2002) ............................................................................................ 10

*In re Delorean Motor Co.,*
991 F.2d 1236 (6th Cir. 1993) ............................................................................................ 12

*In re VeriFone Litigation,*
11 F.3d 865 (9th Cir. 1993) ........................................................................................... 5, 15

*Jensen v. Wells Fargo,*
85 Cal.App.4th 285 (2000) ................................................................................................. 15

*Jensen v. Wells Fargo Bank,*
85 Cal.App.4th 245 (2000) ................................................................................................. 13

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) ............................................................................................... 6

*Lopez v. Civil Service Comm'n,*
232 Cal.App.3d 307 (1991) ................................................................................................ 16

*Lucido v. Superior Court,*
51 Cal.3d 335 (1990) ........................................................................................................... 9

*Maldonado v. Harris,*
370 F.3d 945 (9th Circuit 2004) ....................................................................................... 8, 9

*Monell v. Dep't of Soc. Servs.,*
436 U.S. 658 (1978) ........................................................................................................... 12

*Monterey Plaza Hotel Limited Partnership v. Local 483 of Hotel Employees,*
215 F.3d 923 (9th Cir. 2000) ............................................................................................... 8

*Motevalli v. Los Angeles Unified Sch. Dist.,*
122 Cal.App.4th 97 (2004) ............................................................................................. 8, 16

*Mpoyo v. Litton Electro-Optical Systems,*
430 F.3d 985 (9th Cir. 2005) ............................................................................................... 7

*Neveu v. City of Fresno,*
392 F.Supp.2d 1159 (E.D. Cal. 2005) ............................................................................... 13

*Owens v. Kaiser Foundation Health Plan, Inc.,*
244 F.3d 708 (9th Cir. 2001) ............................................................................................... 7

*Palmer v. Regents of Univ. of Calif.*
(2002) 107 Cal.App.4[th] 899 ................................................................................ 16, 17

*Portman v. County of Santa Clara,*
995 F.2d 898 (9th Cir. 1993) ................................................................................ 11

*Roley v. Pierce County Fire Protection Dist. No. 4,*
869 F.2d 491 (9th Cir. 1989) ................................................................................ 12

*Shaver v. F.W. Woolworth Co.,*
840 F.2d 1361 (7th Circuit 1988) .......................................................................... 7

*Syverson v. International Business Machines Corp.,*
472 F.3d 1072 (9th Cir. 2007) ................................................................................ 9

*Thomas v. Douglas,*
877 F.2d 1428 (9th Cir. 1989) ................................................................................ 10

*Thompson v. City of Shasta Lake,*
314 F.Supp.2d 1017 (E.D. Cal. 2004) .................................................................... 6

*Van Pool v. City and County of San Francisco,*
752 F.Supp. 915 (N.D. Cal 1990) ............................................................................ 9

**STATUTES**

California Code of Civil Procedure Section 1094.5 ............................................... 2, 3

Labor Code Section 4850 ......................................................................................... 2

**OTHER AUTHORITIES**

42 U.S.C. Section 1983 ...................................................................................... *passim*

F.R.C.P. 12(b)(6) ............................................................................................... 5, 14

F.R.C.P. 12(f) ......................................................................................................... 18

F.R.C.P. 15(a) .................................................................................................... 1, 14

F.R.C.P. 26(c) ......................................................................................................... 18

California Rule of Court 8.104 ................................................................................ 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Summary of the Argument

Plaintiff is a former probationary deputy sheriff for the City. This lawsuit comes to the Court on the heels of multiple prior lawsuits by Plaintiff against the City alleging the same wrongful acts that Plaintiff is using as his basis for the instant lawsuit. Despite receiving unfavorable rulings in all of his prior lawsuits, including a California Superior Court ruling that he is not entitled to work as a deputy sheriff for the City, Plaintiff has filed this lawsuit seeking yet another bite at the apple.[1]

Plaintiff's six causes of action in the FAC are improper and should be dismissed because: (1) the claims all arise from the same nucleus of operative facts that were used as the basis for Plaintiff's prior actions against the City; (2) the issues that form the fundamental basis for all six causes have been adjudicated on their merits in Plaintiff's prior lawsuits against the City; and (3) Plaintiff has failed to allege facts sufficient to support any of his claims against the City. Accordingly, Defendant City respectfully requests that its motion to dismiss is granted in its entirety.

### II.    Summary of the Facts

#### A.    Employment History

Plaintiff joined the San Francisco Sheriff's Department as a probationary deputy sheriff in May 1989. (*See* Exhibit A to Request for Judicial Notice at p. 2:6-7.; *See Also* Exhibits B and C to Request for Judicial Notice. )[2] On January 2, 1990, seven months into his probationary period, Plaintiff encountered a jail gate that would not open. (Exhibit A to Request for Judicial Notice at p. 2:10-12.) Plaintiff kicked the gate with his left foot. (*Id.*) Later during his shift, Plaintiff reported that his foot hurt. (*Id.* at p. 2:13.)

---

[1] Defendant filed a motion to dismiss in response to Plaintiff's original complaint in this lawsuit. Recognizing the merit of Defendant's motion, Plaintiff exercised his right to file an amended complaint pursuant to F.R.C.P. 15(a).
[2] These matters were previously determined by the San Francisco Superior Court on April 25, 2006, when it rendered its judgment denying plaintiff's writ of mandamus seeking reinstatement as a deputy sheriff. A copy of the Court's statement of decision, judgment, and notice of judgment are attached as Exhibits A, B and C to the City's request for judicial notice.

