**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER | **CASE NO: 07-CV-05792-SI** |
|              Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE** |
|     vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES ONE through TEN, inclusive | **Date: May 30, 2008**<br>**Time: 9:00 a.m.**<br>**The Honorable Susan Illston** |
|           Defendant. | |

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................4

III.  ARGUMENT ......................................................................................................6

      A.    SETZLER'S CLAIMS ARE NOT PRECLUDED BY COLLATERAL
            ESTOPPEL OR RES JUDICATA ...........................................................6

      B.    EACH CAUSE OF ACTION REMAINING AFTER SETZLER'S
            AMENDMENT INVOLVES SPECIFIC ACTS AND CLAIMS NOT
            BARRED BY RES JUDICATA, COLLATERAL ESTOPPEL OR
            THE REQUIREMENT TO EXHAUST ADMINISTRATIVE
            REMEDIES ..........................................................................................10

            2.    Section 1983 Claim re Procedural Due Process ....................11

            3.    FEHA Claim for Failure to Accommodate, Failure to
                  Participate In Interactive Process, and Retaliation .............13

            4.    Violation of Civil Service Rules ............................................14

            5.    Wrongful Termination in Violation Of Public Policy ..........16

            6.    Injunctive Relief ...................................................................16

      C.    CCSF MUST PROVE THAT EACH ALLEGATION WHICH IT
            SEEKS TO STRIKE IS BOTH BARRED FROM ADJUDICATION
            AND REDUNDANT, IMMATERIAL, IMPERTINENT OR
            SCANDALOUS ....................................................................................17

      D.    CCSF'S REQUEST FOR A PROTECTIVE ORDER DOES NOT
            ALLOW SETZLER TO ADDRESS THE PROPOSED CONTENTS
            OF SUCH A PROTECTIVE ORDER .....................................................17

IV.   CONCLUSION .................................................................................................18

**Cases**

Federal

*Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912..................................... 4

*Brady v. Gebbie* (9th Cir. 1988) 859 F.2d 1543……………………………………………………….12

*Burt v. Abel* (4th Cir. 1978) 585 F.2d 613………………………………………………………… 12

*Owens v. Kaiser Foundation Health Plan, Inc.* (9th Cir. 2001) 244 F.3d 708 .............................. 8

*Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F3d 517 ....................................... 12

California

*Chavez v. Civil Service Com.* (1978) 86 Cal.App.3d 324 ............................................................ 15

*Emerson v. Yosemite Gold Mining & Milling Co.* (1906) 149 Cal. 50....................................... 6

*Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215 ...................................................... 14

*Jensen v. Wells Fargo Bank* (2000) 85 Cal. App. 4th 245............................................................ 13

*Motevalli v. Los Angeles Unified Sch. Dist.* (2004) 122 Cal. App.4th 97 ..................................... 10

*Title Guarantee & Trust Co. v. Monson* (1938) 11 Cal.2d 621 .................................................. 7

## I.    INTRODUCTION

Defendant City and County of San Francisco ("CCSF") argues that Plaintiff William Setzler's complaint is barred under the doctrines of res judicata and collateral estoppel. Defendant's argument has a fundamental and dispositive flaw.  It is axiomatic that in order for res judicata or collateral estoppel to apply, the issues presented in Mr. Setzler's current lawsuit would have to have been fully and finally adjudicated.  *Title Guarantee & Trust Co. v. Monson* (1938) 11 Cal.2d 621, 631.  Here, however, the allegations upon which Plaintiff's claim rests occurred after  the decision rendered in an earlier lawsuit brought by Mr. Setzler against CCSF. Accordingly, and for the reasons discussed below, neither res judicata nor collateral estoppel can possibly apply to preclude this claim.

CCSF argues in its Motion to Dismiss/Strike that prior judicial decisions, including the decision issued by Judge James L. Warren denying a Writ of Mandate sought by Plaintiff William Setzler, preclude Setzler's entire complaint.  Yet, it is beyond reasonable dispute that those prior decisions, including Judge Warren's decision of March 1, 2006, did not, and could not conceivably have addressed the following issues – each of which occurred after the allegedly "preclusive" decision by Judge Warren,  but while Setzler remained an employee of CCSF:

1)    Setzler appeared on a cable television program entitled "Californians Injured At Work" and discussed his ongoing battle with the Retirement Board and the concealment of medical evidence by former deputy City Attorney David Benjamin and the City Attorney's office.  The retaliatory acts after this appearance were not (and, temporally, could not have been) adjudicated by Judge Warren.

2)    Setzler re-reported for duty to the Sheriff's Office on June 16, 2006, after the date of Judge Warren's decision.  In his initial letter to Sheriff Hennesey, Setzler informed the Sheriff of his appearance on "Californians Injured At Work."  Despite several attempts by Setzler and his attorney to engage the Sheriff's Office regarding an accommodation, the Sheriff's Office refused to respond, refused to meet with Setzler, failed to reassign him to a position, and

failed to accommodate him.  Instead, the Sheriff's Office's only response to Setzler's and his attorney's inquiries was to terminate Setzler on November 1, 2006, eight months after Judge Warren's decision.  These failures to participate in the interactive process with a current employee, failure to accommodate a current employee and the termination were not (and, temporally, could not have been) adjudicated by Judge Warren.

