1

**STEPHEN F. HENRY, ESQ.**

2

STATE BAR # 142336

2625 Alcatraz Avenue, # 615

3

Berkeley, California 94705

Telephone: (510) 898-1883

4

Facsimile (510) 295-2516

5

shenry@SHenrylaw.com

Attorney for Plaintiff

6

7

UNITED STATES DISTRICT COURT

8

FOR

9

THE NORTHERN DISTRICT OF CALIFORNIA

10

11

WILLIAM SETZLER

**CASE NO: 07-CV-05792-SI**

Plaintiff,

12

**REQUEST FOR JUDICIAL NOTICE**

vs.

13

14

CITY AND COUNTY OF SAN FRANCISCO, a

municipal corporation, and DOES ONE through

TEN, inclusive

15

16

Defendant.

17

18

Plaintiff requests that the Court take Judicial Notice of the following pleadings and public

19

documents:

20

EXHIBIT A    Verified Petition for Writ of Mandate.

21

EXHIBIT B    Relevant portions of The City and County of San Francisco Charter.

22

EXHIBIT C    Relevant portions of the City and County of San Francisco Civil Service

23

Commission Rules.

24

25

DATED: May 9, 2008

26

By: /S/ Stephen F. Henry

STEPHEN F. HENRY

27

Attorney for Plaintiff

28

**07-CV-05792-SI**                                            1

EXHIBIT A

1 | MICHAEL S. HEBEL
Attorney at Law, SBN 57262
2 | San Francisco Police Officers' Assn.
510 Seventh Street
3 | San Francisco, California 94103
Telephone: (415) 861-0211
4 |
5 | VINCENT J. COURTNEY, JR., SBN 56801
LAURA SCHLICHTMANN, SBN 169699
6 | COURTNEY & COURTNEY
1375 Sutter Street, Suite 106
San Francisco, California 94109-5438
7 | Telephone: (415) 292-9555
Facsimile: (415) 292-9556
8 |
Attorneys for Petitioner
9 |
10 |
11 | **SUPERIOR COURT OF CALIFORNIA**
12 | **CITY AND COUNTY OF SAN FRANCISCO**
13 | **UNLIMITED JURISDICTION**
14 |
15 | **WILLIAM SETZLER,**       )   Case No. 
16 |     Petitioner,       )   **VERIFIED PETITION FOR
WRIT OF MANDATE**
17 |     v.       )
     )   [CCP § 1085]
18 | **MICHAEL HENNESSEY,** as Sheriff of the   )
City and County of San Francisco, and   )
19 | **CITY AND COUNTY OF SAN FRANCISCO,** )
     )
20 |     Respondents.       )
     )
21 | _____ )

22 |     Petitioner seeks a writ of mandate under section 1085 of the Code of Civil

23 | Procedure, directing respondent Sheriff Michael Hennessey to reinstate him to a

24 | position in the civil service classification of 8304 deputy sheriff, and alleges:

25 |

26 |     1.     Petitioner, William Setzler, became an employee of the San Francisco

27 | Sheriff's Department on May 18, 1989, when he was appointed to a position in the civil

28 | service classification of 8304 deputy sheriff.

1

2.    Respondent Michael Hennessey, sued herein as Sheriff of the City and County of San Francisco (hereinafter "Sheriff"), is now and at all times mentioned in this petition has been the chief executive officer and the appointing officer of the San Francisco Sheriff's Department. Respondent Sheriff has the authority to make appointments to positions within the Sheriff's Department, including positions in the 8304 deputy sheriff classification.

3.    Respondent City and County of San Francisco (hereinafter "City") is a municipal corporation existing under a charter granted by the Legislature of the State of California and adopted pursuant to the Constitution and laws of the State of California. Respondent City is made up of numerous departments, including the San Francisco Sheriff's Department and the San Francisco City Employee Retirement System.

4.    Petitioner's beneficial interest herein is based on his status as a deputy sheriff with the San Francisco Sheriff's Department who incurred an injury to his left foot while he was employed by respondent City, based on which injury he applied for, but was denied, a disability retirement pension. As a result, Petitioner is and was, at all times relevant hereto, entitled to reinstatement to a position with the Sheriff's Department upon his request.

5.    Petitioner suffered an injury to his left foot on January 2, 1990, while working as a deputy sheriff for respondent City's Sheriff's Department. As a result, he was instructed by the Sheriff's Department to report to the Franciscan Treatment Room at St. Francis Hospital. He did so on January 4, 1990, and was referred to Richard Coughlin, M.D., an orthopedic surgeon and specialist in sports medicine. Dr. Coughlin became and remained Petitioner's "treating physician" at all times relevant hereto. As Petitioner's treating physician, Dr. Coughlin treated Petitioner's left foot by casting it, surgically excising a neuroma in June 1990, injecting cortisone, providing anti-inflammatory medications, authorizing a physical therapy program, and requiring that Petitioner use crutches over an eight-month period. In February 1992, Dr. Coughlin

2

submitted his final report to respondent City's Workers' Compensation Division, notifying it that in his opinion, Petitioner was disabled from tasks requiring much walking or climbing as a result of his lack of balance, and recommending that Petitioner be retained for desk work.

6.     Petitioner was also sent by respondent City to see J. Conrad Clifford, M.D., an orthopedist. Dr. Clifford examined Petitioner's left foot and on June 21, 1991, opined that Petitioner was able to return to work without restrictions. By letter dated July 8, 1991, the Workers' Compensation Division of respondent City's Employee's Retirement System sent Dr. Coughlin notice and a copy of Dr. Clifford's evaluation. This same letter advised Dr. Coughlin that respondent City was relying on Dr. Clifford's evaluation, and that based on that evaluation, respondent City had found that Petitioner was capable of returning to work as of June 5, 1991. Copies of this same July 8, 1991, letter, which enclosed Dr. Clifford's report, were sent to both Petitioner and the Sheriff's Department. In addition, the July 8, 1991, letter stated: "By copy of this letter to Mr. Setzler, he is advised of our position and should make arrangements to return to work at this time."

7.     Two other orthopedic surgeons examined Petitioner's left foot for respondent City: Paul Forberg, M.D., and Henry Eddington, M.D. Dr. Eddington had been selected jointly by Petitioner and respondent City for an "agreed medical evaluation" (AME) and a comprehensive medical report. Dr. Forberg reported his diagnoses as chronic left ankle strain, chronic pain due to left foot contusion, and post-traumatic sympathetic dystrophy of the left ankle and foot. His report also stated his conclusion that Petitioner should not return to his deputy sheriff job. Dr. Eddington submitted three reports and was deposed by respondent City on November 30, 1995. He also opined that Petitioner was disabled, in that he would not be able to return to work as a deputy sheriff.

8.     Petitioner applied for industrial disability retirement on December 20, 1991. His application was referred to an administrative law judge for hearing and a

3

proposed decision as required by section 21156 of the Government Code. On January 26, 1995, the administrative law judge issued his proposed decision, denying the application. On February 1, 1995, Petitioner sought a rehearing, which was granted on March 3, 1995. On April 17, 1996, the administrative law judge issued an order reaffirming his conclusion that the evidence failed to establish that Petitioner was disabled from the performance of his duties as a deputy sheriff. On May 14, 1996, respondent City's Retirement Board adopted the administrative law judge's decision and denied Petitioner's application for disability retirement. The Retirement Board denied Petitioner's request for reconsideration on July 16, 1996.

9.    On July 11, 1996, Petitioner sought a writ of mandate from this Court (Case No. 979587) requesting that the decision of respondent City's Retirement Board denying his disability retirement application be set aside. This Court denied that petition on August 25, 1998. Petitioner filed an appeal of the August 25, 1998, decision, which appeal was denied by the Court of Appeal on April 11, 2000 (AO 85098).

10.    On receipt of the July 8, 1991, letter from respondent City's Workers' Compensation Division, referred to in Paragraph 6 above, advising Petitioner that he should arrange to return to work, Petitioner requested that the Sheriff's Department reinstate him to an 8304 deputy sheriff position. The Sheriff's Department acknowledged that it was aware of Dr. Clifford's opinion that Petitioner could return to work, and that respondent City's Workers' Compensation Division was relying on that opinion, but nevertheless refused to permit Petitioner to return to work on the basis of Dr. Clifford's opinion. Instead, the Sheriff's Department advised Petitioner that he would have to obtain an additional written "certificate" from a doctor stating that he was able to return to full duty as a deputy sheriff within 90 days, and that until he did so, he would not be reinstated. Thereafter, both Petitioner and the Sheriff's Department attempted to obtain such a certificate from Dr. Clifford, but Dr. Clifford refused to provide one, stating that his role was to offer a medical opinion, which was

4

1  not to be construed as a work release. Petitioner again requested reinstatement to a

2  deputy sheriff position on May 14, 1996, the same day that his application for disability

3  retirement was denied by respondent City's Retirement Board, and on numerous

4  occasions subsequent thereto, The Sheriff's Department denied all such requests.

5      11.    On April 28, 1999, Petitioner filed a verified petition for writ of mandate

6  with this Court, Case No. 303129, wherein he sought to have the Court compel

7  respondent Sheriff to reinstate him to a deputy sheriff position. On December 13,

8  1999, the Court issued an order sustaining respondents' demurrer to said petition,

9  without leave to amend, stating in its order: "Petitioner's petition is unripe."

