STEPHEN F. HENRY (SBN 142336)
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

Attorney for Plaintiff


ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
JESSE J. LAD (SBN 229389)
jlad@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants City and County
of San Francisco

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES ONE through TEN, inclusive<br><br>Defendant. | **CASE NO: 07-CV-05792-SI**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

Pursuant to this Court's Order Setting the Initial Case Management Conference and Civil Local Rule 16-9, William Setzler ("Plaintiff" or "Setzler") and defendant City and County of San Francisco ("Defendant" or "City") (collectively referred to as the "Parties"), by and through their respective counsel, hereby submit the following Joint Case Management Conference Statement and [Proposed] Order.

### 1. Jurisdiction and Service

Jurisdiction is based on 28 U.S.C. §§ 1331. No issues exist regarding personal jurisdiction or venue. Service has been completed, no parties remain to be served and there are no issues with regard to service.

### 2. A brief description of the events underlying the action:

**According to Plaintiff:**

Mr. Setzler suffered an occupational injury to his foot on January 2, 1990. This injury left him with a continuing disability which was diagnosed by the City's doctor, Richard Coughlin, as Morton's neuroma. Dr. Coughlin declared Mr. Setzler permanent and stationary and unable to return to his normal duties on January 6, 1992. Mr. Setzler applied for a PERS industrial disability retirement and was denied. On subsequent occasions, while continuing to seek his disability retirement, Mr. Setzler also sought accommodation from the Sheriff's Office and a return to work on a modified, light duty basis and was denied. Faced with a Catch-22 created by the City, Mr. Setzler continued his long legal battle to obtain his disability retirement benefits.

Mr. Setzler's legal battle was stymied by substantial interference with his procedural rights including, most significantly, admitted concealment of critical medical records and misrepresentation of the facts of Mr. Setzler's medical condition by Deputy City Attorneys, most notably David Benjamin. Mr. Benjamin, who was admonished by the California Bar Association for his actions, was rewarded with an assignment as an Administrative Law Judge.

Mr. Setzler's many attempts to obtain other employment were also stymied by misrepresentations by Deputy City Attorneys and the Sherriff's Office. Mr. Setzler's goal of obtaining alternative employment within the City were blocked by the Sherriff's Office's improperly and secretly designating his leave as "sick leave" rather than disability leave, therefore preventing Mr. Setzler from obtaining a transfer. Mr. Setzler's ability to obtain outside employment was defeated by the disability retirement rules precluding him from seeking outside employment while his case dragged on. Mr. Setzler's attempts to return to the Sherriff's office were also rebuffed with the false claim that the Sherriff's Office does not provide light duty work

to accommodate disabilities.

Ultimately, after Mr. Setzler sought a Writ of Mandate compelling the City to approve his request for disability retirement and the Court issued its decision Denying Motion To Grant Writ petition, the Sherriff's Office denied Mr. Setzler accommodation and terminated Mr. Setzler on November 1, 2006 on the alleged basis that he had failed to complete probation.

**According to Defendant:**

Plaintiff joined the San Francisco Sheriff's Department as a probationary deputy sheriff in May 1989. On January 2, 1990, seven months into his probationary period, Plaintiff encountered a jail gate that would not open. Plaintiff kicked the gate with his left foot. Later during his shift, Plaintiff reported that his foot hurt. Claiming to have injured his foot so severely that he could not return to work as a deputy sheriff, Plaintiff sought to retire with a full disability pension.

Plaintiff remained employed by the City after January 2, 1990, staying on leave for over 15 years. He received full disability pay under Labor Code section 4850 between January 1990 and January 1991, and maintained his full pay through a combination of workers' compensation benefits, sick leave, vacation pay, and vocational rehabilitation allowances until at least March 1996. And during Plaintiff's entire 15-year leave of absence, he continued to receive his employee benefits, such as his City-paid health insurance benefits.

