ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
JESSE J. LAD (SBN 229389)
jlad@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants City and County
of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and DOES ONE through TEN, inclusive<br><br>　　　　Defendants. | Case No. 07-CV-05792-SI<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, MOTION TO STRIKE, AND MOTION FOR A PROTECTIVE ORDER**<br><br>DATE:　May 30, 2008<br>TIME:　9:00 a.m.<br>DEPT:　Courtroom 10 |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................1

II.  LEGAL ARGUMENT ................................................................................................2

   A. Issues that are Germane to the Instant Lawsuit Were Judicially Determined Prior to Plaintiff's most recent Writ Action ........................................................................2

   B. Plaintiff's Failure to Participate in the Accommodation Process was a Viable Issue in the Most Recent Writ Action .....................................................................3

   C. Plaintiff Lost his Entitlement to Work for the City Because of the Issues Determined in the Prior Litigation Between the Parties .........................................5

   D. Plaintiff Has No Legal or Factual Support for His First Cause of Action Alleging a Violation of His Freedom of Speech ....................................................6

   E. Plaintiff Has No Legal or Factual Support for His Second Cause of Action Alleging a Violation of Due Process ......................................................................7

   F. Plaintiff's FEHA (3rd) and Wrongful Termination (5th) Claims are Meritless ..........8

   G. Plaintiff has No Legal or Factual Support for His Fourth Cause of Action Alleging a Violation of Ordinance .........................................................................9

   H. Plaintiff's Sixth Cause of Action Fails Because the Alleged Wrongful Conduct that He Seeks to Enjoin Has Already been Conclusively Litigated ......................10

   I. In the Unlikely Circumstance that this Court Does Not Dismiss Plaintiff's Lawsuit in its Entirety, The Court Should Issue a Protective Order limiting this Litigation to Issues and Claims that Have Not Been Previously Litigated and Strike all Issues and Claim that are Subject to Res Judicata and Collateral Estoppel. .........10

III. CONCLUSION ..........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Dumas v. Kipp,*
  90 F.3d 386, 393 (9th Cir. 1996)................................................................................6

*Guz v. Bechtel,*
  24 Cal.4th 317 (2000)..................................................................................................9

*Hanson v. Lucky Stores, Inc.,*
  74 Cal.App.4th 215, 227 (1999)..................................................................................9

*Jensen v. Wells Fargo Bank,*
  85 Cal.App.4th 245, 263 (2000)...............................................................................5, 9

*Lucido v. Superior Court,*
  51 Cal.3d 335, 341 (1990)...........................................................................................2

*Monell v. Dep't of Soc. Servs.,*
  436 U.S. 658, 690-1 (1978).........................................................................................6

*Portman v. County of Santa Clara,*
  995 F.2d 898, 904 (9th Cir. 1993)...............................................................................7

*Pugh v. See's Candies, Inc.,*
  116 Cal.App.3d 311, 330 (1981).................................................................................9

*Roley v. Pierce County Fire Protection Dist. No. 4,*
  869 F.2d 491, 495 (9th Cir. 1989)...............................................................................8

*Thomas v. Douglas,*
  877 F.2d 1428, 1431 (9th Cir. 1989)...........................................................................7

## I. INTRODUCTION

Plaintiff William Setzler ("Plaintiff") advances three basic arguments in opposition to the City's motions. Each argument is completely unavailing and should be rejected.

First, Plaintiff argues that the claims in the instant lawsuit are not subject to *claim preclusion* because the most recent litigation between the parties involved his request to be reinstated to his former deputy sheriff position, not a specific legal *claim* that he was subjected to disability discrimination. In making this argument, Plaintiff ignores the concept of *issue preclusion*, which is a primary reason why Plaintiff's claims in the instant lawsuit have no merit. Here, Plaintiff's prior lawsuits have resolved certain issues that are essential for him to maintain the claims in this lawsuit. Because he is barred from relitigating those claims, his present lawsuit is not viable as a matter of law.