1    Claiming to have injured his foot so severely that he could not return to work as a deputy

2  sheriff, Plaintiff sought to retire with a full disability pension. (*Id.* at p. 2:14-16.) Plaintiff

3  remained employed by the City after January 2, 1990, staying on leave for over 15 years. (*Id.* at

4  p. 2:20-21.) He received full disability pay under Labor Code section 4850 between January

5  1990 and January 1991, and maintained his full pay through a combination of workers'

6  compensation benefits, sick leave, vacation pay, and vocational rehabilitation allowances until

7  at least March 1996. (*Id.* at p. 2:21-24.) Plaintiff never returned to work and thus never passed

8  probation. (*Id.* at p. 18:19-21; FAC at ¶ 50.)

9    Although the City does not have permanent modified duty positions for deputy sheriffs,

10  the City repeatedly offered Plaintiff three ways to return to work: (1) return to full duty as a

11  deputy sheriff if he was medically capable of performing the job's essential functions; (2) return

12  to full duty as a deputy sheriff with reasonable accommodations that would allow him to

13  perform the job's essential functions; or (3) transfer to another position under the City's

14  disability transfer program. (*Id.* at p. 3:1-6.) While consistently maintaining that he cannot

15  return to full duty as a sheriff, Plaintiff has also declined to participate in the City's

16  accommodation process, under which he could return to work with as a deputy sheriff with

17  reasonable accommodations or obtain a disability transfer to a new position. (*Id.* at p. 3:8-12.)

18  The City also provided Plaintiff with vocational rehabilitation to become a computer technician

19  through its workers' compensation system. (*Id.* at p. 3:13-14.) The California Superior Court

20  held that Plaintiff was not entitled to be reinstated to work as a deputy sheriff for the City on

21  April 25, 2006. (See Exhibits A and B to Defendants Request for Judicial Notice.) Plaintiff

22  was released from his probationary employment with the City on November 1, 2006. (FAC at ¶

23  50.)

24    **B.    Litigation History Related to Disability Issues**

25    In 1994, a state administrative law judge ("ALJ") conducted a hearing on Plaintiff's

26  disability retirement application. The ALJ denied the application. (*Id.* at p. 4:6-8.) On July 11,

27  1996, Plaintiff filed his initial writ petition pursuant to California Code of Civil Procedure

28  section 1094.5. (*Id.* at p. 4:23-25.) Plaintiff's initial writ petition asked the Superior Court to

1   overturn the retirement board's denial of his disability retirement application. (*Id.*) Following a

2   three-day trial before California Superior Court Judge William Cahill, the Court denied

3   Plaintiff's initial writ petition. (*Id.* at p. 5:1-2.) Plaintiff appealed the decision. (*Id.*) Before the

4   appeal was heard, the parties found that a videotape that a deputy city attorney lodged with the

5   Court was not an accurate copy of the videotape entered into evidence in the administrative

6   hearing. (*Id.* at p. 5:3-5.) The matter was remanded to the ALJ and retirement board to

7   authenticate the actual videotape and reconsider Plaintiff's disability retirement application. On

8   remand, the ALJ authenticated the videotape and the retirement board affirmed its denial of

9   plaintiff's application. (*Id.* at p. 5:5-8.)

10          The proceedings on the initial writ petition returned to the Superior Court, and Judge

11  Raymond Williamson again denied the writ. (*Id.* at p. 5:9-12; Exhibits F and G to Defendant's

12  Request for Judicial Notice.) In its decision on August 25, 1998, the Court held that the

13  evidence failed to establish that petitioner made a good faith effort to return to work and that

14  Plaintiff's claims about his alleged disability were without merit. (*Id.* at p. 5:12-17; Exhibit G to

15  Defendant's Request for Judicial Notice.)

16          Plaintiff moved for a new trial. (*Id.* at p. 5:20.) The Honorable David Garcia of the

17  California Superior Court heard the new trial motion. (*Id.* at p. 5:22; Exhibit I to Defendant's

18  Request for Judicial Notice.) Judge Garcia denied Plaintiff's motion and concluded that

19  Plaintiff was a malingerer who had not made a good faith effort to return to work. (*Id.* at p.

20  5:23-6:3; Exhibit I to Defendant's Request for Judicial Notice at pg. 14:4-13.) Plaintiff next

21  appealed the denial of his writ. (*Id.* at p. 6:4-5.) In an unpublished decision on April 12, 2000,

22  the California Court of Appeal upheld the denial of Plaintiff's writ petition. In reaching this

23  decision, the Court of Appeal specifically affirmed the Superior Court's findings that Plaintiff's

24  claims about his alleged disability were not credible and that Plaintiff had not made a good faith

25  effort to return to work. (*Id.* at p. 6:7-10; Exhibit H to Defendant's Request for Judicial Notice.)

26  When the Court of Appeal remitted its opinion to the Court on June 13, 2000, the judgment on

27  the first writ petition became final. (*Id.* at p. 6:10-11.)

28

1    **C.    Plaintiff's Most Recent Superior Court Writ Petition**

2    On July 19, 2000, the month after the judgment denying the first petition became final,

3    Plaintiff filed a second writ petition in San Francisco Superior Court. (*Id.* at p. 6:20-22.) In the

4    second petition Plaintiff sought a writ of mandate that would order the City to return him to

5    work as deputy sheriff with back pay and monetary relief dating back to 1991. (*Id.* at p. 6:22-

6    24.) On June 3, 2005 — almost five years after the petition was filed — Plaintiff filed a motion

7    asking the Court to grant the second petition. (*Id.* at p. 6:25-27.)