3)     The Sheriff's Office continued to carry Setzler on sick leave thereby precluding him from obtaining any other employment outside the Sheriff's Office.  This retaliatory action, which deprived Setzler of employment of any kind, was never adjudicated by Judge Warren.

4)     The Sheriff's Office terminated Setzler on November 1, 2006 for the sole reason that he "failed to complete probation."  Yet, Setzler had "failed to complete probation" roughly 15 years earlier thereby raising the strong inference that CCSF's stated reason was pretext for termination for another reason: a) retaliation for Setzler's outspoken criticism of CCSF's IDR process and practices, b) retaliation for Setzler's complaints about the Sheriff's Office's refusal to accommodate him, or c) simply to get rid of Setzler rather than accommodate his disability.  These issues pertaining to the real reason for Setzler's termination were never adjudicated by Judge Warren.

In sum, because the questions at issue here, including the issue of whether Setzler was terminated for a legitimate or a pretextual reason, were never adjudicated by Judge Warren, and thus they are appropriately resolved by this Court.  Indeed, CCSF does not (and cannot) contend that the following questions (at issue here) were determined in any prior judicial proceeding:

1)     whether Plaintiff was terminated because of his outspoken and public criticism of CCSF and the Sheriff's Office, a fact which he brought to the attention Sheriff Hennesey prior to his termination - notwithstanding CCSF's incorrect assertion to the contrary (See Defendant's

1    Brief, page 10-11.[1])

2        2)    whether CCSF, its Retirement Board, and its City Attorney's Office maintain a

3            policy to deny disability retirement to individuals who have not worked for a

4            certain number of years, using fraudulent methods.

5        3)    whether City Attorneys and members of the Sheriff's Office affirmatively lied

6            (rather than simply concealed evidence) to Setzler and others, including the

7            Retirement Board, regarding his right to disability.[2]

8        4)    whether City Attorneys and members of the Sheriff's Office lied to Setzler

9            and/or concealed information from Setzler regarding Setzler's leave status,

10           thereby preventing him from obtaining other employment.[3]

11       5)    whether the Sheriff's Office deliberately avoided participating in the interactive

12           process with Setzler (i.e. played "cat and mouse games") after Judge Warren's

13           decision in order to avoid a discussion about accommodation prior to his

14           termination.

15       6)    whether Setzler was wrongfully terminated for any reason.[4]

16       As a result, while CCSF's Motion to Dismiss/Strike rests heavily on Judge Warren's prior

17   decision, and while that opinion contains dicta that CCSF seeks to make a cornerstone of its

18   _____

19       [1] CCSF appears not to have read the First Amended Complaint carefully as Plaintiff
     specifically alleges facts showing that Sheriff Hennessey was aware of Setzler's appearance on
20   public access television (para. 34) and that this appearance was the reason or a motivating factor
     for his termination. (para. 49, 51)

21       [2] Again, CCSF is not paying close attention to the allegation sin the Amended Complaint;
     Setzler has asserted misrepresentation as well as concealment. (FAC, para. 28)

22       [3] Setzler has asserted misrepresentation as well as concealment with regard to his leave
     status. (FAC, para. 38, 42, 43)

23       [4] While Setzler contends that wrongful acts by CCSF, CCSF's Retirement Board, CCSF's
24   City Attorney's Office, and CCSF's Sheriff's Department resulted in incorrect judicial decisions,
     it is important to note what Setzler **does not** seek to re-litigate in this action: 1) that he is entitled
25   to Industrial Disability Leave, 2) that he is entitled to a permanent light duty position with the
     Sheriff's Office, and 3) that he is entitled to reinstatement with the Sheriff's Office with backpay
26   based on Government Code section 21153.  Rather, he will prove damages flowing directly from
     the wrongful acts alleged in the instant complaint such as loss of income, loss of reputation and
27   ability to compete in the job market, consequential loss of other economic opportunities,
     substantial emotional distress, injunctive relief and attorneys fees.

28

1  motion, the fact remains that the law simply does not allow Judge Warren's opinion to be treated

2  as a "free pass" for the City to violate Setzler's constitutional and statutory rights **after** the

3  decision was issued.  Yet, that is what CCSF and its Sheriff's Office did.

4      In short, given that the instant lawsuit presents unlitigated issues surrounding Setzler's

5  treatment when he returned to the Sheriff's office **following** Judge Warren's decision, and given

6  that Setzler has raised triable issues of fact as to whether CCSF acted in an egregious and

7  reprehensible manner by refusing to provide him the benefit of any employment or the ability to

8  earn a paycheck is properly before this Court.

9  **II.    FACTUAL BACKGROUND**

10      AMotion to Dismiss must be based entirely on facts contained within the four corners of

11  the complaint or judicially noticeable and that all questions regarding those facts must be

12  construed in favor of the plaintiff.