10     12.    Respondent Sheriff had, at all times relevant hereto, a clear, ministerial

11 duty to reinstate Petitioner to an 8304 deputy sheriff position, once the Sheriff's

12 Department was informed, by the above-mentioned July 8, 1991, letter from the

13 Workers' Compensation Division of respondent City's Employees' Retirement System,

14 that respondent City was relying on Doctor Clifford's opinion that Petitioner was

15 capable of returning to work. Respondent Sheriff has refused and continues to refuse

16 to reinstate Petitioner to an 8304 deputy sheriff position, despite Doctor Clifford's

17 opinion and Petitioner's numerous requests. Instead, respondent Sheriff has explained

18 to Petitioner that because there is medical evidence demonstrating that Petitioner has a

19 permanent injury that precludes him from performing as a full duty 8304 deputy

20 sheriff, respondent Sheriff will appoint Petitioner only to a light duty position. In

21 addition, and consistent with the Sheriff's Department's policy of not making light duty

22 appointments within the 8304 deputy sheriff classification that extend beyond ninety

23 days, Petitioner has been notified by the Sheriff's Department that he will not be

24 appointed to a light duty 8304 deputy sheriff position unless he first presents a

25 "physician's written assessment" that Petitioner can "assume full-duty status by the

26 end of ninety days." Dr. Coughlin, Petitioner's treating physician, has declined to

27 provide such an assessment. In addition, Petitioner's application, made with the

28 cooperation of the Sheriff's Department, to obtain a medical examination through the

5

City (pursuant to Civil Service Commission Rule 16) for purposes of updating the evaluation of his medical fitness for duty, was refused by respondent City.

13.    Notwithstanding the plain duty imposed on respondent Sheriff by law to reinstate Petitioner to a deputy sheriff position and notwithstanding the numerous requests by Petitioner that respondent Sheriff perform that duty as set forth in Paragraph 10 above, respondent Sheriff has wrongfully failed and refused and continues to fail and refuse to reinstate Petitioner to a deputy sheriff position with the Sheriff's Department.  Unless compelled by this Court to do so, respondent Sheriff will continue to fail and refuse to reinstate Petitioner to a deputy sheriff position.

14.    Petitioner has exhausted all available administrative remedies required to be pursued by him, as set forth above.

15.    Petitioner had no plain, speedy, or adequate remedy at law, other than the relief sought herein.

16.    On May 3, 2000, Petitioner filed a claim against Respondents, alleging therein that he had been denied a disability pension, and that his appeal of that denial had been heard by the California Court of Appeal which affirmed this Court's decision upholding the Retirement Board's determination that Petitioner is not disabled from the performance of his duties as a deputy sheriff, and further that despite his requests to be reinstated to a deputy sheriff position, respondent Sheriff has refused to so reinstate him.  Petitioner's claim sought reinstatement and back pay (including benefits).  As of this date, no response has been received by Petitioner to his May 3, 2000, claim.

17.    Petitioner requests that the Court provide findings of fact and conclusions of law, in the event that his petition is denied.

/ /

/ /

/ /

/ /

6

1    WHEREFORE, Petitioner respectfully prays that:

2    1.     A peremptory writ of mandate issue in the first instance under the seal of

3    this Court commanding respondents Michael Hennessey and City and County of San

4    Francisco to take all actions necessary to reinstate Petitioner to an 8304 deputy sheriff

5    position within the Sheriff's Department, with full back pay and benefits retroactive to

6    January 2, 1991, including vacation, sick leave, retirement contributions, and all other

7    benefits enjoyed by other 8304 deputy sheriffs employed by the City and County of San

8    Francisco;

9    2.     This Court award Petitioner reasonable attorney fees, including fees

10   available under Code of Civil Procedure  § 1021.5;

11   3.     This Court award Petitioner the costs of this action; and

12   4.     This Court grant such further relief as may be just and proper.

13   Dated:  July 19, 2000                              Respectfully submitted,

14                                                      MICHAEL S. HEBEL, Esq.
                                                        COURTNEY & COURTNEY

15

16                                                      By _____
                                                             Vincent J. Courtney, Jr.
17                                                      Attorneys for Petitioner

18

19

20

21

22

23

24

25

26

27

28

7

# EXHIBIT B

**CITY AND COUNTY
OF SAN FRANCISCO
1996 CHARTER**

**Codified through
Ord. No. 52-08, File No. 071672,
approved March 31, 2008.
(Supplement No. 15)**

**Preliminaries**

CITY AND COUNTY OF
SAN FRANCISCO
MUNICIPAL CODE

———

1996 CHARTER

———

**GRAPHIC LINK: Click here**

Published by Municipal Code Corporation

Tallahassee, Florida  2006

CITY AND COUNTY OF SAN FRANCISCO

MUNICIPAL CODE

Charter

Administrative Code

Building and Related Technical Codes

Business and Tax Regulations Code

Campaign and Governmental Conduct Code

Environment Code

Fire Code

Health Code

Municipal Elections Code

Park Code

Planning Code

Police Code

Port Code

Public Works Code

Subdivision Code

Traffic Code

Zoning Maps

PREFACE TO THE

1996 CHARTER

The Charter of the City and County of San Francisco was adopted on November 7, 1995, and became effective July 1, 1996. This volume contains charter provisions enacted through the election of February 2008.

The San Francisco Municipal Code contains ordinances enacted through Ordinance 52-08, File Number 071672, Approved March 21, 2008. A legislative history, containing ordinance number and approval date, is located at the conclusion of most sections. The legislative history of ordinances approved after March 1999 also contain Board of Supervisors file numbers.

# ARTICLE X: PERSONNEL ADMINISTRATION

Sec. 10.100.  Civil Service Commission.
Sec. 10.101.  General Powers and Duties.
Sec. 10.102.  Department of Human Resources.
Sec. 10.103.  Human Resources Director.
Sec. 10.104.  Exclusions from Civil Service Appointment.
Sec. 10.105.  Provisional Appointments.

## SEC. 10.100.  CIVIL SERVICE COMMISSION.

There is hereby established a Civil Service Commission which is charged with the duty of providing qualified persons for appointment to the service of the City and County.

The Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for six-year terms. Not less than two members of the Commission shall be women.

The persons so appointed shall, before taking office, make under oath and file in the office of the County Clerk the following declaration: "I am opposed to appointments to the public service as a reward for political activity and will execute the office of Civil Service Commissioner in the spirit of this declaration."

A commissioner may be removed only upon charges preferred in the same manner as in this Charter provided for elective officers.

The regular meetings of the Commission shall be open to the public and held at such a time as will give the general public and employees of the City and County adequate time within which to appear before the Commission after the regular daily working hours of 8:00 a.m. to 5:00 p.m. Such person or persons shall be given an opportunity to be heard by the Commission before final action is taken in any case involving such person or persons.

## SEC. 10.101.  GENERAL POWERS AND DUTIES.

The Civil Service Commission shall adopt rules, policies and procedures to carry out the civil service merit system provisions of this charter and, except as otherwise provided in this Charter, such rules shall govern applications; examinations; eligibility; duration of eligible lists; certification of eligibles; leaves of absence for employees and officers; appointments; promotions; transfers; resignations; lay-offs or reduction in force, both permanent and temporary, due to lack of work or funds, retrenchment or completion of work; the designation and filling of positions, as exempt, temporary, provisional, part-time, seasonal or permanent; status and status rights; probationary status and the administration of probationary periods, except duration; pre-employment and fitness for duty medical examinations, except for the conditions under which referrals for fitness for duty examinations will be made, and the imposition of new requirements; classification; conflict of interest; and such other matters as are not in conflict with this Charter; provided, however, that the minimum rule for the certification of eligibles shall be the Rule of Three Scores, and provided further that rules for leave due to illness or disability shall be approved by the Board of Supervisors. Changes to the rules may be proposed by members of the Commission, the Executive Assistant or the Human Resources Director and approved or rejected by the Commission. The Commission may, upon ten days' notice, make changes in the rules, which changes shall thereupon be printed and be in force; provided that no such changes in rules shall affect a case pending before the Commission.

The Commission shall have power to institute and prosecute legal proceedings for

violations of any civil service merit system or Department of Human Resources provisions of this Charter.

The Commission shall establish an inspection service for the purpose of investigating the conduct or an action of appointees in all positions and of securing records of service for promotion and other purposes. All departments shall cooperate with the Commission in making its investigations and any person hindering the Commission or its agents shall be subject to suspension.

The Commission shall by rule establish procedures to review and resolve allegations of discrimination as defined in Article XVII of this Charter or otherwise prohibited nepotism or favoritism appealed to it pursuant to this section. The determination reached under Commission procedures shall be final and shall forthwith be enforced by every employee and officer.

The Commission shall have the power to inquire into the operation of the civil service merit system to ensure compliance with merit principles and rules established by the Commission. After such inquiry, the Commission may direct the Human Resources Director to take such action as the Commission believes necessary to carry out the civil service provisions of this Charter. In any hearing conducted by the Commission or by any hearing officer it appoints pursuant to this section, the Commission or the hearing officer shall have the power to subpoena and require the attendance of witnesses and the production of records.

The Commission may require periodic reports from the Human Resources Director in a manner and form which it shall prescribe.

The Commission may hear appeals from an action of the Human Resources Director in accordance with its rules, including but not limited to:

1.    Allegations of discrimination as defined in Article XVII of this Charter. Notwithstanding any other provisions of this Charter except the fiscal provisions hereof, the decision of the Commission regarding allegations of discrimination shall forthwith be enforced by every officer and employee;

2.    Allegations of fraud; and

3.    Allegations of conflict of interest.

No action by the Human Resources Director which is the subject of any appeal shall be stayed during the appeal process except by a majority vote of the Civil Service Commission.