Although the City does not have permanent modified duty positions for deputy sheriffs, the City repeatedly offered Plaintiff three ways to return to work: (1) return to full duty as a deputy sheriff if he was medically capable of performing the job's essential functions; (2) return to full duty as a deputy sheriff with reasonable accommodations that would allow him to perform the job's essential functions; or (3) transfer to another position under the City's disability transfer program. While consistently maintaining that he could not return to full duty as a sheriff, Plaintiff also declined to participate in the City's accommodation process, under which he could return to work with as a deputy sheriff with reasonable accommodations or obtain a disability transfer to a new position. The City also provided Plaintiff with vocational rehabilitation to

become a computer technician through its workers' compensation system. Plaintiff was released from his probationary employment with the City on November 1, 2006.

This lawsuit comes to this Court on the heels of multiple prior actions by Plaintiff against the City alleging the same wrongful acts that Plaintiff is using as his basis for the instant lawsuit. Despite receiving unfavorable rulings in all of his prior actions, Plaintiff has filed this lawsuit seeking yet another bite at the dwindling apple. In his most recent legal action against the City, the California Superior Court held that Plaintiff was not entitled to be reinstated to his former position in the Sheriff's Department nor to receive back pay. With respect to Plaintiff's allegations in this case that the City concealed evidence, the same allegations were made and rejected in plaintiff's most recent writ action. Specifically, the Superior Court held that the information purportedly concealed "would have been discovered had [Plaintiff] diligently investigated his case in the earlier proceeding" and that Plaintiff cannot avoid the preclusive effects of the earlier judgment on his disability retirement application even if, as he contends, "the City had improperly or fraudulently concealed this evidence in the earlier proceeding." The Court also found that Plaintiff deliberately chose not to engage in the disability accommodation process and failed to make a good faith effort to return to work.

**Principal Factual Issues In Dispute:**

Discovery has not yet commenced in this action. In general, Plaintiff claims and Defendant denies that: (a) Plaintiff made a good faith effort to return to work; (b) Defendant fraudulently concealed evidence from Plaintiff; and (c) Defendant inappropriately responded to Plaintiff's good faith efforts to return to work. To the extent the Court rules that Setzler's multiple prior actions do not have res judicata or collateral estoppel effect, then the prior issues resolved in those actions may also become issues in this case.

    **3.**    **The principal legal issues which the parties dispute:**

    a.    Whether Plaintiff's claims and/or issues in the Complaint are precluded by res judicata and/or collateral estoppel.

    b.    If claims and/or issues in the Complaint are precluded by res judicata and/or collateral estoppel, which claims and/or issues are so precluded and to what extent.

c.  Whether Defendant failed to reasonably accommodate Plaintiff.

d.  Whether Plaintiff's claims and/or issues in the Complaint are precluded by estoppel, laches, waiver or statute of limitations.

**4. Motions.**

Defendant's Motion to Dismiss, Strike and/or for a Protective Order is pending before this Court and is currently scheduled for hearing on May 30, 2008.

**5. Amendment of Pleadings:**

Plaintiff has amended his complaint in an effort to address certain issues raised in Defendant's Motion to Dismiss. No answer has been filed in light of Defendant's pending motion.

**6. Evidence Preservation:**

The parties have preserved evidence in paper form.

**7. Initial Disclosures:**

The Parties have made initial disclosures.

**8. Discovery:**

The Parties intend to depose the parties and witnesses, as well as propound written discovery, and otherwise conduct discovery, pursuant to the Federal Rules of Civil Procedure, except as stipulated to by the parties or otherwise ordered by the Court based upon a showing of good cause.

At a minimum, Plaintiff intends to propound Requests for Production of Documents, Interrogatories and Requests for Admission to be completed by mid-summer and to notice depositions of Clare Murphy, David Benjamin, Sherriff Michael Hennesey, and current and former members of the Sherriff's Office with responsibility for personnel matters. Additional depositions will be taken by Plaintiff between the date that Defendant's dispositive motion is filed and the date that Plaintiff's Opposition thereto is due. Therefore, Plaintiff requests approximately sixty days between filing of any dispositive motion and the opposition thereto.