In addition, Plaintiff's opposition brief fails to specifically address the multiple lawsuits between the parties which pre-dated the most recent writ action and the *issues* that were determined in those lawsuits, including without limitation multiple determinations that Plaintiff failed to make a good faith effort to return to work for the City. Moreover, Plaintiff's opposition brief ignores the City's successful claim and issue preclusion defenses in the most recent writ action (and the underlying basis for that determination), including the language in the Superior Court's statement of decision discussing Plaintiff's various failures which resulted in Plaintiff losing his legal entitlement to work for the City as a deputy sheriff. Because Plaintiff's multiple prior lawsuits against the City arise from the same nucleus of operative facts as the instant lawsuit, the claims and issues that Plaintiff relies upon in the instant lawsuit are subject to claim and issue preclusion.

Second, Plaintiff argues that his purported goal of obtaining alternative employment was blocked by the City because he was placed on sick leave rather than disability leave while the City accommodated him with an extended leave of absence. This argument is disingenuous in light of the fact that the City offered Plaintiff the opportunity to transfer to another position under its disability transfer program, an opportunity which Plaintiff declined. (See Defendant's Request for Judicial Notice at Exhibit A, Statement of Decision, pg. 3:1-12). Moreover, the

sections of the Civil Service Rules that Plaintiff cites in support of this proposition specifically indicate that the Appointing Authority can authorize an employee to work in a different capacity while on sick leave. Accordingly, Plaintiff's assertion that the City unlawfully denied him the opportunity to seek alternate employment during his leave of absence is without merit.

Finally, Plaintiff argues that his claims that relate to his release from his probationary employment can not be dismissed because he was released from his probationary employment after the Superior Court's statement of decision in the most recent writ action. In advancing this argument, Plaintiff again fails to recognize the binding nature of the various issues that were determined in the multiple prior lawsuit between the parties, most notably that Plaintiff was not entitled to be reinstated as a deputy sheriff, that he failed to make a good faith effort to return to work and that he declined to participate in the disability accommodation process. Because these issues create a complete defense to Plaintiff's claims that rely upon his release from his probationary employment, and the remaining allegations and causes of action are subject to issue and claim preclusion and/or fail to state a claim, the City's motion to dismiss should be granted in its entirety.

## II. LEGAL ARGUMENT

### A. Issues that are Germane to the Instant Lawsuit Were Judicially Determined Prior to Plaintiff's most recent Writ Action

The doctrine of issue preclusion bars Plaintiff from re-litigating issues that were judicially determined in prior court actions. *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990). Issue preclusion broadly applies to any issues decided in any prior litigation between the parties, unless the issues were "entirely unnecessary to the initial proceeding." *Id.* at 342. In this case, there is an extensive litigation history between the parties that pre-dated this lawsuit as well as the plaintiff's most recent writ petition. (See Exhibits F, G and I to Defendant's Request for Judicial Notice.) Numerous issues were judicially determined during those lawsuits that are germane to the instant lawsuit. Plaintiff does not and cannot argue that any of these were "entirely unnecessary" to the initial proceedings. Accordingly, Plaintiff has no basis to deny the collateral estoppel effect of these binding determinations.

On July 11, 1996, Plaintiff filed his initial writ petition which asked the California Superior Court to overturn the retirement board's denial of his disability retirement application. Superior Court Judge Raymond Williamson denied Plaintiff's writ in its entirety. (See Exhibit A to Defendant's Request for Judicial Notice, Statement of Decision, at p. 5:9-12; See Also Exhibits F and G to Defendant's Request for Judicial Notice.) In his statement of decision on August 25, 1998, Judge Raymond specifically held that the evidence failed to establish that petitioner made a good faith effort to return to work and that Plaintiff's claims about his alleged disability were without merit. (*Id.* at p. 5:12-17; Exhibit G to Defendant's Request for Judicial Notice.)

Plaintiff moved for a new trial. (*Id.* at p. 5:20.) The Honorable David Garcia of the California Superior Court heard the new trial motion. (*Id.* at p. 5:22; Exhibit I to Defendant's Request for Judicial Notice.) Judge Garcia denied Plaintiff's motion and concluded that Plaintiff was a malingerer who had not made a good faith effort to return to work. (*Id.* at p. 5:23-6:3; Exhibit I to Defendant's Request for Judicial Notice at pg. 14:4-13.) Plaintiff next appealed the denial of his writ. (*Id.* at p. 6:4-5.) In an unpublished decision on April 12, 2000, the California Court of Appeal upheld the denial of Plaintiff's writ petition. In reaching this decision, the Court of Appeal specifically affirmed the Superior Court's findings that Plaintiff's claims about his alleged disability were not credible and that Plaintiff had not made a good faith effort to return to work.[1] (*Id.* at p. 6:7-10; Exhibit H to Defendant's Request for Judicial Notice.)