8    In his second writ petition Plaintiff contended that the City fraudulently concealed

9    evidence from him during the earlier writ action. (*Id.* at pg.17:3-11.) In response to this

10    contention, the Court held that the information allegedly concealed "would have been

11    discovered had [Plaintiff] diligently investigated his case in the earlier proceeding" and that

12    Plaintiff cannot avoid the preclusive effects of the earlier judgment on his disability retirement

13    application even if, as he contends, "the City had improperly or fraudulently concealed this

14    evidence in the earlier proceeding." (*Id.* at p. 17:5-11.) Moreover, the Court noted that Plaintiff

15    was a probationary employee that did not have a vested right to continued employment with the

16    City. (*Id.* at p. 18:19-21.) The Court also found that Plaintiff deliberately chose not to engage

17    in the disability accommodation process and failed to make a good faith effort to return to work.

18    (*Id.* at p. 20:4-12.) In fact, the Court noted that Plaintiff treated the return to work process as a

19    "cat and mouse game" by randomly appearing at the Sheriff's Department while ducking the

20    City's efforts to return him to work. (*Id.* at p. 24:2-4.) On February 28, 2006, the Court denied

21    Plaintiff's second writ application. (*See* Statement of Decision, Attached as Exhibit A to the

22    Request for Judicial Notice.) Judgment was entered on April 25, 2006. (*See* Exhibit B to the

23    Request for Judicial Notice.) Because Plaintiff did not appeal the judgment on the second writ, it

24    has become final. (California Rule of Court 8.104.)

25    **D.    This Lawsuit**

26    Plaintiff has now filed the instant lawsuit seeking further legal recourse based on issues

27    and claims that were adjudicated in his prior lawsuits against the City. The following are

28    Plaintiff's six causes of action plead against the City in the FAC:

---

1)      Violation of Federal Civil Rights (42 U.S.C. Section 1983) – Free Speech: Plaintiff Alleges that the City terminated him because he appeared on public television station and discussed (a) his ongoing battle with the Retirement Board; and (b) the alleged concealment of evidence by the City Attorney's office.

2)      Violation of Federal Civil Rights (42 U.S.C. Section 1983) – Procedural Due Process:  Plaintiff alleges that the City unlawfully interfered with his disability retirement application and prevented him from returning to work on an accommodated basis.

3)      Failure to Accommodate, Failure to Participate in Interactive Process, Retaliation:  Plaintiff alleges that the City failed to accommodate him and unlawfully terminated Plaintiff from his probationary employment.

4)      Violation of Ordinance:  Plaintiff alleges that the City violated unidentified provisions in its Civil Service Rules and a City camping ordinance by allegedly placing Plaintiff on sick leave during his extensive leave of absence.

5)      Wrongful Termination in Violation of Public Policy:  Plaintiff alleges that the City unlawfully released him from his probationary employment with the City based on his alleged comments on public television.

6)      Injunctive Relief:  Plaintiff alleges that the City should be enjoined from failing to accommodate disabilities and inappropriately denying disability retirement benefits.

## III.     Legal Argument

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a plaintiff cannot state a set of facts in support of the claim that would entitle him or her to relief. *Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1546 (9th Cir. 1994).  While all allegations in the complaint are to be taken as true and considered in the light most favorable to the moving party, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re VeriFone Litigation*, 11 F.3d 865, 868 (9th Cir. 1993).  "[I]t is not proper for the court to assume 'that [plaintiff] can prove facts which [he or she] has not alleged

1  or that the defendants has violated the . . . laws in ways that have not been alleged.'" *Thompson*

2  *v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1022 (E.D. Cal. 2004) quoting *Associated General*

3  *Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526,

4  103 S.Ct. 897 (1983).

5  In considering the motion, the Court may take into consideration matters subject to

6  judicial notice, and also documents or other matters referred to in the complaint where there is

7  no dispute about the authenticity. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

8  ### A.    Claim Preclusion Bars All Six of Plaintiff's Claims

9  Plaintiff's six causes of action in this lawsuit are based on his allegation that the City (1)

10  withheld and concealed information during his application process for a disability retirement;

11  (2) failed to engage in the interactive process and accommodate his alleged disability; and (3)

12  wrongfully denied him the opportunity to work as a deputy sheriff. (FAC at ¶¶ 12, 20, 22, 30,

13  51, 61, 75, 82, 88-92 and 97.)  However, as further described above, Plaintiff and the City have

14  extensively litigated Plaintiff's disability issues, the alleged inappropriate concealment of

15  evidence by the City and Plaintiff's entitlement to work as a deputy sheriff at the City. (*See*

16  Exhibit A to the Request for Judicial Notice at pp. 1:7-19, 3:8-12, 5:12-6:10, 17:5-11, 19:16-21,

17  20:4-12 and 23:19-24:1.).  In fact, in Plaintiff's most recent writ action, the Court held that

18  Plaintiff was not entitled to be reinstated as a deputy sheriff, that he failed to make a good faith

19  effort to return to work, that he declined to participate in the disability accommodation process,

20  that his claims about his alleged disability were not credible and that he has made false claims

21  about his foot injury. (*Id.*) The Court also held that the information which Plaintiff alleges that

22  the City concealed during his disability retirement process "would have been discovered had

23  [Plaintiff] diligently investigated his case in the earlier proceeding" and that Plaintiff cannot

24  avoid the preclusive effects of the earlier judgment on his disability retirement application even

25  if, as he contends, "the City had improperly or fraudulently concealed this evidence in the

26  earlier proceeding." (*Id.* at p. 17:5-11.) Despite this ruling, Plaintiff has filed the instant lawsuit

27  based on the same allegations in his prior lawsuits. Because Plaintiff's claims in this lawsuit

28  arise from the same nucleus of operative facts as his prior lawsuits against the City, he is

---

1    foreclosed from re-asserting these claims against the City.