13      This Court must "accept all factual allegations of the complaint as true and draw all
       reasonable inferences in favor of the nonmoving party." Id. …. "Conclusory allegations
14      of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
       failure to state a claim." Id. …. "A dismissal for failure to state a claim is proper only if it
15      appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
       which would entitle him to relief." (citation omitted by counsel)

16

17  *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 923.   In contravention

18  of this well-established principle, CCSF, in its Motion to Dismiss, interprets factual allegations

19  to its benefit and omits discussion of factual allegations which preclude dismissal.  For this

20  reason alone, Defendant's Motion to Dismiss/Strike should be denied.  Nevertheless, Setzler

21  filed a First Amended Complaint, pursuant to Federal Rule of Procedure Section 41(a), to clarify

22  his allegations.  To the extent that the Court finds any merit to Defendant's arguments, and finds

23  that those arguments are properly based on allegations within the amended complaint, Setzler

24  should be allowed to further amend his complaint.

25      The following allegations provide background for Setzler's complaint:  William Setzler

26  suffered an occupational injury to his foot on January 2, 1990.  Setzler applied for a PERS

27  industrial disability retirement ("IDR") which was denied.  On subsequent occasions, while

28  continuing to seek his disability retirement, Setzler also sought accommodation from the

**07-CV-05792-SI**                           4

Sheriff's Office and a return to work on a modified, light duty basis and was refused on the false basis that such an accommodation did not exist.  Faced with the deliberate Catch-22 created by CCSF, Setzler continued his long legal battle to obtain his disability retirement benefits.

Setzler's initial legal battle was stymied by substantial interference with his procedural rights including, most significantly, admitted concealment of critical medical records and misrepresentation of the facts regarding Setzler's medical condition by Deputy City Attorneys, most notably David Benjamin.  Mr. Benjamin was later admonished by the California Bar Association for his actions.

Setzler's many attempts to obtain other employment were also stymied by misrepresentations by Deputy City Attorneys and the Sheriff's Office.  Setzler's goal of obtaining alternative employment within CCSF were blocked by the Sheriff's Office's improperly and secretly designating his leave as "sick leave" rather than disability leave, thereby preventing Setzler from obtaining a transfer.  Setzler's ability to obtain outside employment was defeated by the disability retirement rules precluding him from seeking outside employment while his case dragged on.  Setzler's attempts to return to the Sheriff's office were also rebuffed with the false claim that the Sheriff's Office does not provide light duty work to accommodate disabilities.  In these ways, CCSF maliciously blocked any attempt that Setzler made to obtain his benefits or earn a paycheck.

Ultimately, after Setzler sought a Writ of Mandate compelling CCSF to approve his request for disability retirement and CCSF received a decision Denying Motion To Grant Writ petition from Judge James Warren on March 1, 2006, the Sheriff's Office terminated Setzler, eight months later, on November 1, 2006, on the alleged basis that he had failed to complete probation.  The termination letter also cryptically referred to the decision by Judge Warren. However, between March 1, 2006, the date of the decision, and November 1, 2006, the date of Setzler's termination, Setzler continued to both seek IDR benefits, in which he claims a property interest, sought to clear up his leave status so he could obtain outside employment, and to seek accommodated placement in the Sheriff's Office.

1  **III.    ARGUMENT**

2        **A.    Setzler's Claims Are Not Precluded By Collateral Estoppel or Res Judicata**

3            The Court must look carefully at the scope of the Writ of Mandate filed by Mr. Setzler

4  (see Request For Judicial Notice, Exhibit A) in comparison to the Decision on that Writ of

5  Mandate signed by Judge Warren (and written by the City Attorney's Office).  See Defendant's

6  Request For Judicial Notice, Exhibit A.  The Writ of Mandate simply asks for a return to work

7  pursuant to the Sheriff's administrative obligations.  As a result, that is all that was properly

8  before the court.  The Decision, on the other hand, is replete with extraneous dicta that was

9  deliberately written by the City Attorney's Office to cover every possible argument that Mr.

10  Setzler ever made against CCSF regardless of its relevance to the narrow issue of whether the

11  Sheriff was compelled to reemploy Setzler at that time.  That Judge Warren adopted the City

12  Attorney's draft order verbatim does not, and cannot alter, the scope of the legal issue that was

13  actually placed before the Court for decision.  Put differently, because collateral estoppel and res

14  judicata apply to claims that were actually and fully litigated – they cannot possibly apply to

15  orders going beyond the scope o that which was presented for adjudication.