The Commission shall have the power and it shall be its duty to appoint an executive assistant to be the administrative head of the affairs under its control who shall serve at its pleasure; provided, however, that any person who has Civil Service status in the position of executive assistant to the Commission on the effective date of this section as amended shall continue to have Civil Service status in the position of executive assistant under the Civil Service provisions of this Charter. The executive assistant shall periodically report to the Commission on operation of the civil service merit system and may make recommendations to the Civil Service Commission regarding its rules, policies and procedures.

## SEC. 10.102. DEPARTMENT OF HUMAN RESOURCES.

The Department of Human Resources shall consist of a Human Resources Director and such employees as may be necessary to carry out its functions and duties.

Pursuant to and in accordance with policies, rules and procedures of the Civil Services Commission governing the merit system, the Department of Human Resources shall be the personnel department for the City and County and shall determine appointments on the basis of merit and fitness as shown by appropriate test and, except as specifically set forth in this Charter,

shall perform all tests, duties and functions previously performed by the Civil Service Commission, including but not limited to authority to recruit, select, certify, appoint, train, evaluate, promote career development, classify positions, administer salaries, administer employee discipline, discharge and other related personnel activities in order to maintain an effective and responsive work force.

The Department of Human Resources shall be responsible for coordination of all state, local and federal health and safety mandates, programs and requirements relating to employees including but not limited to industrial hygiene programs, health and safety programs, OSHA compliance and return to work programs. Department heads shall coordinate such activities of employees under their jurisdiction with the Human Resources Director.

The Department of Human Resources shall be responsible for policy, management and administration of the worker's compensation program and shall review and determine all applications for disability leave.

Subject to Section 11.100 hereof, the Department of Human Resources shall be responsible for management and administration of all labor relations of the City and County.

Except for the purpose of inquiry, the Mayor shall deal with the administration of the civil service merit system solely through the Human Resources Director and the Civil Service Commission or their designees. The Mayor shall not dictate, suggest or interfere with the merit system activities of the Civil Service Commission or Human Resources Department. Administrative matters shall be dealt with only in the manner provided by this Charter, and any dictation, suggestion or interference herein prohibited shall constitute official misconduct; provided that nothing herein contained shall restrict the power of hearing and inquiry as provided in this Charter. (Amended November 2004)

## SEC. 10.103. HUMAN RESOURCES DIRECTOR.

A Human Resources Director shall be selected by the Mayor from candidates nominated by the Civil Service Commission and confirmed by vote of the Board of Supervisors. The Human Resources Director shall possess not less than ten years professional experience in personnel, human resources management, labor or employee relations at least five years of which must be in federal, state or local governmental personnel management and such other qualifications as determined by the Commission. Notwithstanding any other provisions of this Charter, the Human Resources Director shall be appointed by and serve at the pleasure of the Mayor, provided that the Mayor's removal of the Human Resources Director may be rejected by a four-fifths vote of the Commission. Failure of the Commission to act within 30 days shall be deemed approval of the Mayor's action. The nominee of the Mayor may be appointed acting Human Resources Director pending confirmation. The person so appointed shall, before taking office, make under oath and file in the Office of the County Clerk the following declaration: "I am opposed to appointments to the public service as a reward for political activity and will execute the Office of Human Resources Director in the spirit of this declaration."

The appointment of the Director of the Human Resources Department as of the effective date of this Charter shall be effective until July 1, 1996, after which time he may be reappointed to the position in accordance with the appointment method provided herein.

The Human Resources Director shall have full power to administer the affairs of the Department. He or she shall have all powers of a department head and may appoint a Director of Employee Relations, an executive assistant and one confidential secretary, each of whom shall be exempt from the civil service provisions of this Charter, to assist in the administration and management of the functions of the department.

The Human Resources Director shall review and resolve allegations of discrimination as

defined in Article XVII of this Charter against employees or applicants, or otherwise prohibited nepotism or favoritism. Notwithstanding any other provisions of this Charter except the fiscal provisions hereof, the decision of the Human Resources Director shall forthwith be enforced by every employee and officer, unless the decision is appealed to the Commission in accordance with Section 10.101.

The Human Resources Director shall investigate all employee complaints concerning job-related conduct of City and County employees and shall promptly report to the source of the complaint.

The Human Resources Director shall promote effective and efficient management through personnel programs that encourage productivity, job satisfaction and exemplary performance.

The Human Resources Director shall provide a procedure for resolution of employee disputes which shall be consistent with other provisions of this Charter and shall be utilized by all department heads and appointing officers in the absence of an applicable grievance procedure in a binding labor agreement.

The Human Resources Director shall verify that all persons whose names appear on City and County payrolls have been legally appointed to or employed in positions legally established under this Charter. The Controller shall not draw his or her warrant for any claim for salary, wages or compensation which has been disapproved by the Human Resources Director.

Consistent with the foregoing and other applicable provisions of this Charter, the Human Resources Director may delegate to the various appointing officers appropriate personnel responsibilities, and shall consult with appointing officers with respect to Civil Service Commission rules affecting their operations.

The Human Resources Director shall establish a system of job classification. The decision of the Human Resources Director regarding classification matters shall be final unless appealed to the Commission; provided, however, that nothing herein shall be construed to alter the scope of bargaining set forth in the following sections of the 1932 Charter: 8.400, 8.403, 8.404, 8.405, 8.407-1, 8.409 et seq. and 8.590-1 et seq.

The allocation or reallocation of a position shall not adversely affect the civil service rights of an occupant regularly holding such position. No person shall hold a position outside of the classification to which the person has been appointed, provided that every employee of any department or office shall discharge any of the duties pertaining to such department or office to which the employee's department head may temporarily assign the employee.

(Amended November 2004)

## SEC. 10.104. EXCLUSIONS FROM CIVIL SERVICE APPOINTMENT.

All employees of the City and County shall be appointed through competitive examination unless exempted by this Charter. The following positions shall be exempt from competitive civil service selection, appointment and removal procedures, and the person serving in the position shall serve at the pleasure of the appointing authority:

1.   All supervisory and policy-level positions within the office of the Mayor and the office of the City Administrator;

2.   All elected officers of the City and County and their chief deputies or chief assistants;

3.   All members of commissions, boards and advisory committees;

4.   Not more than one commission secretary for each commission or board;

5. All heads of agencies and departments, unless otherwise provided for herein;

6. All non-uniformed deputy heads of departments;

7. All uniformed deputy heads of departments, police commanders and Fire Chiefs aides;

8. Not move than one confidential secretary and executive assistant in each department and agency;

9. The Clerk of the Board of Supervisors, legislative analyst and assistants to the members of the Board of Supervisors.

10. All paraprofessional aides of the Unified School District and teaching instructional aides of the Community College District;

11. Persons employed in positions outside the City and County upon construction work being performed by the City and County when such positions are exempted from the classified civil service by an order of the civil service commission;

12. Persons employed in positions in any department for expert professional temporary services, when such positions are exempted from said classified civil service for a specified period of said temporary service by order of the civil service commission.

The proportion of full-time employees in the above exempt categories to the total number of civil service employees of the City and County shall not be greater than such proportion as existed on July 1, 1994, unless modified by Civil Service Commission rule, approved by the Board of Supervisors.

13. All attorneys, including an attorney to the Sheriff and an attorney for the Tax Collector, City Attorney's and District Attorney's investigators, hospital chief administrators, physicians and dentists serving in their professional capacity (except those physicians and dentists whose duties are significantly administrative or supervisory);

14. The law librarian, assistant law librarians, bookbinder of the Law Library, purchaser, curators, Assistant Sheriff, Deputy Port Director, Chief of the Bureau of Maritime Affairs, Director of Administration and Finance of the Port, Port Sales Manager, Port Traffic Manager, Chief Wharfinger, Port Commercial Property Manager, Actuary of the Employee's Retirement System, Director of the Zoo, Chief Veterinarian of the Zoo, Director of the Arboretum and Botanical Garden, Director of Employee Relations, Health Service Administrator, Executive Assistant to the Human Services Director, and any other positions designated as exempt under the 1932 Charter, as amended;

15. Positions determined by the Controller and approved annually by the Board of Supervisors to be positions where the work or services can be practically performed under private contract at a lesser cost than similar work performed by employees of the City and County, except where such work or services are required to be performed by officers or employees of the City and County under the provisions of this Charter or other applicable law.

In addition, with the approval of the Civil Service Commission, exempt employees shall include:

16. Temporary and seasonal appointments not to exceed the equivalent of half-time during any fiscal year, except that such positions may be filled through regular civil service procedures;

17.   Appointments, which shall not exceed two years and shall not be renewable, as substitutes for civil service employees on leave, except that such positions may be filled through regular Civil Service procedures;

18.   Appointments, which shall not exceed three years and shall not be renewable, for special projects and professional services with limited term funding, except that such positions may be filled through regular civil service procedures; and

19.   Entry level positions designated by an appointing officer with approval of the Civil Service Commission for persons who met minimum qualifications and are certified as blind or severely disabled; persons so appointed whose job performance is rated satisfactory by their appointing officer shall after one year of continuous service acquire Civil Service status.

## SEC. 10.105. PROVISIONAL APPOINTMENTS.

Provisional appointments for classified positions for which no eligible list exists shall not exceed three years. Provisional appointments may only be renewed with the approval of the Board of Supervisors and upon certification by the Human Resources Director that for reasons beyond his or her control the Department has been unable to conduct examinations for these positions.