Defendant intends to propound Special Interrogatories, Requests for Admission and Requests for Production of Documents to be completed by mid-summer and to notice Plaintiff's

deposition as well as any other witnesses uncovered during the discovery process. Defendant requests that the 7 hour limitation for Plaintiff's deposition be waived and extended up to and including 21 hours. Defendant has met and conferred with Plaintiff regarding this proposed extension. Plaintiff contests the request for an additional 14 hours of deposition but agrees to an additional 7 hours. Defendant also reserves the right to seek an appropriate protective order with respect to Plaintiff's efforts to depose Department Heads.

**9.    Class action:**

This case is not a class action.

**10.    Related cases:**

There are no related cases.

**11.    Relief:**

Without benefit of necessary documents related to compensation and benefits in the possession of the City, plaintiff contends and defendant denies damages include past and future loss of wages from his employment (based on an approximately $33,000 salary when he began employment, plus subsequent expected raises and advancement) and/or denied PERS IDR benefits. Mr. Setzler's loss also includes interest, loss of benefits including health coverage, dental coverage, vision coverage, domestic partner benefits, vacation benefits, and retirement benefits and investment income, consequential damages, emotional distress, and attorneys fees, all in an amount to be determined based on the scope of the claims.

**12.    Settlement and ADR:**

No settlement discussions have occurred. The Parties have attended an ADR Conference.

**13.    Consent to Magistrate:**

Plaintiff consents to assignment to a United States Magistrate Judge for trial. Defendant does not at present consent to assignment to a United States Magistrate Judge for trial

**14.    Other Reference:**

No need for additional reference is currently contemplated.

### 15. Narrowing of Issues:

Until the Motion to Dismiss is heard and decided (or any subsequent Motions to Dismiss if Plaintiff amends his Complaint) the Parties are unaware of which issues may be susceptible to narrowing by stipulation.

### 16. Expedited Schedule:

The parties would welcome any suggestions regarding streamlining of the process but currently do not foresee any specific ways in which it can be streamlined or expedited.

### 17. Scheduling:

Plaintiff proposes the following schedule for this case:

Defendant proposes the following schedule for this action:

- Expert disclosures by February 6, 2009
- Rebuttal expert disclosures by February 20, 2009
- Non-expert discovery completed by March 16, 2009
- Completion of expert discovery by April 3, 2009
- Motions pursuant to Fed. R. Civ. P. 56 filed by April 3, 2009
- Hearing on motions pursuant to Fed. R. Civ. P. 56 on or before May 15, 2009
- Trial starting June 1, 2009.

Plaintiff agrees to Defendant's proposed schedule with the following two exceptions:

- Motions pursuant to Fed. R. Civ. Proc. 56 filed by February 27, 2009
- Non-Expert discovery to close on May 1, 2009.

### 18. Trial:

Plaintiff anticipates that trial will take 10 court days. Plaintiff has demanded a trial by jury. The City believes the trial will take five court days or less.

### 19. Disclosure of Non-party Interested Entities or Persons:

Neither party is aware of any individual or entity other than the named parties to this action that have either a financial interest in the subject matter of this controversy or in a party to this case or any other kind of interest that could be substantially affected by the outcome of this case.

**20.      Other matters:**

The parties have no other issues to raise with the Court at this time.

Dated: May 15 , 2008             STEPHEN F. HENRY, ESQ.

                                 By:     /s/ Stephen Henry
                                         Stephen F. Henry
                                         Attorneys for Plaintiff

Dated: May 15, 2008              MEYERS, NAVE

                                 By:     /s/ Jesse J. Lad
                                         Jesse Lad
                                         Attorneys for Defendant


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

IT IS SO ORDERED.

Dated: _____         _____
                                Honorable Susan Illston
                                U.S. Northern District Court Judge

1097106.1