**B.    Plaintiff's Failure to Participate in the Accommodation Process was a Viable Issue in the Most Recent Writ Action**

On July 19, 2000, the month after the judgment denying the first petition became final, Plaintiff filed a second writ petition in San Francisco Superior Court. (*Id.* at p. 6:20-22.) In the second petition Plaintiff sought a writ of mandate that would order the City to return him to work as deputy sheriff with back pay and monetary relief dating back to 1991. (*Id.* at p. 6:22-

---

[1] Plaintiff's opposition brief does not assert that these judicial determination were not at issue in the legal actions that proceeded the most recent writ action.

24.) On June 3, 2005 — almost five years after the petition was filed — Plaintiff filed a motion asking the Court to grant the second petition. (*Id.* at p. 6:25-27.)

In his second writ petition Plaintiff contended that the City fraudulently concealed evidence from him during the earlier writ action. (*Id.* at pg.17:3-11.) In response to this contention, Judge Warren held that the information allegedly concealed "would have been discovered had [Plaintiff] diligently investigated his case in the earlier proceeding" and that Plaintiff cannot avoid the preclusive effects of the earlier judgment on his disability retirement application even if, as he contends, "the City had improperly or fraudulently concealed this evidence in the earlier proceeding." (*Id.* at p. 17:5-11.) Moreover, the Court affirmed that Plaintiff was a probationary employee who did not have a vested right to continued employment with the City. (*Id.* at p. 18:19-21.)

Plaintiff argues in his opposition brief that Judge Warren's determinations regarding his participation in the accommodation process are not binding in the instant lawsuit because they were "unrelated to the narrow issue of whether the Sheriff was compelled to reemploy Setzler" (Opposition Brief at page 6:20-22). In making this argument, Plaintiff is ignoring the Superior Court's inquiries into his participation in the reasonable accommodation process, which ultimately resulted in the Court ruling that his request for reinstatement was foreclosed based on the principles of issue and claim preclusion. Specifically, while Plaintiff's second writ action was pending – and prior to issuing its statement of decision -- the Superior Court ordered Plaintiff and the City to prepare briefs and attend a hearing on multiple issues, including without limitation the relevance of the City's reasonable accommodation offers to Plaintiff. (See Exhibit K to Defendant's Supplemental Request for Judicial Notice.) Judge Warren issued his statement of decision four months later, which specifically held that "the doctrines of issue and claim preclusion bar [Plaintiff] from relitigating his previously rejected argument that the City refused to reinstate him to work." (Exhibit A to Defendant's Request for Judicial Notice, Statement of Decision, at page 1-2.) Essential to that determination were various issues determined by the Court, in part based on the principle of collateral estoppel, including that Plaintiff failed to make a good faith effort to return to work, that he declined to participate in the

disability accommodation process, and that his claims about his alleged disability were not credible. (*Id.* at p. 3:1-12, 20:4-12.) Accordingly, the City's efforts to reasonably accommodate Plaintiff, as well Plaintiff's assertions that the City withheld information from him, were rightfully at issue in the most recent writ matter.[2]

### C. Plaintiff Lost his Entitlement to Work for the City Because of the Issues Determined in the Prior Litigation Between the Parties

Plaintiff was a probationary employee during his entire tenure with the City. (*Id.* at p. 18:19-21.) Plaintiff's first, second, third, fourth and fifth causes of action all hinge on Plaintiff's entitlement to remain employed by the City after Judge Warren ruled that he was not entitled to be reinstated to his former deputy sheriff position on April 25, 2006.[3] The City had no legal requirement to employ plaintiff in any capacity after the Court ruled that he was not entitled to work as deputy sheriff, however, because plaintiff's prior failures to make a good faith effort to return to work relieved the City of any duty it had to accommodate plaintiff in another position. Consequently, all of plaintiff's claims against the City in this lawsuit that rely upon his continued entitlement to work for the City are barred by issues determined in the prior litigation between the parties.