2         Claim preclusion bars the re-litigation of an entire claim when: (1) the claim is identical

3    to the one presented in the prior proceedings; (2) the prior proceeding resulted in final judgment

4    on the merits; and (3) preclusion is being asserted against a party in the prior proceeding.

5    *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005);  *Bernhard v. Bank*

6    *of America Nat. Trust & Savings Ass'n.*, 19 Cal.2d 807, 813 (1942).

7         Federal Courts utilize a transition analysis, *i.e.*, two suits constitute a single cause of

8    action if they both arise from the same "transactional nucleus of facts" (*see Derish v. San Mateo*

9    *– Burlingame Bd. of Realtors*, 724 F.2d 1347 at 1349 (9th Cir. 1983)) or a single "core of

10   operative facts" (*see Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 at 1365 (7th Circuit 1988)).

11   The Ninth Circuit recently found in *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d

12   708 at 713 (9th Cir. 2001) that "res judicata, also known as claims preclusion, . . . is applicable

13   whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or

14   privity between the parties." (Internal citations omitted.)  The central criterion in determining

15   whether there is an identity of claims between the first and second adjudications is whether the

16   two suits arise out of the same transactional nucleus of facts.

17        In *Owens*, the plaintiff filed a claim for wrongful termination which was dismissed.  He

18   then filed a second action that alleged Title VII claims of discriminatory termination, hostile

19   work environment and wrongful retaliation, which he contended were "distinctly different" and

20   "not the subject of the prior action."  The Court held that the allegations of both complaints

21   arose from the same transactional nucleus of facts and were all grounds for recovery which

22   could have been asserted in a prior suit between the same parties, and the new claims were

23   barred by claims preclusion.

24        The doctrine of claims preclusion bars all grounds for recovery which could have been

25   asserted, whether they were or not, in a prior suit between the same parties and the same causes

26   of action.  *Costantini v. Trans World Airlines*, 681 F.2d 1199 at 1201 (9th Cir. 1982).  Further,

27   claim preclusion is an absolute bar "not only as to matters actually litigated but also to every

28   matter which might have been litigated in the prior action." *Gregory v. Widnall*, 153 F.3d 1071

1 at 1074 (9th Cir. 1998) (res judicata barred second action wherein Plaintiff claimed he was
2 subject to a hostile work environment based on the same facts pled in an earlier dismissed action
3 for discrimination on the basis of race, sex and retaliation for making complaints). Res judicata
4 "operates to bar any claims that could have been raised, not just those that actually were made."
5 *Monterey Plaza Hotel Limited Partnership v. Local 483 of Hotel Employees*, 215 F.3d 923 at
6 928 (9th Cir. 2000).

7       Defendant anticipates that Plaintiff likely will argue that his wrongful termination claim
8 is not subject to claim preclusion because his release from his probationary employment with
9 the City occurred after the California Superior Court's most recent writ decision. This
10 anticipated argument is without merit, however, because Plaintiff's entitlement to continue to
11 work for the City as a deputy sheriff was adjudicated in Plaintiff's prior writ action. *See*
12 *Motevalli v. Los Angeles Unified Sch. Dist.*, 122 Cal.App.4th 97 (2004) (Holding that an
13 employee that lost his entitlement to occupy a position was foreclosed from asserting a claim for
14 wrongful termination). In its April 2006 statement of decision, the California Superior Court
15 specifically held that Plaintiff had no entitlement to work as a deputy sheriff because he was not
16 entitled to be reinstated to his former position. This decision was reached after Plaintiff was
17 accommodated by the City when Plaintiff was allowed to take an extended leave. Moreover, as
18 more thoroughly discussed below, the issues that were adjudicated on their merits in Plaintiff's
19 prior lawsuits against the City – namely that Plaintiff deliberately chose not to engage in the
20 disability accommodation process and failed to make a good faith effort to return to work—
21 foreclose him from attempting to assert a claim now based on his alleged entitlement to work
22 for the City as a deputy sheriff.

23       It is also worth noting that California law is in accord with this analysis. Specifically,
24 California law requires that "all claims based on the same cause of action must be decided in a
25 single suit." *Allied Fire Protection v. Diede Const. Inc.*, 127 Cal.App.4th 150 at 154 (2005).
26 Further, two claims are based on the same cause of action if both seek to vindicate the same
27 "primary right." *Maldonado v. Harris*, 370 F.3d 945 at 952 (9th Circuit 2004). A cause of
28 action is comprised of a primary right of a plaintiff, a corresponding primary duty of a defendant

and a wrongful action by the defendant constituting a breach of that duty. As far as the content is concerned, the primary right is simply the Plaintiff's right to be free from the particular injury suffered. *Id.* A plaintiff cannot "split" a cause of action into successive suits in an effort to attempt double recovery. *Hamilton v. Asbestos Corp. Ltd.*, 22 Cal.4th 1127 at 1145 (2000).

Plaintiff has already brought claims in his prior litigation asserting that the City failed to accommodate his alleged disability, failed to grant him a disability retirement, concealed evidence and failed to reinstate him as a deputy sheriff. Plaintiff now seeks yet another bite at the apple by asserting that the City unlawfully failed to accommodate his alleged disability, concealed evidence during his application for a disability retirement, and refused to allow him to work as a deputy sheriff. Because these claims seek to enforce primary rights that were already conclusively litigated in Plaintiff's prior lawsuits against the City, they should be dismissed from the instant action.