16            It is CCSF's burden to prove its defenses of collateral estoppel and res judicata.  *Emerson*

17  *v. Yosemite Gold Mining & Milling Co.* (1906) 149 Cal. 50, 57 ("it is not enough that the

18  proposed evidence tends to show that the precise question may have been involved in such

19  litigation.  It must clearly appear that it was directly involved and adjudicated")  CCSF has not

20  done so.  CCSF has merely shown that Judge Warren signed an order containing numerous

21  extraneous conclusions and *dicta* unrelated to the narrow issue of whether the Sheriff was

22  compelled to reemploy Setzler at the time the writ of mandate was sought. Again, that does not

23  mean that every underlying fact and contention of law related to those extraneous conclusions

24  was litigated.  For instance, whether Setzler was a "malingerer," had unclean hands, played a

25  "cat and mouse game" with respect to accommodation efforts, that Setzler's claims of disability

26  were not credible, or that Setzler had not shown that CCSF had concealed evidence were not at

27  issue in a Writ of Mandate based on Government Code section 21153.  There is no evidence

28  before this Court that those issues were litigated before Judge Warren, much less *fully* litigated,

**07-CV-05792-SI**                              6

1  as opposed to being written into the order by CCSF as the prevailing party on the narrow issue of

2  whether the Sheriff was obliged to reinstate Setzler pursuant to Government Code section

3  21153.[5]

4          Moreover, even assuming the incorrect conclusion that the dicta adopted by Judge

5  Warren were actually fully litigated, CCSF still cannot prevail on its argument that claims

6  asserted <u>after</u> Judge Warren's decision are covered under the blanket of Judge Warren's ruling.

7  Indeed, the position defies logic and ignores time.  For example, CCSF argues in its Brief that

8  "[t]he doctrine of claim preclusion bars all grounds for recovery which could have been asserted,

9  whether they were or not, in a prior suit between the same parties and the same causes of action."

10  CCSF's Motion to Dismiss, page 7.  How was Setzler supposed to litigate a termination that had

11  not yet occurred?  How was Setzler supposed to challenge a refusal to accommodate his

12  disability that had not yet occurred?  How was Setzler supposed to litigate issues of violation of

13  his rights to free speech that had not yet occurred?  How was Setzler supposed to litigate

14  violations of his due process and Civil Service rights that were not at issue or had not yet

15  occurred?  He could not, did not, and thus should not be precluded from litigating these

16  violations.

17          In *Title Guarantee & Trust Co. v. Monson* (1938) 11 Cal.2d 621, the California Supreme

18  Court held that preclusion did not apply to issues that a) "were not germane to nor essentially

19  connected with the actual issues that were raised in the former action, even though, with

20  propriety such issues might have been raised therein" or b) that, "although growing out of the

21  same subject matter, but which constitute separate or distinct causes of action, and which were

22  not put in issue in the former action."  Id. at 631.  See also, *Owens v. Kaiser Foundation Health*

23
24          [5] CCSF fails to show how a narrowly drawn Petition for Writ of Mandate seeking
   reinstatement of Setzler pursuant to the Sheriff's obligation to reinstate Setzler under
   Government Code section 21153 led to such a broadly written decision.  Setzler's intent in
25  bringing the Petition was to be reinstated.  As with all Petitions for Writ of Mandate, a hearing
   was conducted but the Order does not state that any witnesses were sworn or that any
26  examination or cross-examination was conducted.  There is no evidence <u>within</u> the Order that
   important issues, such as allegations of misrepresentation and concealment, were fully litigated.
27  In the end, Jude Warren requested that each party submit a proposed order and used CCSF's
   order as his ruling.
28

1    *Plan, Inc.* (9th Cir. 2001) 244 F.3d 708, 713, cited by CCSF, in which the central criterion for

2    determining whether there is an identity of claims between the first and second actions is

3    whether the two actions arise out of the same transactional nucleus of facts. The post-Warren

4    claims cannot have arisen out of the same transactional nucleus of facts since the transactions

5    had not occurred yet.[6]

6         In addition, Judge Warren's decision did not absolve CCSF of every prior wrong that it

7    had committed against Setzler, if that wrong was not discussed in the opinion, could not have

8    been litigated in the action seeking a Writ of Mandate, or, in fact, was not litigated in the action

9    seeking a Writ of Mandate. Importantly, CCSF does not even attempt to dispute that Judge

10   Warren's decision did not address any of the following issues presented in the instant action.

11        1)  Setzler's wrongful termination or the reasons therefore (since it had not yet occurred).

12        2)  Any issue of retaliation for exercise of freedom of speech (since it had not yet

13            occurred).[7]

14        3)  Any issue of denial of procedural due process protected under the Constitution (since

15            Judge Warren specifically addressed Setzler's petition to be returned to work

16            pursuant to state statute) including any allegation that CCSF, its Retirement Board,

17            and its City Attorney's Office maintain a policy to deny disability retirement to

18

19   _____

     [6] Equally instructive are cases following *Miller v. County of Santa Cruz* (9th Cir.1994) 39 F.3d

20   1030 (9th Cir.1994), a case which addressed the preclusive effect of administrative remedies and
     found that such remedies are afforded preclusive effect only of they provide a reasonable

21   opportunity to litigate the issues sought to be precluded: *Embury v. King* (N.D. Cal 2001) 191 F.
     Supp. 2d 1071, 1082 (following Miller in determining that plaintiff's failure to seek state court

22   review of an administrative decision did not preclude his section 1983 claim), *Guru Nanack Sikh
     Society of Yuba County v. County of Sutter* (E.D. Cal. 2003) 326 F. Supp. 2d 1128, 1133

23   (following *Miller* in determining that allegedly precluded claims could not have been raised in
     prior proceeding), *North Pacifica, LLC v. City of Pacifica* (N. D. Cal. 2005) 366 F. Supp. 2d

24   927, 930-933 (following *Miller*, and reviewing the administrative record, in determining that
     plaintiff did not have adequate opportunity to raise issues), *Plato.C.LLC v. City of San Jose*

25   (N.D. Cal. 2005) 2005 WL 1889312 (following *Miller* in determining that *Utah Construction*
     fairness was not met).