EXHIBIT C

# Civil Service Commission

TEXT ONLY:



PRINT:



TEXT SIZE:

A
A
A

**Rule 120 Leaves Of Absence**

# Rule 120

# Leaves of Absence

Applicability:    Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409. However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

**Article I:**        **Leaves of Absence - General Requirements**

**Article II:**       **Sick Leave - General Provisions**

**Article III:**      **Sick Leave With Pay**

**Article IV:**      **Sick Leave Without Pay**

**Article V:**       **Compulsory Sick Leave**

**Article VI:**      **Disability Leave**

# Article VII:   Military, War Effort and Sea Duty Leaves

# Article VIII: Unpaid Administrative Leave or Furlough

# Article IX:   Other Leaves of Absence

# Article X   Appeal Procedures

## Rule 120

## Leaves of Absence

### Article I:  Leaves of Absence - General Requirements

Applicability:       Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409.  However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

**Sec. 120.1**     **Leaves of Absence - General Requirements**

**120.1.1**     Leaves of absence, hereinafter referred to in this Rule as "leave," shall be governed by the provisions of this Rule.  For the purpose of this Rule, "appointing officer" shall mean all elected officials; all department heads designated by the Charter as appointing officers; and all Boards and Commissions when officiating as appointing officers.

**120.1.2**     Requests for leave shall be subject to the approval of the appointing officer or designee. The decision of the appointing officer or designee is final unless provision for appeal is specifically granted in this Rule.  Such requests for appeal shall be processed in accordance with the appeal procedure provided in this Rule.  Requests for military, maternity, or witness or jury duty leave shall be granted as provided herein.

**120.1.3**     Except for vacation leave, witness or jury duty leave, compulsory sick leave, disability

leave or unpaid administrative leave, an employee requesting a leave for more than five (5) working days shall submit such request to the appointing officer or designee on the form prescribed by the Human Resources Director.  Requests for sick leave in excess of five (5) continuous working days shall be certified by a licensed medical doctor, doctor of dental surgery, doctor of podiatric medicine, licensed clinical psychologist, Christian Science Practitioner or licensed doctor of chiropractic.  Verification of sick leave with pay for less than five (5) working days (seven (7) calendar days in the case of part-time employees) as provided elsewhere in this Rule shall be required on an individual basis only and shall be based upon an evaluation of the individual attendance record of an employee.  For employees taking sick leave pursuant to Administrative Code Chapter 12W, the City may take reasonable measures to verify or document that an employee's use of sick leave is taken in accordance with Administrative Code Chapter 12W.

## Sec. 120.1     Leaves of Absence - General Requirements (cont.)

**120.1.4**     The Human Resources Director may direct that leave requests be retained in the department and maintained in a manner so as to be readily available for audit, review or analysis by Department of Human Resources and Office of Labor Standards Enforcement staff.

**120.1.5**     Except as otherwise provided in these Rules, leave granted for the period stated on the prescribed form may be extended or abridged only with the approval of the appointing officer or designee.  An employee who does not return to work on the approved date shall be deemed as away without official leave and shall be subject to automatic resignation as provided elsewhere in these Rules.

**120.1.6**     Except when an employee requesting sick leave has accumulated unused sick leave with pay credits and except for employees eligible for military leave with pay, witness or jury duty leave, disability leave or leave due to battery as provided elsewhere in this Rule, or for authorized holiday or vacation, leaves shall be without pay.

**120.1.7**     Refer to the Probationary Period Rule on leave during the probationary period.

**120.1.8**     Exempt employees shall be granted paid sick leave pursuant to Administrative Code Chapter 12W provisions and may be granted leaves in accordance with the provisions of this Rule.  The decision of the appointing officer shall be final and not subject to appeal.

**120.1.9**     An appointee shall not be required to sign a resignation form as a condition of approval of a leave.

**120.1.10**     Leaves granted under this Rule shall be indicated on timerolls as designated by the Controller.

**120.1.11**    An authorized leave granted under this Rule shall not be considered as a break in the continuous service of an employee.

# Rule 120
# Leaves of Absence

## Article II:  Sick Leave - General Provisions

Applicability:    Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409.  However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

### Sec. 120.2    Eligibility for Sick Leave

Subject to the provisions of this Rule, employees and officers (hereinafter called "employees") who are absent from their duties because of illness or disability are eligible for sick leave.

### Sec. 120.3    Sick Leave - Exclusions from Eligibility

This Rule shall not apply to certificated employees of the School Districts, employees under personal services contracts, elective officers, and members of Boards and Commissions.

### Sec. 120.4    Verification of Sick Leave

**120.4.1**    The appointing officer or designee to whom application for sick leave is made may make such independent investigation as to the necessity for sick leave as is deemed proper and may require certification for any period of sick leave, provided that the employee has been previously notified in writing that such certification for absence of less than five (5) working days shall be required.  For employees taking sick leave pursuant to Administrative Code Chapter 12W, the City may take reasonable measures to verify or document that an employee's use of sick leave is taken in accordance with Administrative Code Chapter 12W.

**120.4.2**    The Human Resources Director may at any time make such independent investigation as may be deemed proper regarding the illness of any person on sick leave.


<u>**Sec. 120.5**</u>    <u>**Retirement Automatically Terminates Sick Leave**</u>

Sick leave shall automatically terminate on the effective date of an employee's retirement.

<u>**Sec. 120.6**</u>    <u>**Abridgment of Sick Leave**</u>

Sick leaves granted in excess of five (5) working days may be abridged if the employee presents to the appointing officer or designee medical evidence of capability to resume all the duties of the position.


<u>**Sec. 120.7**</u>    <u>**Definition of Sick Leave**</u>

A leave granted under this Rule for one of the following reasons shall be known as "sick leave":


**120.7.1**    **Sick Leave - Medical Reasons**

Absence because of illness, including alcoholism, or injury other than illness or injury arising out of and in the course of City and County employment; absence due to illness or injury arising out of and in the course of employment is administered either under the Rules of the Retirement Board and is referred to as "disability leave" and may be supplemented as provided elsewhere in this Rule or under the provisions of this Rule and the Administrative Code for those employees injured by battery ("leave due to battery"); and absence because of medical or dental appointments.


**120.7.2**    **Sick Leave - Quarantine**

Absence during a period of quarantine established and declared by the Department of Public Health or other authority.


**120.7.3**    **Sick Leave - Bereavement**

Absence because of the death of the employee's spouse or domestic partner, parents, step parents, grandparents, parents-in-law or parents of a domestic partner, sibling, child, step child, adopted child, a child for whom the employee has parenting responsibilities,

aunt or uncle, legal guardian, or any person who is permanently residing in the household of the employee. Such leave shall not exceed three (3) working days and shall be taken within thirty (30) calendar days after the date of death; however, two (2) additional working days shall be granted in conjunction with the bereavement leave if travel outside the State of California is required as a result of the death.

**Sec. 120.7**      **Definition of Sick Leave (cont.)**

**120.7.3      Sick Leave - Bereavement (cont.)**

For absence because of the death of any other person to whom the employee may be reasonably deemed to owe respect; leave shall be for not more than one (1) working day; however, two (2) additional working days shall be granted if travel outside the State of California is required as a result of the person's death.

**120.7.4      Sick Leave - Maternity**

Absence due to the employee's pregnancy or convalescent period following childbirth. Such leave shall not exceed six (6) months provided that such leave may be extended for permanent employees if a physician certifies that a longer convalescence period is required. Such extensions shall be subject to the provisions of this Rule governing sick leave without pay.

**120.7.5      Sick Leave - Parental Leave**

Absence due to the birth of a child to the employee, the employee's spouse, or the employee's domestic partner or assumption by the employee of parenting or child rearing responsibilities either by adoption or foster care.

**120.7.6      Sick Leave - Illness or Medical Appointment of Child, Parent, Spouse or Registered Domestic Partner**

Absence because of the illness, injury, or medical or dental appointment of a biological or adoptive child, or child for whom the employee has parenting or child rearing responsibilities. Absence because of illness, injury or medical appointments of the employee's parent, spouse or registered domestic partner.

**120.7.7      Sick Leave Pursuant to Administrative Code Chapter 12W**

**1)**      Absence due to the illness, injury, medical care, treatment, diagnosis or medical appointment of the employee; employee's child; parent; legal guardian or ward; sibling;

grandparent; grandchild; and spouse, registered domestic partner under any state law, or "designated person."

**120.7.7    Sick Leave Pursuant to Administrative Code Chapter 12W (cont.)**

The aforementioned child, parent, sibling, grandparent, and grandchild relationships include not only biological relationships but also relationships resulting from adoption; step-relationships; and foster care relationships. "Child" includes a child of a domestic partner and a child of a person standing in loco parentis.

2)    For the purpose of this section, the definition of "designated person" is: one person designated by an employee who has no spouse or registered domestic partner, as the person for whom the employee may use paid sick leave to aid or care for under this section. The opportunity to make such a designation shall be extended to the employee no later that the date on which the employee has worked thirty (30) hours after paid sick leave begins to accrue. There shall be a window of ten (10) business days for the employee to make this designation. Thereafter, the opportunity to make such a designation, including the opportunity to change such a designation previously made, shall be extended to the employee on an annual basis, with a window of ten (10) business days for the employee to make the designation.

**120.7.8    Sick Leave - Compulsory**

Leave imposed by an appointing officer due to an employee's medical inability or incapacity to perform all the duties of the position as provided elsewhere in this Rule.