An employer's obligation to reasonably accommodate an employee is satisfied if the employee fails to participate in good faith in the accommodation process. *Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 263 (2000). Moreover, for the accommodation process to work, "both sides must communicate directly, exchange essential information and neither side can delay or obstruct the process." *Id.* at 261. The binding determinations in the prior litigation between the parties illustrate that the City offered Plaintiff three ways to return to work for the City: (1) return to full duty as a deputy sheriff if he was medically capable of performing the job's essential functions; (2) return to full duty as a deputy sheriff with reasonable accommodations that would allow him to perform the job's essential functions; or (3) transfer to

---

[2] The FAC vaguely alleges in a conclusory manner that "Plaintiff's many attempts to obtain other employment were also stymied by misrepresentations by Defendant County's Deputy City Attorneys and the Sheriffs Office." (FAC at ¶ 38.) As there are no specific factual allegations supporting this conclusory allegation, this Court should disregard the allegation.

[3] Judge Warren's decision became final consistent with the timelines set forth in California Rule of Court 8.104.

another position under the City's disability transfer program. (Exhibit A to RJN at pp. 2:20-3:12.) Notwithstanding this offer, Plaintiff failed to make a good faith effort to return to work and failed to engage in the reasonable accommodation process. (See Exhibit A to the RJN at pp. 3:1-12, 20: 4-12.) In fact, one Court went so far as to determine that Plaintiff is a malingerer based on his failure to make a good faith effort to return to work. (Exhibit I to Defendant's Request for Judicial Notice at pg. 14:4-13.) Accordingly, the City was relieved of its obligation to accommodate Plaintiff by providing him with alternate employment.

### D. Plaintiff Has No Legal or Factual Support for His First Cause of Action Alleging a Violation of His Freedom of Speech

Local governments can only be sued under Section 1983 where the claims arise out of unconstitutional actions by their employees who implement or execute a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers . . . ." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-1 (1978). In other words, a municipality cannot be held liable for an employee's actions outside the scope of implementation of the policies or customs on a *respondeat superior* theory. *Id.*

Plaintiff's first cause of action alleges that the City violated Section 1983 when he was released from his probationary City employment because of his "assertions on public television that information had been deliberately concealed from and misrepresented to the retirement board." (FAC at ¶ 49.) Minimal and conclusory allegations are insufficient to state a Section 1983 claim alleging a violation of the First Amendment Right of Free Speech. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Plaintiff fails to identify any specific policy statement, ordinance, or official decision adopted by the City's officers that was implemented when Plaintiff was allegedly terminated by the City based on his exercise of First Amendment rights. Rather, plaintiff vaguely alleges that the City maintains employment practices that encourage and allow retaliation against and prior restraint of an employee for protected speech. (FAC at ¶ 50.) If such a policy or practice existed, Plaintiff assuredly would have referenced it in his eighteen (18) page opposition brief. Accordingly, Plaintiff has failed to state a Section 1983 claim based on his alleged exercise of his first amendment rights as a matter of law.

Plaintiff's first cause of action also fails because he has not plead facts sufficient to maintain a Section 1983 claim against the City based on the First Amendment. In order to prove a Section 1983 claim under the First Amendment, Plaintiff must show: (1) that he engaged in protected speech, (2) that he suffered an adverse employment action as a consequence of the exercise of his First Amendment Rights, and (3) that the exercise of protected speech was a substantial motivating factor in the adverse employment action. *Thomas v. Douglas*, 877 F.2d 1428, 1431 (9th Cir. 1989).

The only allegation in the FAC that even alludes to the City having any knowledge of Plaintiff engaging in any protected speech is his allegation that he informed Sheriff Michael Hennessey on June 16, 2006, that he would be appearing on a cable television program entitled "Californians Injured at Work." (FAC at ¶ 34.) While this allegation asserts that the Sheriff might have some awareness that Plaintiff might be appearing on such a program, it does not assert that the Sheriff ever became aware of any statements Plaintiff purportedly made on the program. Moreover, as more thoroughly discussed above, Plaintiff lost his entitlement to remain employed by the City, and thus suffered no adverse employment action. Consequently, Plaintiff has failed to state a Section 1983 claim against the City based on his alleged exercise of his first amendment rights as a matter of law.