## B.    Issue Preclusion Bars Plaintiff from Bringing any Claim based on his Denial of a Disability Retirement or Separation from Employment

The doctrine of issue preclusion bars Plaintiff from re-litigating issues that were already determined in prior court actions. Issue preclusion applies when: (1) the issue is identical to the one decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the prior decision is final and on the merits; and (5) preclusion is sought against the person who was a party in the prior proceeding. *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 921 (N.D. Cal 1990) ; *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990); *Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1079 (9th Cir. 2007).

Plaintiff's first, second, third, fourth and fifth causes of action are premised on Plaintiff (a) having reinstatement rights to his former deputy sheriff position; (b) having participated in good faith in the City's accommodation process; and/or (c) being eligible to receive a disability retirement. In Plaintiff's prior litigation against the City, the following issues—which are raised in the instant litigation as supporting plaintiff's claims against the City—were adjudicated on their merits in favor of the City: (1) the alleged concealment of evidence supportive of

1    Plaintiff's disability retirement application; (2) the alleged failure to accommodate his

2    disabilities; (3) whether Plaintiff was eligible for a disability retirement; (4) whether Plaintiff

3    made a good faith effort to return to work; (5) whether Plaintiff failed to participate in the

4    accommodation process; (6) whether plaintiff is a malinger; and (7) whether plaintiff was

5    entitled to be reinstated. (*See* Exhibit A to the Request for Judicial Notice at pp. 3:8-12, 5:12-

6    6:10, 17:5-11 and 20:4-12.) Because Plaintiff has already had his day in Court with respect to

7    these issues, he cannot use them as a basis for his claims in the instant lawsuit. *Border Business

8    Park v. City of San Diego*, 142 Cal.App.4th 1538, 1564-1566 (2006). Accordingly, the first,

9    second, third, fourth and fifth causes of action should be dismissed without leave to amend.

10

11

      **C.**    **Plaintiff Has No Legal or Factual Support for His First Cause of
Action Alleging a Violation of His Freedom of Speech**

12          Plaintiff's first cause of action alleges that the City violated his First Amendment right to

13    free speech pursuant to 42 U.SC. Section 1983. Claims under Section 1983 create a cause of

14    action against any person who, acting under the cover of state law, violates rights established by

15    the Constitution or the laws of the United States. *Henderson v. City of Simi Valley*, 305 F.3d

16    1052 at 1056 (9th Cir. 2002). The statute itself is not a source of substantive rights, rather it,

17    provides "a method for vindicating fellow rights elsewhere conferred." *See Baker v. McCollan,*

18    443 U.S. 137 at 144 (1979).

19          In order to prove a Section 1983 claim under the First Amendment, Plaintiff must show:

20    (1) that he engaged in protected speech, (2) that he suffered an adverse employment action as a

21    consequence of the exercise of his First Amendment Rights, and (3) that the exercise of

22    protected speech was a substantial motivating factor in the adverse employment action. *Thomas

23    v. Douglas,* 877 F.2d 1428, 1431 (9th Cir. 1989). In this case, Plaintiff asserts that the City

24    violated Section 1983 when he was released from his probationary City employment because of

25    his "assertions on public television that information had been deliberately concealed from and

26    misrepresented to the retirement board." (FAC at ¶ 49.) Yet, Plaintiff fails to allege that his

27    release from probationary employment had any connection whatsoever with any comments he

28    purportedly made on the program, or that anyone involved in the decision to release him from

1  his employment was specifically aware of the alleged comments.  Accordingly, Plaintiff has

2  failed to state facts sufficient to maintain a Section 1983 Claim based on his free speech rights.

3  **D.    The City never Denied Plaintiff any Procedural Due Process**

4  Plaintiff's second cause of action, which alleges a denial of procedural due process pursuant to

5  42 U.S.C. § 1983, is premised on Plaintiff having a property interest in his employment.  (*See*

6  Complaint at ¶¶ 62 and 79.)[3]  During Plaintiff's recent writ action the Court determined that he

7  was a probationary employee.  (*See* Exhibit A to the Request for Judicial Notice at p. 18:19-21.)

8  The City's civil service rules do not provide probationary employees with a property interest in

9  their employment.  (*See* Exhibit E to the Request for Judicial Notice at Section 117.9.1(1).)

10 ("An employee may be released by the appointing officer at any time during the probationary

11 period upon written notice to the employee and the Human Resources Director.")  Furthermore,

12 the MOU that governed Plaintiff's employment with the City indicated that only non-

13 probationary employees were entitled to due process rights.  (*See* Exhibit D to the Request for

14 Judicial Notice at appendices A-1 and A-3) ("No permanent, non-probationary employee shall

15 be disciplined, or subject to punitive action except for just cause . . . ."  Note:  None of these

16 procedures applies to terminations of probationary or provisional employees.)  Accordingly, all

17 allegations in the FAC alleging that Plaintiff had a property interest in his employment with the

18 City are without merit.

19     Because Plaintiff did not have a property interest in his employment with the City,

20 Plaintiff's second cause of action alleging due process violations pursuant to 42 U.S.C. § 1983

21 are without merit. The Ninth Circuit Court of Appeals has held that "at a minimum" the

22 elements of a § 1983 claim based on a violation of due process are: "(1) a liberty or property

23 interest protected by the Constitution; (2) a deprivation of the interest by the government; and

24 (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

25 Here, Plaintiff has failed to allege facts which would establish that he had a property or liberty

26 interest in his job, and the alleged facts (and those that can be judicially noticed) establish that

27

28
_____
[3] As noted above, Plaintiff can not bring a Section 1983 Claim based on his alleged denial of a disability retirement because that subject matter has already been conclusively litigated.