26
     [7] At least one court, the Second Circuit, has also held that in actions under Section 1983,

27   res judicata effect is not to be given to constitutional issues which might have been, but were not,
     litigated in an earlier state court action. *Ornstein v. Regan* (2d Cir. 1978) 574 F.2d 115.

28

1    individuals who have not worked for a certain number of years, using fraudulent

2    methods.[8]

3    4)  Any issue of retaliation for seeking accommodation of a disability or speaking out

4    about failure to provide such accommodation after Judge Warren signed the decision.

5    5)  Any issue pertinent to the claim that CCSF prevented Setzler from working elsewhere

6    by placing him on sick leave rather than disability leave (since this was not discussed

7    in any portion of Judge Warren's decision).

8    As the *Monson* Court held, the claim preclusion does not apply to separate and distinct causes of

9    action, which were not put at issue in the prior litigation.  *Id.*

10    In fact, the evidence cited by CCSF at page 10 of its Brief to support of its argument that

11    all relevant issues have been decided, provides no such support.  There is no statement in Judge

12    Warren's decision to the effect that CCSF *did not* conceal evidence supportive of Setzler's claim

13    for IDR but, rather, that Setzler had not shown evidence of such concealment for purposes of his

14    arguments pertaining to the Writ of Mandate.  Similarly, there is no statement in Judge Warren's

15    decision, or any decision, to the effect that CCSF *did not* misrepresent facts supportive of

16    Setzler's claim for Industrial Disability Retirement.  In that context, Judge Warren made no

17    finding that CCSF had not violated Setzler's constitutional right of due process.

18    Further, there are no statements in Judge Warren's decision which preclude Setzler from

19    pursuing a new effort to become <u>gainfully</u> employed with the Sheriff's Office or some other City

20    entity.  While Judge Warren (through CCSF's pen) had harsh words for Setzler's prior approach

21    to interaction with CCSF, he also listed the options available to Setzler:

22        First, Setzler could have returned to full duty as a deputy sheriff if he was
        medically capable of performing the job's essential functions.  Second, Setzler
23        could have returned to full duty as a deputy sheriff with reasonable

24    _____

    [8] While Setzler does not seek to relitigate his entitlement to Industrial Disability
25    Retirement, he does seek to litigate the other damages caused by CCSF's denial of due process
    by fraud and concealment, not the least being the substantial emotional distress caused to him by
26    that fraud and concealment.  While Judge Warren ruled that a) proof of fraud and concealment
    would not resurrect a barred claim and b) that Setzler had not shown, in that litigation, that CCSF
27    wrongfully concealed evidence or engaged in fraud or perjury, there is no evidence that the
    actual issue of whether CCSF did in fact commit fraud and concealment was ever fully litigated.

28

accommodations that would have allowed hm t perform the job's essential functions.  Third, Setzler could have transferred to another City job under the City's disability transfer program.

Exhibit A to Defendant's Request for Judicial Notice, page 19, lines 17-21

Having been chastised by Judge Warren, Setzler followed those directives starting in June of 2006.  Unfortunately, and that is what some of this lawsuit is about, Setzler was rebuffed by the Sheriff's Office.  The issue of whether the Sheriff's Office violated its obligations to accommodate or transfer Setzler after he made these attempts simply has not been adjudicated – and there cannot be any reasonable dispute about that fact.

> **B.      Each Cause of Action Remaining After Setzler's Amendment Involves Specific Acts And Claims Not Barred By Res Judicata, Collateral Estoppel or the Requirement To Exhaust Administrative Remedies**

CCSF incorrectly argues that each cause of action is barred by res judicata, collateral estoppel or a failure to exhaust administrative remedies.  Further, CCSF argues that those claims that are not barred by res judicata, collateral estoppel or failure to exhaust administrative remedies fail to state specific claims sufficient to allow CCSF to conduct discovery.  To the contrary, each cause of action brought by Setzler contains the requisite allegations to defeat a defense of res judicata, collateral estoppel or failure to exhaust administrative remedies <u>and</u> contains specific allegations sufficient for CCSF to conduct discovery.

As a general argument CCSF "anticipates" (by having read Setzler's prior opposition) Setzler's argument that post-decision actions cannot be subject to claim or issue preclusion and states, wrongly, that Judge Warren's decision covers even post-decision wrongful acts.  CCSF first relies on a case, *Motevalli v. Los Angeles Unified Sch. Dist.* (2004) 122 Cal. App.4th 97 (without citation to any specific page of that decision), a case which bears no passing resemblance to supporting authority.  The *Motevalli* case is cited as support for the position that an employee who has lost legal entitlement to public employment may not claim wrongful termination.  However, in this case, Setzler never had "entitlement" to employment as a Sheriff's Deputy; he was a probationary employee.  Nevertheless, this lack of "entitlement" to a job as a Sheriff's deputy does not alter the fact that it is impermissible to terminate any employee,

1  probationary or not, for exercising their rights to protected speech or for exercising their rights to

2  seek accommodation of a disability.  The *Motevalli* case does not speak to that issue and is

3  wholly inapposite.