# Rule 120
# Leaves of Absence

## Article III:  Sick Leave with Pay

Applicability:        Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409. However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

### Sec. 120.8    Sick Leave with Pay Eligibility

**120.8.1**    Sick leave with pay may be granted to employees who have earned sick leave with pay credits and who have served a total of six (6) continuous months of regularly scheduled paid service except that supplemental disability credits may be used to supplement disability indemnity payments as provided elsewhere in this Rule regardless of length of service and except that an authorized leave of absence with or without pay granted under this Rule shall not be considered as a break in the continuous service of an employee.

**120.8.2**    A break in service of more than six (6) continuous months by any employee other than an employee designated as a "holdover" will cause prior accumulated sick leave with pay credits to be canceled and eligibility for sick leave with pay must be re-established.

**120.8.3**    Sick leave with pay credits will continue to accrue at the normal rate while an employee is on either furlough or voluntary unpaid time off in accordance with this Rule, for a maximum of up to ten (10) days per fiscal year for imposed furlough or twenty (20) days per fiscal year for voluntary unpaid time off

### Sec. 120.9    Sick Leave with Pay Eligibility Pursuant to Administrative Code Chapter 12W Applicable to Employees Not Otherwise Qualified for Sick Leave

**120.9.1**    For employees who begin paid status after February 5, 2007, sick leave with pay may be granted to said employees, who have earned sick leave with pay credits under this section, ninety (90) days following their first day in paid status.

### Sec. 120.9    Sick Leave with Pay Eligibility Pursuant to Administrative Code Chapter 12W Applicable to Employees Not Otherwise Qualified for Sick Leave (cont.)

**120.9.2**    Employees hired on or before February 5, 2007, shall immediately be eligible to accrue and use sick leave with pay credits under this section.

**120.9.3**    A complete separation in service other than an employee designated as a "holdover" will cause prior accumulated sick leave with pay credits to be cancelled and eligibility for sick leave with pay must be re-established.

**120.9.4**    Employees rehired within one (1) year following a separation will not be subject to the ninety (90) calendar day eligibility period.  However, no reinstatement of previously accrued sick leave hours will be credited.

## Sec. 120.10    Sick Leave with Pay - Maximum Accumulation of Credits

### 120.10.1    Sick Leave with Pay – Maximum Accumulation of Credits

Sick leave with pay credits shall be cumulative but the accumulated balance of unused sick leave with pay credits for other employees, the hourly equivalent of 130 working days based on the regular daily work schedule as defined, provided that in no case may the total accumulated unused sick leave with pay credit balance exceed 1040 hours.  Maximum accumulated sick leave with pay credits shall be reduced proportionately for employees entering a class or position where the regular work schedule is less than the class exiting if such employees have accumulated unused sick leave with pay credits in excess of the maximum allowable for the new class or position.  Such employees shall have all such credits restored upon return to a class or position with an increased regular work schedule.

### 120.10.2    Maximum Accumulation of Credits Pursuant to Administrative Code Chapter 12W

Sick leave with pay credits shall be cumulative but the accumulated balance of unused sick leave with pay credits shall not exceed seventy- two (72) hours.

## Sec. 120.11    Sick Leave with Pay - Restrictions

### 120.11.1    Sick leave with pay is a privilege recognized by Charter and by Ordinance of the Board of Supervisors and should be requested and granted only in cases of absence because of illness which incapacitates the employee for the performance of duties or as otherwise defined in this Rule.

## Sec. 120.11    Sick Leave with Pay – Restrictions (cont.)

### 120.11.2    An appointing officer or designee may require proof of incapacitation before granting sick leave with pay for any period of time and may withhold pay for failure to submit such proof provided that the employee had been previously notified in writing that such proof would be required for absences of less than five (5) working days.

### 120.11.3    The rate of earning and accumulating sick leave with pay credits and authorization for its use under this Rule shall in no way inhibit or restrict the right of an appointing officer to establish standards of attendance.

## Sec. 120.12    Prohibition Against Employment While on Sick Leave with Pay

### 120.12.1    Employees are prohibited from working in any other employment while on sick leave with pay unless, after considering the medical reason for the sick leave with pay, the appointing

officer with the approval of the Human Resources Director, grants permission for the employee to engage in a secondary employment subject to the provisions of these Rules governing such employment.

**120.12.2**    Violators of this section are subject to disciplinary action as provided in the Charter.

## Sec. 120.13    Calculation of Sick Leave with Pay Credits

**120.13.1**    Unless otherwise provided in this Rule or by ordinance, sick leave with pay credits shall be earned at the rate of .05 hours for each hour of regularly scheduled paid service excluding, overtime exceeding forty (40) hours per week and holiday pay, except that an employee on disability leave shall earn sick leave with pay credits at the normal rate.

**120.13.2**    Sick leave with pay credits earned pursuant to Administrative Code Chapter 12W shall accrue at the rate of 1 hour for every thirty (30) hours worked.

**120.13.3**    When provided in a Memorandum of Understanding, Class 2320 Registered Nurses who are regularly scheduled to work two (2) twelve (12) hour shifts every weekend in the pilot project shall earn sick leave with pay credits at the rate of .075 hours for each hour of regularly scheduled paid service actually worked during her/his regularly scheduled twelve hour shifts.  This Rule shall apply only to those 2320 Registered Nurses who are regularly scheduled to work two 12 hour shifts on weekends in the San Francisco General Hospital Pilot Project.

## Sec. 120.14    Disbursement of Sick Leave with Pay Credits

**120.14.1**    Sick leave with pay credits shall be used and deducted at the minimum rate in units of one hour for those employees whose credits are calculated in hours.

**120.14.2**    When provided in a Memorandum of Understanding, Class 2320 Registered Nurses who are regularly scheduled to work two (2) twelve (12) hour shifts every weekend in the pilot project, and who use sick leave during any portion of such shifts, shall be entitled to use and deduct sick leave with pay credits at the rate of 1.5 hours for each hour of such sick leave, e.g., sick leave for four (4) hours of a shift = six (6) hours sick leave with pay.  The benefits of this Rule shall be available only to a 2320 Registered Nurse who is regularly scheduled to work two (2) twelve (12) hour shifts on weekends in the San Francisco General Hospital Pilot Project, and who is required to use sick leave during some of all of her/his regularly scheduled twelve (12) hour shifts on weekends during the pilot project.

## Sec. 120.15    Conversion of Sick Leave with Pay Credits from Days to Hours

Sick leave with pay credit balances shall be converted from days to hours based on the equivalent number of hours in such employee's sick leave with pay credit balances. The equivalent number of hours shall be based on the employee's authorized normal daily work schedule in effect on the effective date of this amended Rule, except if the Human Resources Director determines that such conversion is inequitable and allows another formula to be used.

## Sec. 120.16    Employees Injured by Battery

**120.16.1**    An employee absent because of bodily injury or illness received in the course of employment and caused by an act of criminal violence shall be entitled to sick leave with pay under the provisions of the Administrative Code.

**120.16.2**    Sick leave with pay under this section shall be known as "leave due to battery" and shall be subject to approval by the Human Resources Director. The Human Resources Director shall make such investigation as is deemed appropriate and may include medical examinations by a physician(s) designated by the Human Resources Director.

**120.16.3**    The decision of the Human Resources Director may be appealed to the Commission whose decision is final.

**120.16.4**    Authorized sick leave under this section shall not be charged against earned sick leave with pay credits.

## Sec. 120.17    Appeal of Denial of Sick Leave with Pay

Denial of sick leave with pay to an appointee who is eligible and qualified for such leave is appealable as provided elsewhere in this Rule.

## Sec. 120.18    Reimbursement of Vested and Unused Accumulated Sick Leave with Pay Credits Balance

**120.18.1**    An employee who had accumulated unused sick leave with pay credits and who had completed the service requirement on or before December 5, 1978, shall upon the effective date of retirement for service or disability, or upon the date of death, or upon the date of separation caused by industrial accident, be reimbursed for the accumulated unused sick leave with pay credit balance which had been earned on or before December 5, 1978, and not subsequently used ("vested and unused accumulated sick leave with pay credits") in accordance with the following schedule of service requirements and allowances.

| Schedule of Service Requirements and Allowances for Reimbursement of Vested and UnusedAccumulated Sick Leave with Pay Credit Balance at the Time of Retirement, Separation Because of Accident or Death | |
|---|---|
| **Service Requirement** | **Amount of Cash Reimbursement** |
| 15 or more years of service | 100% |
| More than 5 continuous years but less than 15 continuous years of service | 50% |
| Up to and including 5 continuous years of service | 33.3% |

**120.18.2**    Reimbursement for the vested and unused accumulated sick leave with pay credit balance shall be further subject to the following:

     **1)**    The Human Resources Director shall administer the provisions of this section.

     **2)**    Deduction shall be made from the unused accumulated sick leave with pay credit balance which existed on December 5, 1978, in an amount proportional to any credits used of that balance. Reimbursement shall be made only for the adjusted amount with all credits from the December 5, 1978, balance subsequently used being deducted.

**Sec. 120.18**    **Reimbursement of Vested and Unused Accumulated Sick Leave with Pay Credits Balance (cont.)**

     **120.18.2 (cont.)**

     **3)**    Reimbursement for the vested and unused accumulated sick leave with pay credit balance shall be payable at the time of retirement, separation caused by industrial accident or death, or at a later date when so selected by the employee, but within one (1) year of such retirement, separation or death.