### E. Plaintiff Has No Legal or Factual Support for His Second Cause of Action Alleging a Violation of Due Process

The Ninth Circuit Court of Appeals has held that "at a minimum" the elements of a § 1983 claim based on a violation of procedural due process are: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). If employment is at-will, then the claimant has no property interest in the job. *Id.* Here, plaintiff has failed to allege facts which would establish that he had a property interest in his former employment with the City, and he can not make this assertion based on the determinations in the prior litigation.

Plaintiff also cannot establish that his "liberty interest" was infringed by the City. A public agency's accusations against an employee do not implicate a constitutional liberty interest unless they seriously damage his community standing and associations or foreclose his freedom to pursue other employment. *Roley v. Pierce County Fire Protection Dist. No. 4*, 869 F.2d 491, 495 (9th Cir. 1989). However, Plaintiff states he was released on the "basis that he had failed to complete probation." (FAC at ¶ 50.) Such an allegation does not seriously damage Plaintiff's community standing and associations or foreclose his freedom to pursue other employment. Moreover, Plaintiff limited his own freedom to pursue other employment by failing to take advantage of the three ways the City allowed him to return to work.

Plaintiff also argues in his opposition brief that the City somehow violated his due process rights because he was placed on sick leave (versus disability leave), and that such a designation foreclosed him from pursuing alternate employment with the City based on Civil Service Rules 120.12.1 and 120.22.1. (Opposition Brief at pg. 12:6-15, 15:5-13; Exhibit B to Plaintiff's request for Judicial Notice.) Yet, a close reading of these rules illustrates that an employee is allowed to pursue and secure alternate employment with the approval of the Appointing Authority. Moreover, as further discussed above, it has been conclusively established that Plaintiff failed to take advantage of the City's offer to allow him transfer to another position under the City's disability transfer program.[4]

Finally, as with the first cause of action, plaintiff's second cause of action fails because he has not alleged any specific policy statement or ordinance that was implemented when Plaintiff was purportedly denied due process. Accordingly, Plaintiff's second cause of action should be dismissed without leave to amend.

### F. Plaintiff's FEHA (3rd) and Wrongful Termination (5th) Claims are Meritless

An employer can successfully defend against a wrongful termination claim when there is legitimate and forthright reason to terminate an employee. *See Pugh v. See's Candies, Inc.*, 116

---

[4] Plaintiff's assertion that he had a property interest in his disability retirement has already been adjudicated as it has been conclusively determined that he was not entitled to a disability retirement. Moreover, Plaintiff should have included his claim that he was denied due process during his disability retirement application process in his judicial appeals of that determination. *See Frommhagen v. Board of Supervisors*, 197 Cal.App.3d 1292, 1301 (Holding that issue preclusion applies to issues that could have been presented in prior cases that were not presented.)

Cal.App.3d 311, 330 (1981) *disapproved on other grounds in Guz v. Bechtel*, 24 Cal.4th 317 (2000). Moreover, an employer should not be held liable under the FEHA for taking employment actions with respect to an allegedly disabled employee that has declined to participate in the reasonable accommodation process. *See Jensen, supra.* at 263. In this case, the City had multiple legitimate reasons to release Plaintiff from his probationary employment, namely the binding findings by the California Superior Court and Court of Appeals that (1) the City was not required to reinstate Plaintiff; (2) Plaintiff failed to make a good faith effort to return to work for the City; and (3) Plaintiff failed to engage in the reasonable accommodation process. Consequently, Plaintiff has no legal basis to assert that the City acted unlawfully when he was released from his probationary employment with the City.

Plaintiff's assertion that the City failed to provide him with a reasonable accommodation is also without merit because the City gave Plaintiff an extensive leave of absence and offered him three viable ways to return to work. (Exhibit A to RJN at pp. 2:20-3:12.) It is well-established that leaves of absences are considered a "reasonable accommodation" under FEHA. *See, e.g., Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 227 (1999). FEHA does not require that the employer provide the accommodation that the employee requests. It requires only that the accommodation be reasonable. *Id.* In this case, the City more than satisfied this requirement by providing Plaintiff with an extended leave of absence and three viable ways to return to work with the City.