1 | he did not have a property or liberty interest in his job. (*See* Exhibit A to the Request for
2 | Judicial Notice at p. 18:19-21, holding that Plaintiff's employment with the City was
3 | probationary). Therefore Plaintiff is unable to establish a *prima facie* case of violation of due
4 | process.

5 | Plaintiff also cannot establish that his "liberty interest" was infringed by Defendant. A
6 | public agency's accusations against an employee do not implicate a constitutional liberty
7 | interest unless they seriously damage his community standing and associations or foreclose his
8 | freedom to pursue other employment. *Roley v. Pierce County Fire Protection Dist. No. 4*, 869
9 | F.2d 491, 495 (9th Cir. 1989). However, Plaintiff states he was released on the "basis that he
10 | had failed to complete probation." (Complaint at ¶ 50.) Such an allegation does not seriously
11 | damage Plaintiff's community standing and associations or foreclose his freedom to pursue
12 | other employment. Accordingly, Plaintiff's second cause of action should be dismissed without
13 | leave to amend.

14 | 
15 | **E.      Plaintiff's First and Second Causes of Action Must be Dismissed Because Defendant is Not Liable Under § 1983 for Violation of Plaintiff's Due Process Rights**

16 | Local governments can only be sued under § 1983 where the claims arise out of
17 | unconstitutional actions by their employees who implement or execute a "policy statement,
18 | ordinance, or decision officially adopted and promulgated by that body's officers . . . ." *Monell*
19 | *v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-1 (1978). In other words, a municipality cannot be
20 | held liable for an employee's actions outside the scope of implementation of the policies or
21 | customs on a *respondeat superior* theory. *Id.*

22 | Here, Plaintiff has not identified any *specific* official City policy, custom or practice
23 | which resulted in a violation of his constitutional first amendment or due process rights. Rather,
24 | Plaintiff has alleged in a conclusory manner that he had a property interest in his employment
25 | and that the City's actions in removing this interest were taken according to official policy,
26 | custom or practice. *See In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)
27 | (holding that the court need not accept as true for purposes of a 12(b)(6) motion unreasonable
28 | inferences or unwarranted deductions of fact). Therefore, Plaintiff does not state a claim against

1   the City pursuant to 42 U.S.C. § 1983. *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1178-79

2   (E.D. Cal. 2005).

3       **F.    Plaintiff's Third Cause of Action Must be Dismissed Because Plaintiff**
        **Failed to Participate in the Accommodation Process and the Superior**
4       **Court held that Plaintiff is Not Entitled to Work as a Deputy Sheriff**

5           Plaintiff's third cause of action alleges that that the City violated the California Fair

6   Employment & Housing Act ("FEHA") by failing to accommodate Plaintiff's alleged disability

7   and releasing Plaintiff from his probationary employment with the City. This cause of action

8   has no merit, however, because the findings in the prior litigation show that Plaintiff was not

9   released from his probationary employment until after he was provided with a lengthy leave of

10  absence and that Plaintiff was not entitled to be reinstated to his former deputy sheriff position.

11  Moreover, Plaintiff refused to participate in the reasonable accommodation process with the

12  City. Accordingly, Plaintiff's third cause of action is without merit and should be dismissed

13  without leave to amend.

14          An employer should not be held liable under the FEHA for taking employment actions

15  with respect to an allegedly disabled employee that has declined to participate in the reasonable

16  accommodation process. *See Jensen v. Wells Fargo Bank*, 85 Cal.App.4[th] 245, 263 (2000). As

17  noted above, Plaintiff failed to participate in the reasonable accommodation process despite the

18  City offering Plaintiff three ways to return to work: (1) return to full duty as a deputy sheriff if

19  he was medically capable of performing the job's essential functions; (2) return to full duty as a

20  deputy sheriff with reasonable accommodations that would allow him to perform the job's

21  essential functions; or (3) transfer to another position under the City's disability transfer

22  program. (Exhibit A to RJN at pp. 2:20-21.) For this reason alone Plaintiff's third cause of

23  action should be dismissed.

24          Defendant does not concede that Plaintiff had a FEHA-covered disability. However,

25  even if he had, the City provided him with a reasonable accommodation by placing him on a 15

26  year leave of absence and by offering Plaintiff three viable ways to return to work. (Exhibit A

27  to RJN at pp. 2:20-21 and 3:1-6.) It is well-established that leaves of absences are considered a

28  "reasonable accommodation" under FEHA. *See, e.g., Hanson v. Lucky Stores, Inc.*, 74

1    Cal.App.4th 215, 227 (1999). FEHA does not require that the employer provide the
2    accommodation that the employee requests. It requires only that the accommodation be
3    reasonable. *Id.* In this case, the City more than satisfied this requirement by providing Plaintiff
4    with an extended leave of absence and three viable ways to return to work with the City.

5         The City also did not unlawfully retaliate against Plaintiff. In order to establish a prima
6    facie case of retaliation under the FEHA, a plaintiff must plead and prove that: (1) he or she
7    engaged in protected activity; (2) he or she was thereafter subjected to an adverse employment
8    action; and (3) a causal link exists between the protected activity and the employer's adverse
9    action. *Colorassi v. Coty U.S. Inc.,* 97 Cal.App.4th 1142, 1152 (2002). As noted above, the
10   holdings in the prior litigation illustrate that plaintiff had no entitlement to work as deputy
11   sheriff and that he was provided with a lengthy leave of absence. Moreover, Plaintiff has not
12   plead that there was a causal connection between him engaging in any FEHA protected activity
13   and the City releasing him from his probationary employment as a deputy sheriff. Plaintiff is
14   also foreclosed as a matter of law from bringing a FEHA claim against the City because of his
15   failure to participate in the reasonable accommodation process. Accordingly, Plaintiff's third
16   cause of action should be dismissed without leave to amend.