### 1.     Section 1983 Claim re Freedom of Speech

5        In this claim, Setzler alleges that he was retaliated against and terminated for speaking

6  publicly about his mistreatment by CCSF and its Retirement Board and Sheriff's Office.  The

7  issue of retaliation was not adjudicated by Judge Warren and the primary examples of the

8  mistreatment, the Sheriff's Office's refusal to accommodate Setzler and its termination of his

9  employment occurred subsequent to any judicial decision.

10       In its **_only_** argument[9] in favor of dismissal of the First Amendment claim, CCSF

11  disingenuously contends that Setzler has not alleged the requisite protected speech, adverse

12  employment, and protected speech as a motivating factor for the adverse employment action.

13  CCSF's argument is belied by paragraphs 34, 35, 39 and 49 through 54 in which Setzler

14  specifically alleges the requisite protected speech (an appearance on television criticizing the

15  Retirement Board and Sheriff's Office) was known by the opposing party (Setzler informed

16  Sheriff Hennessey, in writing, of the appearance), an resulted in the adverse employment action

17  (termination) - and thus establishes the nexus between the termination as an act in retaliation for

18  the protected speech).

### 2.     Section 1983 Claim re Procedural Due Process

20       In this claim, Setzler also alleges for the first time that CCSF and its Retirement Board

21  and Sheriff's Office violated his right to procedural due process with respect to his application

22  for Industrial Disability Retirement.  While factual predicates of the claim for violation of

23  procedural due process were mentioned by Judge Warren in his decision, the specific question of

24  whether CCSF denied Setzler constitutionally reasonable due process was never adjudicated by

25  Judge Warren.  While CCSF disputes that Setzler had a property interest in his employment as a

26       _____

27          [9] CCSF does not, and cannot possibly argue that Setzler's First Amendment claim is precluded as previously litigated as all allegations supporting this claim occurred after the last judicial decision relied n by CCSF.

28

probationary employee, it says nothing anywhere in its Brief about his asserted property right in his disability retirement benefits withheld from him through concealment.  Moreover, while CCSF contends, incorrectly, that all issues with respect to CCSF's fraud and concealment used in withholding that property interest from Setzler have been adjudicated, it does not dispute that Setzler had a property interest in his disability benefits.[10]

In addition, CCSF also violated Setzler's right to due process through its mis-designation of his status as sick leave rather than disability leave.  Although Setzler's current complaint does not expressly claim that he "had a property interest in the ability to pursue other employment," the fact is he did have such an interest because that right was created by public law, and Setzler respectfully requests leave to further amend his complaint to so allege in paragraph 59.  The factual basis for such a clause is apparent, given that CCSF's Leave of Absence rules (which, as explained below, are given the force of law) allow someone on disability leave without pay to pursue other employment, and thus Setzler had a legally established property and liberty interest in the ability to pursue that other employment while pursuing his other property interest in his legally mandated Industrial Disability Retirement.  Further, the issue of fraud and concealment with respect to Setzler's leave status has never been fully adjudicated in any forum – and CCSF has not made a showing to the contrary.

Under the notice pleading standards, Setzler has stated a sufficient claim that he was denied procedural due process rights with regard to the actions taken against him.

> On a motion to dismiss we are required to read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them. *Lujan v. Nat'l Wildlife Federation*, 497 U.S.

---

[10] Again, Setzler does not seek to relitigate his actual entitlement to disability retirement benefits but does seek to prove all other damages flowing from CCSF's unconstitutional deprivation of his right to a fair hearing on that issue, not the least being his substantial emotional distress flowing from CCSF's fraudulent behavior.  See e.g. *Burt v. Abel* (4th Cir. 1978) 585 F.2d 613 (teacher who was not permitted to recover damages related to job loss was still permitted to seek damages for emotional distress caused stemming from the denial of due process.); *Brady v. Gebbie* (9th Cir. 1988) 859 F.2d 1543 (discharged medical examiner had no property interest in his job but ha liberty interest in lost opportunities due to accusation of dishonesty).

871, 889, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990); *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir.1990).

*Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F3d 517, 521

In fact, the original and Amended Complaint state specifically:

> Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, violated his constitutional rights as described in this Complaint because of customs, policies, directives, practices, acts and omissions of authorized policy makers of Defendant County and its Retirement Board and Sheriff's Office. These customs, policies, directives, practices, acts and omissions include, but are not limited to, the maintenance of employment practices that allow for actions which violate procedural due process rights of employees, including the maintenance of practices which allow Deputy City Attorneys to defeat meritorious claims for disability claims through fraud and concealment, and which allow employees of the Sheriff's Office to prevent an employee from returning to work on an accommodated basis if denied disability retirement and deny disabled employees alternative employment through violation of the Civil Service rules. These customs, policies, directives, practices, acts and omissions constitute gross negligence and/or deliberate indifference on the part of Defendant County in its obligation to ensure the preservation of an employee's constitutional rights.