     **4)**    Reimbursement is to be computed at the base rate of pay of an employee's permanent class, at the base rate of pay of the class of a temporary or provisional employee with no permanent status, or at the base rate of pay in a temporary or

provisional appointment of an employee with permanent status in another class who has held such temporary or provisional appointment continuously for one (1) or more years at the time of separation.

**5)** No reimbursement shall be made for unused sick leave with pay credits earned on or after December 6, 1978.

**6)** The enactment of this section is not intended to constitute additional compensation, nor be a part of the rate of pay of the employee, but is reimbursement for the vested and unused accumulated sick leave with pay credit balance to which an employee would have been entitled if the employee had not retired, separated due to industrial injury or died.

# Rule 120

# Leaves of Absence

## Article IV: Sick Leave without Pay

Applicability:     Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409. However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

**Sec. 120.19**     **Sick Leave without Pay - Eligibility**

Subject to the provisions of this section, sick leave without pay may be granted to employees who are not eligible for sick leave with pay or, subject to the approval of the appointing officer or designee, employees may choose not to use their sick leave with pay credits.

**Sec. 120.20**     **Sick Leave without Pay - Temporary and Provisional Employees**

Sick leave without pay may be granted to temporary or provisional employees. Such leave shall be renewed monthly and shall not be extended beyond three (3) calendar months except for sick leave - maternity.

### Sec. 120.21    Sick Leave without Pay - Permanent Employees

**120.21.1**    Sick leave without pay may be approved for permanent employees for the period of the illness provided that requests for prolonged leave shall be renewed every three (3) months and provided further that such leave shall not be extended beyond a period of one (1) continuous year unless the physician designated by the Human Resources Director advises that there is a reasonable probability that the employee will be able to return to employment.

**120.21.2**    If the physician designated by the Human Resources Director determines that there is no reasonable probability that the employee will be able to return to duty, the appointing officer shall have good cause for discharge.

**120.21.3**    The physician designated by the Human Resources Director may defer certification of capability for additional periods of three (3)-month intervals up to one (1) additional year.

### Sec. 120.22    Prohibition Against Employment While on Sick Leave Without Pay

**120.22.1**    Employees are prohibited from working in any other employment when on sick leave without pay unless, after considering the medical reason for the sick leave without pay, the appointing officer with the approval of the Human Resources Director, grants permission for the employee to engage in outside employment.

**120.22.2**    Violators of this section are subject to disciplinary action.

# Rule 120

# Leaves of Absence

## Article V:  Compulsory Sick Leave

Applicability:    Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409.  However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire

Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

### Sec. 120.23   Compulsory Sick Leave

**120.23.1**   An appointing officer or designee who has reason to believe that an employee is not medically or physically competent to perform assigned duties, and if allowed to continue in employment or return from leave may represent a risk to co-workers, the public and the employee, may require the employee to present a medical report from a physician designated by the Human Resources Director certifying the employee's medical or physical competency to perform the required duties.

**120.23.2**   If the employee refuses to obtain such physician's certificate or if as a result of a medical evaluation, the employee is found not to be medically or physically competent, the appointing officer or designee may place the employee on compulsory sick leave and shall immediately report such action to the Human Resources Director.

**120.23.3**   An employee shall remain on compulsory sick leave until such time as the employee is found to be competent to return to duty by a physician designated by the Human Resources Director, but such leave shall not exceed the maximum period of sick leave provided in this Rule.

**120.23.4**   The employee placed on sick leave under the provisions of this section may appeal as provided under the appeal provisions of the Medical Examination Rule.

**120.23.5**   An employee placed on compulsory sick leave is ineligible for employment with the City and County and shall be placed under waiver on all lists on which the employee's name appears and shall otherwise be unemployable.

# Rule 120

# Leaves of Absence

## Article VI:  Disability Leave

Applicability:    The provisions of Rule 120 apply to all officers and employees except for the Uniformed Ranks of the Police and Fire Departments or MTA Service-Critical Classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409.  However, all definitions in this Rule are applicable to employees

in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical Classes as covered in Volumes II, III and IV.

### Sec. 120.24   Disability Leave

**120.24.1**   Absence due to illness or injury arising out of and in the course of employment is defined as "disability leave" and is administered under the State Workers' Compensation Laws and the Rules of the Retirement Board.

**120.24.2**   An employee who is absent because of disability leave and who is receiving disability indemnity payments may request, by submitting a signed option statement to the employee's department no later than ninety (90) days following the employee's release from disability leave, that the amount of disability indemnity payment be supplemented with salary to be charged against the employee's supplemental disability credits so as to equal the full salary the employee would have earned for the regular work schedule. The regular work schedule shall be that schedule in effect at the commencement of the disability leave.

**120.24.3**   Supplemental disability credits shall be an account separate from, but equivalent to, the employee's accumulated unused sick leave with pay credit balance except that the supplemental disability credit account shall be adjusted as provided below.

**120.24.4**   Failure to exercise the option to supplement disability indemnity payments within ninety (90) calendar days following release from disability leave will preclude later requests.

**120.24.5**   Supplemental disability credits shall be used at the minimum rate in units of one (1) hour.

**120.24.6**   The employee's department shall submit separate timerolls to reflect this action only after the Retirement System certifies the amount of disability indemnity payment, if any, for the period.

### Sec. 120.24   Disability Leave (cont.)

**120.24.7**   Salary may be paid on regular timerolls and charged against the unused sick leave with pay credit balance during any period prior to the commencement of the determination of eligibility for disability indemnity payment without requiring a signed option by the employee.

**120.24.8**   When an employee has used sick leave with pay credits and the Retirement System subsequently determines that the employee was entitled to disability indemnity payment

for the period of absence, provision shall be made for adjusting the employee's sick leave with pay credit balance and for reimbursing the appropriate City fund for the amount of sick leave with pay credits charged and paid.

**120.24.9**   An employee who uses supplemental disability credits to supplement disability indemnity payments shall, while on disability leave, earn supplemental disability credits at the same rate as sick leave with pay credits.

**120.24.10**  Upon return to duty, an employee who has used supplemental disability credits shall earn sick leave with pay credits at the normal rate and shall earn supplemental disability credits at twice the rate that sick leave with pay credits are earned until such time as the total hours of supplemental disability credits used are regained.

**120.24.11**  Should an employee suffer a recurrence or a new injury before all supplemental disability credits are regained, the supplemental disability credit balance shall be that balance existing at the beginning of the pay period in which the recurrence or new injury occurs and shall be adjusted for the amount of supplemental disability credits subsequently earned and sick leave with pay credits subsequently used.

## Sec. 120.25    Use of Sick Leave with Pay Credits to Supplement State Disability Insurance

**120.25.1**   Sick leave with pay credits shall be used to supplement State Disability Insurance (SDI) at the minimum rate in units of one (1) hour.

**120.25.2**   SDI payments to an employee who qualifies and who has accumulated and is eligible to use sick leave with pay credits shall be supplemented with sick leave with pay credits so that the total of SDI and sick leave with pay calculated in units of one (1) hour provides up to, but does not exceed, the regular gross salary the employee would have received for the normal work schedule excluding overtime.

## Sec. 120.25    Use of Sick Leave with Pay Credits to Supplement State Disability Insurance (cont.)

**120.25.3**   An employee who wishes not to supplement, or who wishes to supplement with compensatory time or vacation, must submit a written request on a form prescribed by the Human Resources Director to the appointing officer or designee within seven (7) calendar days following the first (1st) date of absence.

**120.25.4**   Employees who are supplementing SDI earn sick leave with pay credits at the normal rate only for those hours of sick leave with pay credits used.

# Rule 120
# Leaves of Absence

## Article VII:  Military, War Effort and Sea Duty Leaves

Applicability:  Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409.  However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

### Sec. 120.26    Military Leave

**120.26.1**    Military leave is governed by the provisions of applicable Federal and State laws, by Charter provision and by this Rule.

**120.26.2    Time of War – Definition**

The phrase "time of war" is defined elsewhere in these Rules.

**120.26.3    Military Leave – Time of War**

Leaves of absence shall be granted to officers and employees for service in the armed forces of the United States or the State of California or for service on ships operated by or for the United States government in time of war and for a period not to exceed three (3) months after the conclusion of such service, but not later than one (1) year after the cessation of hostilities, except in case of disability incurred while in active service with the armed forces or the merchant marines when such disability shall extend beyond such period.

**120.26.4    Military Leave – Time of Peace**

Whenever any officer or employee shall, by order of the government of the United States

5/8/2008 11:37 AM

or by lawful order of any of its departments or officers, or by lawful order of the State of California, or any of its departments or officers, be directed in time of peace to report and serve in the armed forces of the United States, or in the armed forces of the State of California, said officer or employee shall be entitled to a leave of absence from the employee's office or position during the time of such service and for a period not to exceed three (3) months after the expiration thereof.

**Sec. 120.26**     **Military Leave (cont.)**

**120.26.5**     **Military Leave - Permanent Appointees**

Any officer or employee on military leave, who prior to such leave has been appointed to a permanent position in the City and County service, shall be entitled to resume such position at the expiration of the leave, and in determining and fixing rights, seniority, salary and otherwise which have accrued and shall inure to the benefit of such officer or employee, the term of military leave shall be considered and accounted as part of the employee's service to the City and County.

**120.26.6**     **Military Leave - Proof of Duty**

Officers and employees requesting military leave shall file with the Human Resources Director a copy of the orders necessitating such service prior to the effective date of the leave of absence and upon return from such leave shall submit a copy of the discharge or release.