G.  **Plaintiff has No Legal or Factual Support for His Fourth Cause of Action Alleging a Violation of Ordinance**

Plaintiff's opposition brief acknowledges that there is no case law that illustrates the existence a civil cause of action for a violation of ordinance. Moreover, the ordinance that Plaintiff cites in his opposition brief in support of his fourth cause of action, Ordinance No. 52-08, File No. 071672, amends the Public Works Code to make clarifying changes, and has nothing to do with Plaintiff's claims in the instant litigation. (See Supplemental Request for Judicial Notice at Exhibit L.) Accordingly, Plaintiff has failed to state a claim for violation of ordinance.

Furthermore, the allegations that Plaintiff relies in support of his fourth cause of action are problematic. As with his second cause of action, Plaintiff's fourth cause of actions alleges that he suffered some harm as a result of the City placing him on sick leave versus disability leave. This assertion is irreconcilable in light of the undisputed fact that the City offered Plaintiff the opportunity to transfer to another position under its disability transfer program, an opportunity which Plaintiff declined. Moreover, the sections of the Civil Service Rules that Plaintiff cites in support of this proposition specifically indicate that the Appointing Authority can authorize an employee to work in a different capacity while on sick leave. In addition, Plaintiff has not alleged that there is a provision in the Civil Service Rules that foreclosed the City from designating Plaintiff as being on sick leave during his leave of absence. Accordingly, Plaintiff's Fourth cause of action should be dismissed without leave to amend.

### H. Plaintiff's Sixth Cause of Action Fails Because the Alleged Wrongful Conduct that He Seeks to Enjoin Has Already been Conclusively Litigated

Plaintiff's final cause of action requests that all the alleged wrongful conduct plead in the FAC necessitates the Court granting injunctive relief. However, as more thoroughly discussed above, Plaintiff's first five causes of action have no merit. Because Plaintiff has failed to plead the requisite factual basis to support any of the claim in the FAC, the sixth cause of action should be dismissed without leave to amend.

### I. In the Unlikely Circumstance that this Court Does Not Dismiss Plaintiff's Lawsuit in its Entirety, The Court Should Issue a Protective Order limiting this Litigation to Issues and Claims that Have Not Been Previously Litigated and Strike all Issues and Claim that are Subject to Res Judicata and Collateral Estoppel.

Plaintiff and the City have extensively litigated various issues that Plaintiff re-alleges in support of his claims in the instant lawsuit, including without limitation his entitlement to be reinstated as a deputy sheriff, his failure to engage in the accommodation process, his failure to make a good faith effort to return to work, his entitlement to a disability retirement and whether the City inappropriately withheld information from Plaintiff during the prior litigation. If the Court determines that any of Plaintiff's claims should survive the City's motion to dismiss, all

the prior issues and claims that have been preclusively determined should be stricken from the FAC because of the serious risk of prejudice, delay and confusion of the issues. Moreover, the Court should issue a protective order foreclosing Plaintiff from seeking any discovery related to the stale claims and issues, and the previously determined issues and claims should be afforded full collateral estoppel and res judicata effect in this lawsuit. While the parties have agreed to stay discovery pending resolution of this Motion, the unreasonable scope of discovery that Plaintiff intends to pursue in this litigation is illustrated in the original notice of deposition Plaintiff served, which seeks information and documents dating back to 1990 related to issues that have already been litigated. (Defendant's Supplemental Request for Judicial Notice at Exhibit M.)

### III. CONCLUSION

Plaintiff's six causes of action in the FAC are improper and should be dismissed because: (1) the claims all arise from the same nucleus of operative facts that were used as the basis for Plaintiff's prior actions against the City; (2) the issues that form the fundamental basis for all six causes have been adjudicated on their merits in Plaintiff's prior lawsuits against the City; and (3) Plaintiff has failed to allege facts sufficient to support any of his claims against the City. Accordingly, Defendant City respectfully requests that its motion to dismiss is granted in its entirety.

DATED: May 16, 2008           MEYERS, NAVE, RIBACK, SILVER & WILSON

                              By: __/s/ Jesse J. Lad_____
                                  Jesse J. Lad
                                  Attorneys for Defendant