17        **G.    Plaintiff has No Legal or Factual Basis for his Fourth Cause of Action**
18             **Alleging a Violation of a City Ordinance**

19        When Plaintiff exercised his right to file an amended complaint pursuant to F.R.C.P.
20   15(a), he added one new cause of action, violation of ordinance. This cause of action asserts
21   that the City violated City ordinance No. 12-08 and various unidentified provisions in the civil
22   service rules by: (1) placing Plaintiff on compulsory sick leave; (2) precluding Plaintiff from
23   obtaining employment elsewhere in the City and County of San Francisco; (3) failing to provide
24   Plaintiff with accommodation in his position, or an equivalent position; and (4) terminating
25   Plaintiff arbitrarily.

26        A Rule 12(b)(6) motion is proper where there is either "a lack of cognizable legal
27   theory" or "the absence of sufficient facts alleged under a cognizable theory." Balistreri v.
28   Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff's fourth cause of action fails

1   as matter of law because it does not state a cognizable legal theory.  Specifically, Defendant is

2   unaware of an individual having the ability to bring a stand-alone cause of action against his or

3   her former employer based on a theory that the employer violated a municipal ordinance.

4   Moreover, the ordinance that Plaintiff relies upon in support of the claim – San Francisco

5   Municipal Ordinance No. 12-08 File No. 071136 – has nothing to do with the City's civil service

6   rules or Plaintiff's former employment with the City.  (See Exhibit J to the RJN.)  Rather,

7   Ordinance No. 12-08 codifies the City's camping prohibitions.

8          The Fourth cause of action is also fatally flawed because Plaintiff has not identified any

9   specific provisions of the civil service rules that the City allegedly violated when he was placed

10  on a leave of absence and released from his probationary employment with the City.

11  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

12  dismiss for failure to state a claim."  In re VeriFone Litigation, 11 F.3d 865, 868 (9th Cir. 1993).

13  The City's civil service rules also do not provide probationary employees with a property

14  interest in their employment, so Plaintiff is foreclosed as a matter of law from asserting that the

15  City violated any civil service provisions when he was released from his probationary

16  employment. (See Exhibit E to the RJN at Section 117.9.1)  Moreover, as more thoroughly

17  discussed below, plaintiff's fourth cause of actions is without merit because the City's civil

18  service rules have an available administrative remedy that Plaintiff failed to utilize.

19  Consequently, Plaintiff's fourth cause of action should be dismissed.

20
21
22
**H.     Plaintiff's Fifth Cause of Action is Meritless because it has been
        Conclusively Established that Plaintiff was a Malingerer, Failed to
        Participate in the City's Accommodation Process, and was not Entitled to
        Return to Work**

23         As thoroughly described above, it has been conclusively established that Plaintiff was a

24  malingerer, that he failed and refused to participate in the City's accommodation process, and

25  that he is not entitled to be returned to work as a deputy sheriff.  An employer can not be held

26  liable for separating an employee where, as here, the employee has declined to participate in the

27  reasonable accommodation process. *See, e.g., Jensen v. Wells Fargo,* 85 Cal.App.4[th] 285, 263

28  (2000).  Because Plaintiff had no reinstatement rights and refused to participate in the City's

1  accommodation process, he is foreclosed from bringing any legal action based on his release

2  from his probationary employment with the City.[4]

3       Moreover, when Plaintiff lost his lawful entitlement to occupy the deputy sheriff

4  position, he lost his ability to bring a wrongful termination claim against the City. *See Motevalli*

5  *v. Los Angeles Unified Sch. Dist.,* 122 Cal.App.4[th] 97 (2004).  In its April 2006 statement of

6  decision, the California Superior Court specifically held that Plaintiff had no entitlement to

7  work as a deputy sheriff because he was not entitled to be reinstated to his former position.  This

8  decision occurred after the City provided Plaintiff with an extended leave of absence.

9  Accordingly, Plaintiff has no factual or legal support for his claim that he was wrongfully

10  terminated in violation of public policy.

11
        **I.    Plaintiff's Fourth and Fifth Causes of Action are Without Merit**
12          **Because He Failed to Exhaust His Administrative Remedies.**

13       It is well settled under California law that litigants must <u>plead and prove</u> that they

14  exhausted all available administrative remedies before seeking redress in the courts. See

15  *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 292 (1941) ("the rule is that where an

16  administrative remedy is available by statute, relief must be sought and this remedy exhausted

17  before the courts will act"); *Lopez v. Civil Service Comm'n*, 232 Cal.App.3d 307, 311 (1991)

18  ("[b]efore seeking judicial review a party must show that he has made a full presentation to the

19  administrative agency upon all issues of the case and at all prescribed stages of the

20  administrative proceedings").  Indeed, a "failure to exhaust administrative remedies is a

21  fundamental defect" and deprives courts of their jurisdiction over matters which could possibly

22  have been resolved through administrative proceedings. *Id.* at 311.

23       The need for litigants to have exhausted their administrative remedies is particularly

24  necessary in the public employment context where such agencies often provide remedies short

25  of litigation. *Id.* at 314; *Edgren v. Regents of Univ. of Calif.* (1984) 158 Cal.App.3d 515, 520-

26  521.) In *Palmer v. Regents of Univ. of Calif.* (2002) 107 Cal.App.4[th] 899, 904-906, the Court of

27

28
---
[4] Moreover, the Court's ruling in the most recent writ action provides a separate and independent basis for his release from probationary employment.