Contrary to CCSF's incorrect argument (in its Brief at page 12), Setzler has alleged that CCSF has a custom, policy, and practice to violate the constitutional rights of individuals in Setzler's position in this case by misrepresenting and concealing evidence necessary for Setzler (like others) to prove his claims for disability. This allegation is sufficient to assert municipal liability at the pleading stage. *Arpin, supra,* 261 F.3d at 925 ("Even if the complaint contains 'nothing more than a bare allegation that the individual [officer's] conduct conformed to official policy, custom, or practice,'" dismissal of a 1983 complaint alleging municipal liability is improper." (citation omitted by counsel))

### 3.    FEHA Claim for Failure to Accommodate, Failure to Participate In Interactive Process, and Retaliation

Setzler also alleges that CCSF and its Sheriff's Office failed to accommodate him, failed to engage in the interactive process, and retaliated against him after he attempted to return to work after Judge Warren's decision - starting in June 2006. While Setzler does not dispute that the pre-March 1, 2006 instances of these failures were adjudicated by Judge Warren, the critical point her is that the post-decision failures were not and, therefore, can not be precluded now.

1   Moreover, CCSF has not established as a matter of fact or law that any of Setzler's attempts to

2   obtain accommodation after Judge Warren's decision were *precluded* by that decision, that Judge

3   Warren's decision *permitted* CCSF and its Sheriff's Office to refuse to engage in the interactive

4   process and to terminate Setzler (8 months later) or insulated CCSF from liability for the failure

5   to engage in the interactive process or its termination of Setzler.  The case cited by CCSF, *Jensen*

6   *v. Wells Fargo Bank* (2000) 85 Cal. App. 4th 245 and *Hanson v. Lucky Stores, Inc.* (1999) 74

7   Cal.App.4th 215, simply do not stand for or support the proposition that the employer's duties

8   end after a court decision regarding the employer's *prior* actions.

9          Importantly, when Setzler approached the Sheriff's Office to discuss accommodation and

10  participate in the interactive process, Setzler was still an employee (not having been terminated

11  yet), identified himself as disabled, alleges that he affirmatively sought accommodation in person

12  and in writing, and was denied even the interactive process, much less any accommodation.

13         Finally, CCSF's claims (in its Brief, at page 8, lines 16-17) that "plaintiff was

14  accommodated by the City when plaintiff was allowed to take an extended leave" is unavailing.

15  CCSF makes this claim without any support or citation to any portion of the record.  Further,

16  there is no evidence this contention has ever been litigated, notwithstanding CCSF's implication

17  to the contrary.

18                    **4.    Violation of Civil Service Rules**

19         In the instant action, Setzler alleges that CCSF violated its own Civil Service rules by

20  placing him on sick leave, thereby precluding him from obtaining outside employment while he

21  waited for decisions pertaining to his application for Industrial Disability Retirement or for the

22  Sheriff's Office to accommodate his disability.  Setzler has realleged this claim as Violation of

23  Ordinance, namely the Ordinance authorizing and adopting the Civil Service Rules, most

24  recently codified at San Francisco Municipal Ordinance No. 12-08, File No. 071136, approved

25  Jan. 31, 2008.  This citation was apparently erroneous and, much to the apparent amusement of

26  CCSF, refers to a camping ordinance.  In any event, Setzler seeks leave to further amend his

27  complaint to cite to the correct ordinance authorizing and adopting the Civil Service Rules under

28  which he was entitled to proper designation as being on disability leave.  Currently, CCSF's

1    Charter, which is the adopting ordinance for its Civil Service rules, is listed on CCSF's website

2    as Ord. No. 52-08, File No. 071672.  See Request for Judicial Notice, Exhibit B.  Given the

3    limitations of the website, Setzler will require discovery in order to obtain the prior iterations of

4    both the adopting ordinance and the Civil Service Rules.

5        Under the current Civil Service rules pertaining to Leaves of Absence (see Request for

6    Judicial Notice, Exhibit C) outside employment by an employee placed on sick leave is

7    precluded (see Request for Judicial Notice, Exhibit C, sections 120.12.1 and 120.22.1).

8    However, an employee placed on disability leave is not precluded from obtaining a transfer to

9    other employment  (see Request for Judicial Notice, Exhibit C, sections 120.24 et seq).  Setzler

10   alleges that he was improperly placed on sick leave as opposed to disability leave, thereby

11   precluding him from obtaining a disability transfer to other employment while waiting for

12   decisions from the Retirement Board and the Sheriff's Office.  He thereby lost years of potential

13   income which he badly needed after his disability benefits ended.

14       Although CCSF is correct that there is no case on point with respect to a private right of

15   action created by a Civil Service rule, Setzler should have a private right of action under this

16   Civil Service Rule as the Civil Service Rules are laws which both CCSF and its employees are

17   bound to follow.  *Chavez v. Civil Service Com.* (1978) 86 Cal.App.3d 324, 327-328 ("The rules

18   promulgated by the [Civil Service] Commission, within the scope of their application, have the

19   force and dignity of law, provided they are within the authority contemplated by the charter.")