**120.26.7**     **Military Leave - Salary While on Temporary Leave**

Employees who have been employed by the City and County or any other public agency or have been on military duty for a period of not less than one (1) year continuously prior to the date upon which temporary military leave not exceeding l80 calendar days begins shall, as required by the State of California Military and Veterans' Code (Section 395), receive their regular salary or compensation for a period not to exceed thirty (30) calendar days of such military leave in any fiscal year or more than thirty (30) calendar days during any period of continuous military leave.

**120.26.8**     **Military Leave - Probationary Appointees**

Refer to the Probationary Period Rule on leave during the probationary period.

**120.26.9**     **Military Leave - Eligible Not Reached for Certification While in Service - Time of War**

An eligible on a regular civil service list, who served on active military duty not including reserve service during time of war who presents an honorable discharge or certificate of honorable active service within one (1) year from the date of release from military service, shall be preferred for certification for a period of four (4) years after the cessation of hostilities in the order of standing upon the eligible list at the time of entrance into military service and before candidates procuring standing through an examination held subsequent to the entrance of such eligibles into the military service.

**Sec. 120.26    Military Leave (cont.)**

**120.26.10    Military Leave - Eligibles Reached for Certification**

If while in the military service, the name of an eligible was reached for certification to a permanent position and the eligible presents an honorable discharge or certificate of honorable active service within 120 days from the date of release from active military duty not including reserve service during time of war, the eligible shall be certified to a position in the class for which so reached; and, for all purposes of seniority, the date of certification if appointed, shall be deemed to be the date when the eligible was reached for certification while in the military service. A person appointed in accordance with this section shall serve the required probationary period. An eligible who is offered appointment in accordance with the provisions of this section and who waives appointment and is subsequently certified after withdrawal of waiver shall have seniority as of the date of such certification.

**120.26.11    Military Leave - Participants in Written Examinations**

Persons who participate in a written examination and who present their orders or other proof of service within 120 days from the date of release from active military service in time of war shall be allowed to participate in the remaining parts of the examination. If they meet all the eligibility qualifications, they shall be certified as of the date they would have been reached for certification in accordance with their rank based on the entire examination.

**120.26.12    Military Leave - Employees or Officers Not Subject to Civil Service Examination**

Military leave to an elected or appointed officer, appointed for a definite period of time, shall not be extended beyond the period of time for which elected or appointed, provided that if such officer is re-elected or reappointed, then military leave shall be automatically extended for such ensuing period of time.

Military leave to an employee occupying a position exempt from civil service examination shall not extend beyond the period of time for which the employee's appointing officer was elected or appointed.

**Sec. 120.27    War Effort Leave**

The Board of Supervisors may provide by ordinance that leaves of absence shall be granted to officers and employees

during time of war for service directly connected with the prosecution of the war or national defense or preparedness.

### Sec. 120.28   Leave for Sea Duty as Licensed Officers

In time of war or while any act authorizing compulsory military service or training is in effect, the Board of Supervisors may provide by ordinance that leaves of absence shall be granted to officers and employees for sea duty as licensed officers aboard ships operated by or for the United States government. The Commission shall amend this section to implement such ordinance.

### Sec. 120.29   Leave for Spouse or Registered Domestic Partner During Leave from Deployment of Qualified Member

**120.29.1**   In compliance with the State of California Military and Veterans Code, an eligible employee who is a spouse or registered domestic partner of a qualified member of the Armed Forces, National Guard, or Reserves shall be allowed to take up to ten (10) days of leave during a period of leave from deployment of the qualified member.

**120.29.2**   An "eligible employee" is an employee who meets all of the following conditions:

    **1)**   is a spouse or registered domestic partner of a qualified member;

    **2)**   works on average twenty (20) or more hours per week and is not an independent contractor;

    **3)**   provides notice to the City, within two (2) business days of receiving official notice that the qualified member will be on leave from deployment, of his or her intention to take leave; and

    **4)**   submits written documentation to the City, certifying that the qualified member will be on leave from deployment during the time of leave.

**120.29.3**   A "qualified member" is any of the following:

    **1)**   A member of the Armed Forces of the United States who has been deployed during a period of military conflict to an area designated as a combat theater or combat zone by the President of the United States; or

    **2)**   A member of the National Guard who has been deployed during a period of military conflict; or

    **3)**   A member of the Reserves who has been deployed during a period of military conflict.

# Rule 120

# Leaves of Absence

## Article VIII:  Unpaid Administrative Leave or Furlough

Applicability:    Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409. However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

**Sec. 120.30    Unpaid Administrative Leave or Furlough**

**120.30.1    General Provisions**

1) Notwithstanding the layoff and involuntary leave provisions or any other provisions of these Rules, an appointing officer is authorized to impose unpaid administrative leave (furlough) on any employee within that appointing officer's jurisdiction as provided in this section. The imposition of furloughs shall be subject to receipt of a Projected Deficit Notice (PDN) from the Controller stating that the department's budget will be insufficient to support the department's level of spending through the end of the fiscal year.

2) The authority of the appointing officer to impose furloughs shall be limited to those furloughs necessary to correct the projected deficit identified by the Controller.

3) This Rule shall apply to all employees of the City and County.

4) The Superintendent of the San Francisco Unified School District and the Chancellor of the San Francisco Community College District shall also be authorized to furlough any employee in the classified service upon their individual determinations that, based upon a review of projected revenues and expenditures, the budget will be insufficient to support the District's level of spending through the end of the fiscal year.

5) No provision of Layoff and Involuntary Leave, including but not limited to any provision regarding the order of layoff, displacement of less senior employees, or reinstatement, shall be applicable to any employees furloughed hereunder.

**Sec. 120.30    Unpaid Administrative Leave or Furlough (cont.)**

**120.30.2    Voluntary Unpaid Time Off**

1) Prior to imposing a furlough on any employee, an appointing officer shall attempt to determine, to the extent feasible and with due consideration for the time constraints which may exist for eliminating the projected deficit, the interest of employees within the appointing officer's jurisdiction in taking unpaid personal time off on a

voluntary basis.

2)   The appointing officer shall have full discretion to approve or deny requests for voluntary unpaid time off based on the operational needs of the department and any court decrees or orders pertinent thereto. The decision of the appointing officer shall be final except in cases where requests for voluntary unpaid time off in excess of ten (10) working days are denied. In such cases, an employee may appeal in accordance with the procedures provided below for appealing imposition of furlough.

3)   An employee shall be entitled to take up to ten (10) unpaid days per fiscal year at the rate of no more than five (5) days in a three (3) month period, at the employee's discretion, upon at least fifteen (15) calendar days prior written notice to the employee's appointing officer. Such request shall not be denied except for the reason of a requirement that such position be filled on an overtime or premium pay basis, for essential operational needs or the requirements of a court decree or order.

## 120.30.3   Furloughs

1)   Appointing officers are encouraged to furlough entire operational units within departments rather than individual employees; or stagger work hours within an operational unit on a reduced hours basis. The decision of the appointing officer to impose furloughs under this subsection, and the appointing officer's determination of what constitutes an operational unit, shall be final.

2)   Where, in the discretion of the appointing officer, furlough of an operational unit as prescribed above is not feasible, individual employees within an operational unit may be furloughed.

3)   To the extent practicable, furlough shall be equitably distributed among all of the employees in the affected department or operational unit to which the Projected Deficit Notice (PDN) has application; and, all of the employees in the affected class(es).

## Sec. 120.30   Unpaid Administrative Leave or Furlough (cont.)

## 120.30.3   Furloughs (cont.)

4)   In determining which employees to furlough, an appointing officer shall consider citywide seniority within a class as well as considering the operational needs of the department.

5)   In no event shall furlough be imposed upon an employee for more than four (4) days in any three (3) month period or ten (10) days in any fiscal year. Voluntary time off not to exceed a total of five (5) days per quarter or ten (10) days per year, approved pursuant to this section, shall be credited toward the maximum number of furlough days which may be imposed pursuant to this Rule.

6)   Employees placed on furlough pursuant to this section shall be notified in writing at least fifteen (15) calendar

days in advance of the effective date for the furlough.

7)    The decision to furlough an individual employee within an operational unit shall be final except that an employee given notice of a furlough, which taken together with an employee's prior furloughs in the same fiscal year would exceed five (5) working days within any six (6) month period, may file an appeal. Such appeals must be in writing and filed within three (3) calendar days of the date of the notice of furlough with the Human Resources Director with a copy to the appointing officer. Within three (3) calendar days after receiving the appeal, the Department of Human Resources shall refer the written appeal and the appointing officer's written comments, if any, for determination to the Human Resources Director, the Mayor and the Controller, or their designees, who shall meet on no less than twenty four (24) hours public notice. The determination regarding the appeal shall be rendered within seven (7) calendar days of the date of the appeal. This decision is final and shall not be reconsidered by the Commission. The Human Resources Director shall notify the employee and the appointing officer of the decision prior to the effective date of the furlough.

## 120.30.4    Restrictions on Use of Paid Time Off While on Voluntary Unpaid Time Off or Furlough

1)    All voluntary unpaid time off or furlough imposed or granted pursuant to this section shall be without pay.

2)    Employees granted voluntary unpaid time off or placed on furlough are precluded from using sick leave with pay credits, vacation credits, compensatory time off credits, floating holidays, training days or any other form of pay for the time period involved.

## Sec. 120.30    Unpaid Administrative Leave or Furlough (cont.)

## 120.30.5    Imposition of Furlough - Fair Labor Standards Act (FLSA) Restrictions

1)    Furlough for employees who are non-exempt under the Fair Labor Standards Act (FLSA) shall be imposed in minimum increments of one (1) hour.