1  Appeal granted summary judgment in a wrongful termination in violation of public policy

2  action when the employee did not pursue the claim through internal grievance procedures. The

3  court explained its reasoning.

> Exhaustion of internal grievance procedures is required not because of
> contractual obligation but because of "compelling" policy considerations:
> "[A]n exhaustion of remedies requirement serves the salutary function of
> eliminating or mitigating damages. If an organization is given the
> opportunity quickly to determine through the operation of its internal
> procedures that it has committed error, it may be able to minimize, and
> sometimes eliminate, any monetary injury to the plaintiff by immediately
> reversing its initial decision and affording the aggrieved party all
> membership rights; an individual should not be permitted to increase
> damages by foregoing available internal remedies. [Citation.] [¶] Moreover,
> by insisting upon exhaustion even in these circumstances [where the plaintiff
> is seeking only damages and not reinstatement], courts accord recognition to
> the 'expertise' of the organization's quasi-judicial tribunal, permitting it to
> adjudicate the merits of the plaintiff's claim in the first instance. *Id.* at 905,
> citing *Westlake Community Hosp. v. Superior Court*, (1976) 17 Cal.3d 465,
> 476.

14  Here, while Plaintiff has vaguely alleged that the City violated provisions of the City's

15  civil service rules, he has failed to allege any facts showing that he exhausted the appeal

16  procedures of the civil service rules prior to filing the instant lawsuit. (See Exhibit K to the

17  RJN.) Moreover, the Memorandum of Understanding ("MOU") that covered Plaintiff while he

18  was employed by the City sets forth a grievance process that culminates in an arbitration

19  hearing. (See Exhibit D of the RJN at Section I.H.)  Plaintiff did not exhaust the MOU

20  grievance procedure with respect to the alleged wrongful conduct that he uses as the basis for

21  this fourth and fifth causes of action. Because Plaintiff failed to exhaust available City

22  administrative remedies, his fourth and fifth causes of action should be dismissed without leave

23  to amend.

24  **J.    In the Alternative, All Allegations in the FAC Related to The City's**
      **Wrongdoing With Respect to Plaintiff's Disability Retirement,**
25    **Accommodation and Entitlement to Work as a City Employee Should Be**
      **Stricken**
26

27  Plaintiff's substantive allegations in the FAC involve issues that have been rehashed

28  from Plaintiff's multiple prior legal actions against the City. In the unlikely circumstance that

1  the Court does not dismiss all six of Plaintiff's claims without leave to amend, all of the

2  allegations in the FAC that have already been adjudicated in the City's favor must be stricken

3  because they create a serious risk of prejudice, delay and confusion of the issues.

4      Before responding to a pleading, a party may move to strike from a pleading any

5  "redundant, immaterial, impertinent or scandalous matter," including single words or phrases.

6  Fed. R. Civ. Pro. 12(f); *See Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd*

7  *on other grounds* in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). Allegations that

8  have already been adjudicated in a different forum may be stricken from a pleading pursuant to

9  Rule 12(f). *Fantasy Inc., supra*, 984 F.2d at 1527.

10     "The function of a 12(f) motion to strike is to avoid the expenditure of time and money

11 that must arise from litigating spurious issues by dispensing with those issues prior to trial.

12 Immaterial matter is that which has no essential or important relationship to the claim for relief

13 or defenses being pleaded. Impertinent matter consists of statements that do no pertain, and are

14 not necessary, to the issues in question. Superfluous historical allegations are a proper subject

15 of a motion to strike." *Fantasy, supra.*, 984 F.3d at 1527. Allegations that consist of stale and

16 barred charges that have already been extensively litigated are subject to a motion to strike

17 because they create a serious risk of prejudice, delay and confusion of the issues. *Id.* at 1528.

18 Accordingly, this Court should strike the issues and claims from the FAC that

19 have already been judicially determined during the extensive litigation history between the

20 parties.[5]

21     **K.    The Court Should Issue a Protective Order Forbidding Discovery on Issues
22            that Have been Litigated if this Lawsuit is not Dismissed**

23     F.R.C.P. 26(c) specifically instructs the Court to limit the frequency or extent of

24 discovery if justice so requires to protect a party from annoyance, embarrassment, oppression,

25 or undue burden or expense. Courts have almost complete discretion to determine what

26 constitutes good cause to issue a protective order. *Flatow v. Islamic Republic of Iran,* 308 F.3d

27 1065, 1074 (9th Cir. 2002). In this case, the FAC is riddled with immaterial and impertinent

28

---

[5] See Notice of Motion at ¶ 7 for Specific Provisions of FAC to be stricken.

1  allegations that have already been adjudicated in multiple prior lawsuits involving the same
2  parties. The City has expended significant resources litigating these issues in prior lawsuits, and
3  should not be required to expend further resources in discovery addressing issues that have
4  already been judicially determined. Accordingly, this Court should issue a protective order
5  foreclosing Plaintiff from pursuing such discovery.

6  **IV.    Conclusion**

7          For the reasons set forth above, the City respectfully requests that its motion to dismiss
8  be granted in its entirety. Alternatively, if the motion to dismiss is not granted in its entirety,
9  Defendant requests that its motion to strike is granted and that this Court issue an order
10 precluding Plaintiff from relitigating claims and issues that have already been determined during
11 the extensive litigation history between the parties.

12 DATED: April 25, 2008                    MEYERS, NAVE, RIBACK, SILVER & WILSON

14                                          By:  /s/ Jesse J. Lad
                                                 Jesse J. Lad
15                                               Attorneys for Defendant