20       Contrary to CCSF's incorrect contention, no administrative remedy was available to

21   correct the improper designation by CCSF.  The Civil Service rules pertaining to Leaves of

22   Absence specify which rules are grievable to the Director of Human Resources (and

23   subsequently to the Civil Service Commission) and only the rules so specified as grievable may

24   be grieved to the Director (see Request for Judicial Notice, Exhibit C, sections 120.42 et seq.).

25   The rules pertaining to placement on sick leave and disability leave do not specify that these

26   rules create a right of appeal. As a result, there is no administrative remedy through the Director

27   of Human Resources and Civil Service Commission.  Furthermore, the Memorandum of

28   Understanding, cited by CCSF and included in its Request for Judicial Notice as Exhibit D,

**07-CV-05792-SI**                    15      Opposition to Motion to Dismiss and/or Strike

1   explicitly states (at page 42, Sections 205 and 206) that certain areas governed by the Civil

2   Service Commission, including Leaves of Absence, may not be negotiated or arbitrated through

3   the union.  Thus, even the evidence relied upon by CCSF confirms there is no administrative

4   remedy which Setzler neglected to pursue.

5              **5.    Wrongful Termination in Violation Of Public Policy**

6          In this claim, Setzler alleges that CCSF wrongfully terminated him in violation of a

7   numerous statutory reasons.  CCSF does not discuss this claim other than to say that Setzler did

8   not exhaust his administrative remedies.  What remedies?  CCSF does not say.  As a

9   probationary employee, Setzler had no administrative remedies to challenge his termination and,

10  as previously discussed, had no required administrative remedies with respect to other claims.

11  CCSF fails to explain how this cause of action fails to state a claim or how a judicial decision

12  issued eight months prior to the termination can preclude the issue of the reason(s) for Setzler's

13  termination.

14         CCSF does not, and cannot, claim that Judge Warren's decision gave them an

15  unquestioned right to terminate Setzler's employment at some undisclosed future date for any

16  reason, even if that reason was illegal or against public policy, as it is here.

17             **6.    Injunctive Relief**

18         Setzler seeks injunctive relief preventing CCSF and its City Attorney's Office from using

19  concealment and fraud to defeat claims for industrial retirement benefits. In addition, Setzler

20  seeks injunctive relief preventing CCSF from keeping a prospective Industrial Disability

21  Retirement applicant in unpaid limbo through rules preventing that applicant from returning to

22  his or her last job, a new job within CCSF, or outside employment.  Finally, Setzler seeks

23  injunctive relief precluding CCSF's Retirement Board from discriminating against applicants for

24  Industrial Disability Retirement based on the length of time that they worked prior to their injury.

25  Because none of these requests for injunctive relief were discussed or addressed in the Petition

26  for Writ of Mandate or any prior decision, they cannot be barred by collateral estoppel or res

27  judicata.

28

### C. CCSF Must Prove That Each Allegation Which It Seeks To Strike Is Both Barred From Adjudication And Redundant, Immaterial, Impertinent or Scandalous

Just as CCSF has the obligation to prove that specific causes of action have previously been litigated, so it must prove that specific factual allegations have been litigated. *Emerson*, *supra,* 149 Cal. 50 at 57. Mere argument will not suffice and, yet, that is all CCSF presents as the basis for its Motion to Strike. Specifically, CCSF has failed to show that each particular allegation it seeks to strike has been fully litigated and previously decided by a judicial or quasi-judicial body, and further fails to show that each specific allegation is redundant to the claims being made, immaterial to the claims being made, impertinent to the claims being made, or otherwise scandalous. Having failed to specify how each allegation has been previously decided or is redundant, immaterial, impertinent, or scandalous, CCSF provides Setzler with no opportunity to address CCSF's argument with respect to each allegation sought to be stricken. In short, Setzler contends that each allegation is necessary to the causes of action he is pursuing and because CCSF has failed to show that any of these claims were previously, conclusively decided, the Motion to Strike is properly denied.

### D. CCSF's Request For A Protective Order Does Not Allow Setzler To Address The Proposed Contents Of Such A Protective Order

Similarly, CCSF fails to provide the Court or Setzler with any specific proposal with respect to a Protective Order that can be addressed. Setzler does not know what witnesses, areas of inquiry, or specific questions CCSF seeks to preclude. While Setzler does not intend to rehash discovery that has already been done, he does intend to pursue discovery with respect to the specific claims of wrongful conduct and wrongful termination alleged in his complaint. CCSF has provided no reason that new discovery, related to Setzler's newly asserted claims, should not be allowed to proceed.

1  **IV.    CONCLUSION**

2          For the reasons set forth above, Plaintiff respectfully requests that this Court deny

3  Defendant's Motion to Dismiss, Motion to Strike, and Motion for Protective Order.

4  DATED: May 9, 2008

5                                          By: /S/ Stephen F. Henry
                                           STEPHEN F. HENRY
6                                          Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28