2)    Furlough for employees who are exempt under the Fair Labor Standards Act (FLSA) shall be imposed in minimum increments of one (1) day.

## 120.30.6    Vacation and Sick Leave with Pay Accruals While on Voluntary Unpaid Time Off or Furlough

Subject to passage of necessary ordinances by the Board of Supervisors, vacation and sick leave with pay accruals shall continue during a maximum of ten (10) days of furlough in any fiscal year, or a maximum of twenty (20) days for approved voluntary unpaid time off taken pursuant to this Section in any fiscal year.

## 120.30.7    Duration and Revocation of Voluntary Unpaid Time Off or Furlough

Furlough imposed upon an employee shall remain in force for the period specified in the written notice unless sooner revoked by written notice from the appointing officer. Approved voluntary unpaid time off taken pursuant to this section may not be changed by the appointing officer without the employee's consent.

**120.30.8   Resolution of Disputes**

Except as provided elsewhere in this section, the Human Resources Director shall act on all disputes arising out of the application or implementation of the provisions of this section. The decision of the Human Resources Director shall be final and shall not be reconsidered by the Commission.

# Rule 120

# Leaves of Absence

## Article IX:  Other Leaves of Absence

Applicability:          Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409. However, all definitions in Rule 120 are applicable to employees in all classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

**Sec. 120.31    Leave to Accept Other City and County Position**

**120.31.1**    Leave by an employee who has completed the probationary period to accept exempt or temporary appointment in the City and County service may be approved for the duration of such appointment. Such leave by a probationary employee is subject to the provisions of the Rule governing the Probationary Period.

**120.31.2**    Denial of such leave by the appointing officer is appealable as provided elsewhere in this Rule.

**Sec. 120.32    Educational Leave**

**120.32.1**    Educational leave is defined as leave for the purpose of educational or vocational training in a field related to the

employee's current position and as any training to which a veteran is entitled pursuant to the laws of the United States or the State of California.

**120.32.2** Educational leave may be approved for permanent appointees for a period of up to one (1) year. Requests for educational leave of longer than one (1) year must be renewed each year.

**120.32.3** Denial of educational leave is appealable as provided elsewhere in this Rule.

**120.32.4** An employee on educational leave shall not accept other employment without approval of the appointing officer and the Human Resources Director, except for employment in vacant positions with the City and County during school vacations.

## Sec. 120.32    Educational Leave (cont.)

**120.32.5** As soon as records are available, the employee shall periodically present to the appointing officer a record of completed educational work. These records shall be maintained in such a manner as to be readily available for audit by Department of Human Resources staff. Failure to submit an acceptable record of completed educational work shall subject the employee to disciplinary action as provided in the Charter.

## Sec. 120.33    Leave for Civilian Service in the National Interest

**120.33.1** Civilian service in the national interest is defined as leave to serve with a federal, state or other public agency or non-profit organization in a program or in a capacity which the Human Resources Director deems to be in the national or general public interest.

**120.33.2** Such leave may be approved for permanent appointees for a period of up to one (1) year. Requests for such leave of longer than one (1) year must be renewed each year.

**120.33.3** Denial of such leave is appealable as provided elsewhere in this Rule.

## Sec. 120.34    Leave for Employment as an Employee Organization Officer or Representative

**120.34.1** Leave for employment as an employee organization officer or representative is defined as leave to serve full-time as an officer or representative of an employee organization whose membership includes City employees, or to attend a convention or other type of business meeting of an employee organization as an officer or delegate of the employee organization.

**120.34.2** Leave for permanent appointees may be approved for the duration of such service.

120.34.3   Denial of such leave is appealable as provided elsewhere in this Rule.

**Sec. 120.35   Family Care Leave**

120.35.1   **Definition of Family**

A unit of interdependent and interacting persons, related together over time by strong social and emotional bonds and/or by ties of marriage, birth, and adoption, whose central purpose is to create, maintain, and promote the social, mental, physical and emotional development and well being of each of its members.

**Sec. 120.35   Family Care Leave (cont.)**

120.35.2   Permanent employees who have one (1) or more years of continuous service in any status may be granted up to (1) year of unpaid family care leave for the following reasons:

1)   The birth of a biological child of the employee;

2)   The assumption by the employee of parenting or child rearing responsibilities. Family care leave does not apply to an employee who temporarily cares for a child for compensation, such as a paid child care worker;

3)   The serious illness or health condition of a family member of the employee, the employee's spouse or domestic partner, a parent of the employee or the employee's spouse or domestic partner, the biological or adoptive child of the employee, or a child for whom the employee has parenting or child rearing responsibilities; or

4)   The mental or physical impairment of a family member of the employee, the employee's spouse or domestic partner, a parent of the employee or the employee's spouse or domestic partner, the biological or adoptive child of the employee, or a child for whom the employee has parenting or child rearing responsibilities, which impairment renders that person incapable of self-care.

120.35.3   Family care leave is unpaid leave. Such leave may be granted in addition to accumulated compensatory time off, vacation time, floating holiday time or sick leave as specified under Sick Leave - Illness or Medical Appointment of Child, Parent, Spouse, or Registered Domestic Partner.

120.35.4   Denial of family care leave is appealable as provided elsewhere in this Rule.

**Sec. 120.36   Witness or Jury Duty Leave**

120.36.1   An employee who is summoned as a witness on behalf of the City and County or juror for a judicial proceeding shall

be entitled to leave with pay less the amount of juror or witness fee paid for the period required for such service (Charter Section A8.400G). An employee who is summoned to serve as a witness in cases which involve outside employment or personal business affairs shall be placed on leave without pay unless vacation leave or compensatory time is requested and granted.

### Sec. 120.36    Witness or Jury Duty Leave (cont.)

**120.36.2**    Paid witness or jury duty leave shall be only from an employee's scheduled duty time and shall not include hours outside of scheduled hours of work or on days off.

**120.36.3**    Such employees shall notify the appointing officer immediately upon receiving notice of jury duty.

**120.36.4**    An employee who takes vacation leave while on witness or jury duty leave shall receive regular salary.

**120.36.5**    Refer to the Probationary Period Rule on leave during the probationary period.

### Sec. 120.37    Holiday Leave

Holiday leave shall be as provided by ordinance of the Board of Supervisors.

### Sec. 120.38    Vacation Leave

Vacation leave shall be as provided in the Charter and by ordinance of the Board of Supervisors.

### Sec. 120.39    Involuntary Leave of Absence

**120.39.1**    Whenever it becomes necessary to effect a reduction in force due to lack of work or lack of funds which shall result in the displacement of a permanent or probationary appointee from the City and County service, an appointing officer, notwithstanding other provisions of these Rules governing leaves of absence, shall place such employees on a leave of absence of an involuntary nature unless the employee elects to be laid off.

**120.39.2**    Such reductions in force shall be effected by the provisions of this Rule governing seniority and order of layoff.

**120.39.3**    Employees placed on an involuntary leave of absence shall be ranked on the holdover roster for the class from which laid off and shall be returned to duty as provided in this Rule.

**120.39.4**    Leaves of absence imposed under the provisions of this Rule shall expire upon the return to duty of the holdover, upon

the expiration of holdover status, or upon written request of the employee to elect to be laid off while on involuntary leave.

### Sec. 120.40    Religious Leave

**120.40.1**    Employees may be granted leave when personal religious beliefs require that the employee abstain from work during certain periods of the work day or work week. Such leave shall be known as "Religious Leave."

**120.40.2**    Religious leave shall be without pay unless the employee elects to use accumulated compensatory time off, vacation time, or floating holiday time.

**120.40.3**    Denial of religious leave is appealable as provided elsewhere in this Rule.

### Sec. 120.41    Personal Leave

**120.41.1**    Personal leave is defined as leave for reasons other than those covered in other sections of this Rule.

**120.41.2**    Personal leave for permanent employees may be approved for a period of up to twelve (12) months within any two (2)-year period. Personal leave for temporary or provisional employees may be approved only if replacement of the employee is not required and for a maximum of one (1) month.

**120.41.3**    On the request of an appointing officer, the Human Resources Director, may for reasons deemed to be in the best interest of the service approve extension of personal leave for permanent employees beyond a twelve (l2)-month period.

# Rule 120

# Leaves of Absence

## Article X:  Appeal Procedures

Applicability:    Rule 120 shall apply to officers and employees in all classes, except the Uniformed Ranks of the Police and Fire Departments and MTA Service-Critical classes; or as noted or as specifically excluded, or except as may be superceded by a collective bargaining agreement for those employees subject to Charter Section A8.409. However, all definitions in Rule 120 are applicable to employees in all

classes; excluding only the Uniformed Ranks of the Police and Fire Departments and the MTA Service-Critical classes as covered in Volumes II, III and IV.

<u>**Sec. 120.42**</u>    <u>**Appeal Procedures**</u>

120.42.1    Appeals concerning furloughs or voluntary unpaid time off are excluded from appeal under this section and are appealable as provided elsewhere in this Rule.

120.42.2    In cases where appeal is specifically granted in this Rule, a dispute concerning the application or implementation of the provisions of this Rule shall be processed EITHER, at the option of the employee:

**1)**    in accordance with the grievance procedure provided by the Human Resources Director for unrepresented employees or in a collective bargaining agreement.

**2)**    by appeal in writing to the Human Resources Director, whose decision shall be final and shall not be reconsidered by the Commission. A decision under one option shall preclude the use of the other option.