ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
JESSE J. LAD (SBN 229389)
jlad@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant City and County
of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and DOES ONE through TEN, inclusive<br><br>Defendants. | Case No. 07-CV-05792-SI<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FAC, MOTION TO STRIKE & MOTION FOR PROTECTIVE ORDER**<br><br>**DATE:** May 30, 2008<br>**TIME:** 9:00 a.m.<br>**DEPT:** Courtroom 10 |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Evidence 201, Defendant City and County of San Francisco ("CCSF") requests that this Court take judicial notice of the following documents as set forth below. The Court may properly consider matters of public record, including reports, legislative actions and reports of administrative bodies. *Mack v. South Bay Beer Distributors, Inc.,* 789 F.2d 1270, 1283 (9th Cir. 1986). Moreover, the Court may take notice of judicial proceedings in other courts if they have a direct relation to the matters at issue in the proceeding. *United States v. Robinson Rancheria Citizens Council,* 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, judicial notice is requested of the following:

1        1.    Exhibit K:  Order Requiring Additional Briefing and Setting Hearing in

2                Plaintiff's Prior Writ Action

3        2.    Exhibit L:  San Francisco Ordinance No. 52-08;

4        3.    Exhibit M:  Plaintiff's Notice of Depositions

5

6    DATED:  May 16, 2008                    MEYERS, NAVE, RIBACK, SILVER & WILSON

7

8                                            By:    /s/ Jesse J. Lad
                                                    Jesse J. Lad
9                                                   Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT K



IMAGED
OCT 2 5 2005

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 301

313725

WILLIAM SETZLER,

    Plaintiff,

               vs.

MICHAEL HENNESSEY and THE CITY
AND COUNTY OF SAN FRANCISCO,

    Defendants.

**ORDER REQUIRING ADDITIONAL
BREIFING AND SETTING HEARING**

Plaintiff William Setzler's Petition for Writ of Mandate came on regularly for hearing

before the Honorable James L. Warren on July 18, 2005, in Department 301. Edward Faunce

appeared on behalf of Plaintiff Setzler, and Anthony Grumbach appeared on behalf of

Defendants Hennessey and the City and County of San Francisco (together, the "City").

Following the hearing, the Court took the matter under submission. Having considered the

filed papers and the oral arguments presented, the Court orders the parties to submit

additional briefing on the following issues:

1. What relevance, if any, does the Americans with Disabilities Act and the City's offer of a
   reasonable accommodation to Setzler have in this case? How can an employer return an

ORDER REQUIRING ADDITIONAL BRIEFING AND SETTING HEARING



1    employee to duty if that employee and the employer believe that the employee cannot
     safely and competently do his job?  Does the language "not separate" in California
2    Government Code Section 21153 require the City to reinstate Setzler to his previous
     position even if Setzler and his doctors believe that he cannot perform the duties of his
3    previous position, or can the City return Setzler to any other position for which he is
4    qualified?

5    2.    When did Setzler's damages, if any, accrue, and what is Setzler's total amount of
           damages?
6

7          The parties are to file simultaneous, ten page briefs on these issues on or before
8
     November 10, 2005.  The parties shall appear for a hearing on these issues on November 17,
9
     2005 at 9:30 a.m. in Department 301 (or any other date more convenient for counsel).
10

11

12   IT IS SO ORDERED.
13
     Dated: _10/20/05_                          By: _____
14
15                                                     James L. Warren
                                                       Judge of the Superior Court
16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

California Superior Court

County of San Francisco

Law & Motion Department • Room 301

WILLIAM SETZLER,

    Plaintiff,

           vs.

MICHAEL HENNESSEY, and CITY AND
COUNTY OF SAN FRANCISCO,

    Defendants.

No. 313725

**Certificate of Service by Mail
(CCP § 1013a(4))**

    I, Gordon Park-Li, Clerk of the Superior Court of the City and County of San Francisco, certify that:

    1) I am not a party to the within action;

    2) On _____ OCT 2 5 2005 _____, I served the attached:

**ORDER REQUIRING ADDITIONAL BRIEFING AND SETTING HEARING**
by placing a copy thereof in a sealed envelope, addressed to the following:

    Edward Faunce
    Faunce, Singer & Oatman
    43020 Blackdeer Loop, Suite 206
    Temecula, CA 92590

    Anthony Grumbach
    Deputy City Attorney
    Fox Plaza
    1390 Market Street, 5th Floor
    San Francisco, CA 94102

and,

3

3) I then placed the sealed envelope in the outgoing mail at 400 McAllister St., San Francisco, CA 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practice.

Dated:       **OCT 2 5 2005**

By: GORDON PARK-LI, Clerk

deputy

4

# EXHIBIT L

Amendment of the Whole
3/10/08

FILE NO.   071672                          ORDINANCE NO.  52-08

1    [Public Works Code – landmark trees.]

2

3    **Ordinance amending Section 810 of the San Francisco Public Works Code to make**

4    **clarifying changes, establish hearing notice provisions, and extend the term of**

5    **temporary designation of nominated landmark trees; and making environmental**

6    **findings.**

7                    Note:        Additions are _single-underline italics Times New Roman_;
                                    deletions are ~~italics Times New Roman~~.
8                                   Board amendment additions are <u><u>double underlined</u></u>.
9                                   Board amendment deletions are ~~strikethrough normal~~.

10        Be it ordained by the People of the City and County of San Francisco:

11        Section 1.  The Planning Department has determined that the actions contemplated in

12   this Ordinance are in compliance with the California Environmental Quality Act (California

13   Public Resources Code sections 21000 et seq.).  Said determination is on file with the Clerk of

14   the Board of Supervisors in File No. _____071672_____ and is incorporated herein by

15   reference.

16        Section 2.  The San Francisco Public Works Code is hereby amended by amending

17   Section 810, to read as follows:

18   SEC. 810. LANDMARK TREES.

19        (a)  Designation Criteria. The ~~Urban Forestry Council shall develop and recommend for~~

20   ~~adoption by the~~ Board of Supervisors _in Resolution No. 440-06, Clerk of the Board of Supervisors_

21   _File No. 060487, adopted_ uniform criteria for the designation of landmark trees, which ~~criteria~~

22   ~~shall~~ include_d_ consideration of the age, size, shape, species, location, historical association,

23   visual quality, ~~or~~ _and_ other contribution to the City's character, as set forth Section

24   810(f)(4)(A)--(E) below. ~~Upon adoption by the Board of Supervisors, the~~ _This_ designation criteria_,_

25   _which may be amended from time to time,_ shall apply to all trees within the territorial limits of the

Supervisor McGoldrick
**BOARD OF SUPERVISORS**

1   City and County of San Francisco. ~~Pending adoption of criteria for designation of landmark trees,~~

2   ~~the Urban Forestry Council, affected City departments, and the Board of Supervisors shall rely on the~~

3   ~~general criteria set forth in Section 810(f)(4)(A)--(E).~~

4       (b)   Designation Process.

5       (1)   Nominations. A tree may be nominated for designation as a landmark tree by any

6   of the following parties: (i) the property owner whose property contains the subject tree by a

7   written request to the Urban Forestry Council; (ii) the Board of Supervisors ~~by adoption of a~~

8   ~~motion declaring the intent to nominate a tree for landmark status or the,~~, Planning

9   Commission~~,~~, or Landmarks Preservation Advisory Board by adoption of a resolution of intent

10  to nominate a tree for landmark status; or (iii) the director of any City agency or department by

11  filing a nomination letter with the Urban Forestry Council. Each tree nominated for landmark

12  tree status shall be the subject of a separate individual nomination.

13      (2)   Content of Nominations. Nominations shall be made in writing to the Urban

14  Forestry Council and shall include the basis for the nomination, which may address one or

15  more of the adopted designation criteria, including the factors listed below in Section

16  810(f)(4)(A)--(E) below; the lot, assessor's block, and street address of the subject property;

17  one or more pictures of the tree; and any other information that the nominating property owner

18  or entity believes would be pertinent to the nomination.

19      (3)   Urban Forestry Council Hearing and Determination. The Urban Forestry Council

20  shall hold a public hearing on a ~~nomination within 60 days of receipt of a~~ completed

21  nomination request, and shall determine whether the tree qualifies as a landmark tree

22  pursuant to the adopted designation criteria. ~~The Urban Forestry Council shall meet at least~~

23  ~~twice annually to consider such nomination requests.~~ After the conclusion of the public

24  hearing, the Urban Forestry Council shall adopt written findings that specify the basis for its

25

1    decision to approve or reject the nomination and shall forward these findings to the applicant

2    for the nomination and the affected property owner. If the Urban Forestry Council determines

3    that the subject tree meets the adopted designation criteria, it shall forward said decision to

4    the Director, as to a tree on private property, or to the subject City agency, commission or

5    department, as to a tree on City-owned property. If the Urban Forestry Council rejects the

6    nomination, the Council shall not accept a new request for the subject tree for three years

7    from the date of its decision. If the Urban Forestry Council determines that a tree qualifies as

8    a landmark tree, its written findings on the nomination ~~shall be forwarded~~, along with any

9    recommendations of relevant City agencies, commissions or departments, *shall be forwarded*

10   ~~within 30 days~~ to the Board of Supervisors for its consideration pursuant to Section 810(b)(4)

11   of this Article. If the Urban Forestry Council fails to forward said findings to the Board of

12   Supervisors within ~~90~~ 120 days of the Urban Forestry Council's receipt of the nomination

13   request, the Board of Supervisors may, in its discretion, schedule a public hearing on the

14   nomination, in which event, the failure of the Urban Forestry Council to forward said findings

15   within the ~~90~~ 120 day period shall constitute its approval of the nomination.

16        *(A) If the nominated tree is on private or public property, the Council shall provide*

17   *mailed* ~~or delivered~~ *notice of the hearing to the subject property owner and all property owners* ~~and~~

18   ~~residents~~ *adjoining the subject property where the tree is located at least seven (7) days prior to its*

19   *hearing.* The Council, in its discretion, also may provide delivered notice of the hearing to

20   residents adjoining the subject property, posted notice, or both.

21        *(B) If the subject property exceeds one (1) acre in size, the Council shall provide posted*

22   *notice in lieu of the mailed* ~~or delivered~~ *notice. Such notice shall be posted on at least two locations*

23   *on each block face(s) tangent to the subject property at least seven (7) days prior to its hearing.*

24

25

Supervisor McGoldrick
**BOARD OF SUPERVISORS**
    Page 3
3/10/2008
n:\landuse\jmalamut\boardsup\mcgoldrk\landmark tree\landtre3.doc

1        _____*(C)  If the Council either delivers or posts notice in accordance with these provisions,*

2    *staff assigned to this task shall sign an affidavit, accompanied with any supporting material, stating*

3    *when and where the notice was delivered or posted.*

4            (4)   Designation. Upon the recommendation of the Urban Forestry Council, the Board

5    of Supervisors, *by ordinance,* may designate as a "landmark tree" any tree within the territorial

6    limits of the City and County of San Francisco that meets the adopted designation criteria, or

7    may rescind such designations. If the Urban Forestry Council does not issue findings in a

8    timely manner pursuant to Subsection (b)(3), the Board of Supervisors shall adopt its own

9    findings as part of the designation of a landmark tree.

10           (c)   Landmark Tree Designation Recorded Notice and Official Book. Upon Board of

11   Supervisors designation of a landmark tree, the Department or affected agency shall record a

12   notice on the subject property concerning the landmark tree. The Department also shall

13   record the landmark tree designation in an official book entitled Landmark Trees. If the

14   landmark tree is a street tree under the maintenance responsibility of the Department, the

15   Department shall record the landmark tree designation in a separate section of the Landmark

16   Tree book that is reserved for those landmark trees under the maintenance responsibility of

17   the Department. The Department shall maintain this book for public review and update it on a

18   regular basis with the assistance of affected agencies.

19           (d)   Temporary Designation of Landmark Tree Status.

20           (1) At the time a member of the Board of Supervisors introduces a ~~resolution of~~ motion

21   ~~declaring the~~ resolution of intent to initiate a nomination and submits to the Clerk of the Board

22   of Supervisors the information required for a landmark tree nomination request as set forth in

23   Section 810(b)(2), the subject tree shall be temporarily designated as a landmark tree

24   ("temporary designation") and be subject to the provisions governing landmark trees set forth

25

1  herein while proceedings are pending on the landmark tree designation. At the time the

2  Planning Commission or Landmarks Preservation Advisory Board adopts a resolution of intent

3  to initiate a nomination, temporary designation of the subject tree shall occur. If the Director of

4  the Department or the director of any other City agency, commission or department initiates

5  landmark tree designation, temporary designation shall occur when the Urban Forestry

6  Council adopts a resolution determining that the subject tree qualifies for landmark tree status.

7  In addition, the Director of the Department shall have the authority to issue an emergency

8  order that temporarily designates a tree on private property or on any property under the

9  jurisdiction of the Department to prevent the immediate removal of a tree. Upon initiation of a

10  nomination pursuant to this Section, the entity initiating nomination shall immediately inform

11  the Director who shall immediately cause a notice to be provided to the relevant department

12  or private property owner informing them of the special permit and approval requirements

13  pursuant to Section 810(f).

14  (2)  If ~~180~~ 215 days have elapsed from the date of temporary designation and final

15  action on landmark tree designation has not been completed, the temporary designation

16  status for the subject tree shall expire unless the Board of Supervisors adopts a resolution to

17  extend the temporary designation. Such extension shall not exceed 90 additional days.

18  (3)  Although the subject tree ultimately may be designated as a landmark tree

19  sometime after expiration of temporary designation status, once the temporary designation

20  has expired or is rejected as set forth below in Subsection (5), the affected tree shall not be

21  subject to a new temporary designation for at least two years from the date of temporary

22  designation.

23  (4)  *The 215-day term of temporary designation or any additional term, if extended through*

24  *Board of Supervisors action pursuant to this Section, shall automatically be extended 30 additional*

25

1   *days from the date the Mayor either signs the ordinance designating the subject tree as a landmark tree*

2   *or the 10th day after the Clerk of the Board refers said ordinance to the Mayor and the ordinance is not*

3   *signed or vetoed.*

4       (5)  If the Board of Supervisors rejects a resolution of intent to initiate nomination of a

5   tree or the Urban Forestry Council rejects a nomination under subsection (b)(3), the

6   temporary designation shall automatically terminate.

7       (e)  Zoning Administrator. The Zoning Administrator shall be required to identify

8   designated landmark tree(s) on proposed development or construction sites and to notify the

9   Urban Forestry Council and the Department or affected City agency, commission or

10  department. The Zoning Administrator and the Department or such other City Agency,

11  commission or department with jurisdiction, shall be required to impose measures to protect

12  such landmark trees on a construction site against damage to trunk, roots, and branches in

13  accordance with Section 808(c) of this Article. Removal of such trees shall be subject to the

14  rules and procedures for removal of landmark trees provided in this Section.

15      (f)  Removal Criteria and Procedures.

16      (1)  Removal Criteria. The Urban Forestry Council shall develop and recommend for

17  adoption by the Board of Supervisors uniform criteria, rules, and procedures governing

18  determinations to remove landmark trees. Removal criteria shall require consideration and

19  written findings on all of the factors related to the landmark tree as set forth in Section

20  810(g)(4), below, and shall not authorize the removal of a landmark tree unless the it

21  constitutes a hazard tree pursuant to Section 802(o). Public notice, in accordance with the

22  requirements of Section 806(a)(2), and a hearing shall be required.

23      (2)  Removal on Private Property; Special Permit Required. A property owner who

24  desires a permit to remove a landmark tree shall apply to the Department on the designated

25

1    form. Such application must be accompanied by an administrative fee in accordance with a

2    fee schedule adopted by the Director. Except in the case of manifest danger and immediate

3    necessity, landmark trees on private property shall be removed only after the Director's

4    determination and issuance of a permit, following a public hearing. If the Director determines

5    that removal of a landmark tree is necessary or permissible in accordance with the adopted

6    removal criteria, the Director may impose such reasonable conditions on the permit for

7    removal as he or she deems necessary to compensate for the loss of the tree, including but

8    not limited to the replacement value of the tree, administrative costs, and contribution to the

9    Adopt-A-Tree Fund. The Director's determination shall be final and appealable to the Board of

10   Appeals. Any person seeking permission to remove a landmark tree must pay all costs related

11   to the permit process and public hearings. Pending adoption of criteria for removal of

12   landmark trees, the Department shall rely on the general criteria set forth in Section

13   810(f)(4)(A)--(F).

14       (3)   Removal on City-owned Property; Special Approval Required. Removal of a

15   landmark tree(s) on City property under the jurisdiction of any City agency, commission, or

16   department shall be subject to the criteria, rules, and procedures adopted by the Board of

17   Supervisors pursuant to Section 810(f)(1), above, including the process for public notice and a

18   hearing prior to removal of the tree. After following said criteria, rules, and procedures, the

19   subject City agency, commission, or department shall make its decision on removal of a

20   landmark tree(s). Such decision is final and nonappealable. Pending the Board of

21   Supervisor's adoption of the criteria, rules, and procedures pursuant to Section 810(f)(1), the

22   agency, commission, or department shall follow the general criteria of Subsection (f)(4)(A)--(F)

23   and similar rules and procedures for removal of street trees as set forth in Section 806(c) and

24   for removal of hazard trees as set forth in this Section 806(a)(4). This Subsection shall not

25

1   supercede the Charter jurisdiction that has been granted to any City agency, commission, or

2   department.

3          (4)   Required Findings. As part of any determination that authorizes removal of any

4   landmark tree, the City entity making such determination shall, in addition to the adopted

5   removal criteria, consider and make written findings on each of the following factors related to

6   the tree:

7                  (A)   Size, age, and species;

8                  (B)   Visual characteristics, including the tree's form and whether it is a

9   prominent landscape feature;

10                  (C)   Cultural or historic characteristics, including whether the tree has significant

11   ethnic appreciation or historical association or whether the tree was part of a historic planting

12   program that defines neighborhood character;

13                  (D)   Ecological characteristics, including whether the tree provides important

14   wildlife habitat, is part of a group of interdependent trees, provides erosion control, or acts as

15   a wind or sound barrier;

16                  (E)   Locational characteristics, including whether the tree is in a high traffic area

17   or low tree density area, provides shade or other benefits to multiple properties, and is visually

18   accessible from the public right-of-way; and

19                  (F)   One or more criteria that qualify the tree as a hazard tree pursuant to

20   Section 802(o).

21          (5)   Emergency Removal on Private Property. In the case of manifest danger and

22   immediate necessity, as determined by the Director, the Director may remove or require the

23   responsible owner(s) to remove a landmark tree immediately. After such emergency removal,

24   the Director shall provide written notice of the necessity for such action to the Board of

25

1   Supervisors and the Urban Forestry Council and shall also provide such notice to all

2   interested San Francisco organizations and, to the extent practical, to the owners and

3   occupants of properties that are on or across from the block face where the affected tree was

4   removed. If the Department incurs any costs related to an emergency removal, said costs,

5   including labor, equipment, materials, inspection services, and administrative costs, shall be

6   an obligation owing by the responsible owner(s) to the City. Removal of a landmark tree

7   pursuant to this Subsection is not subject to Section 810(f)(4) above.

8         (6)   Emergency Removal on City-owned Property. In the case of manifest danger and

9   immediate necessity, as determined by the director or general manager of the subject agency,

10  commission, or department, the subject agency, commission, or department may remove a

11  landmark tree within its jurisdiction immediately. After such emergency removal, the subject

12  agency, department, or commission shall provide written notice of the necessity of such action

13  to the Board of Supervisors, Urban Forestry Council and Department of Public Works and

14  shall also provide such notice to all interested San Francisco organization and, to the extent

15  practical, the owners and occupants of properties that are on or across from the block face

16  where the affected tree was removed. Removal of a landmark tree pursuant to this Subsection

17  is not subject to Section 810(f)(4) above.

18        (g)   If a landmark tree(s) has been designated as part of a local historic district or

19  landmark under Article 10 of the Planning Code, removal of such tree shall be subject to the

20  procedures set forth in the Planning Code Article 10 in addition to the requirements of

21  Subsection 810(f) above. In the case of a conflict between Section 810(f) and the Article 10

22  designation, the more restrictive provisions shall apply.

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

APPROVED AS TO FORM:
DENNIS J. HERRERA, City Attorney

By:

John D. Malamut
Deputy City Attorney



# City and County of San Francisco

## Tails

## Ordinance

City Hall
1 Dr. Carlton B. Goodlett Place
San Francisco, CA  94102-4689

**File Number:**    071672                    **Date Passed:**

Ordinance amending Section 810 of the San Francisco Public Works Code to make clarifying changes, establish hearing notice provisions, and extend the term of temporary designation of nominated landmark trees; and making environmental findings.

March 18, 2008   Board of Supervisors — PASSED ON FIRST READING
                 Ayes: 11 - Alioto-Pier, Ammiano, Chu, Daly, Dufty, Elsbernd, Maxwell, McGoldrick, Mirkarimi, Peskin, Sandoval

March 25, 2008   Board of Supervisors — FINALLY PASSED
                 Ayes: 10 - Ammiano, Chu, Daly, Dufty, Elsbernd, Maxwell, McGoldrick, Mirkarimi, Peskin, Sandoval
                 Absent: 1 - Alioto-Pier

File No. 071672

I hereby certify that the foregoing Ordinance
was **FINALLY PASSED** on March 25, 2008
by the Board of Supervisors of the City and
County of San Francisco.

Angela Calvillo
Clerk of the Board

**3·31·08**
**Date Approved**

Mayor Gavin Newsom

File No. 071672

# EXHIBIT M

**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER | **CASE NO: 07-CV-05792-SI** |
| Plaintiff, | **NOTICE OF DEPOSITIONS** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES ONE through TEN, inclusive | |
| Defendant. | |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff will take the deposition of the following persons pursuant to Rule 30 of the Federal Rules of Civil Procedure at the offices of Aiken & Welch, 1 Kaiser Plaza, Ste. 505, Oakland, CA 94612, (510) 451-1580 at the dates and times stated. If the depositions are not completed on the date stated, the deposition will continue at such times as are specified by plaintiff's counsel after conferring with defendant's counsel. The deposition will be stenographically recorded by a certified shorthand reporter.

1) May 7, 2008 at 9:30 a.m.: The City and County of San Francisco is hereby requested and required, pursuant to FRCP 30(b)(6), to designate and produce a person or persons to testify on behalf of The City and County of San Francisco on the following matters: The contents of Plaintiff's personnel file and records maintained by the San Francsico Sheriff's Department regarding Plaintiff.

Said deponent is requested to produce a complete copy of all records and documents maintained by the San Francisco Sheriff's Department or any member thereof pertaining to William Setzler, including duplicate files, "mirror" files, and personal files regarding Mr. Setzler maintained by any person employed or formerly employed by the Sheriff's Department, including but not limited to Sheriff Hennessey and James Harrigan.

2) May 7, 2008 at 1:30 p.m.: The City and County of San Francisco is hereby requested and required, pursuant to FRCP 30(b)(6), to designate and produce a person or persons to testify on behalf of The City and County of San Francisco on the following matters: Records maintained by the San Francisco Retirement Board with respect to Plaintiff's applications for Industrial Disability Retirement between 1990 and the present.

Said deponent is requested to produce a complete copy of all records and documents maintained by the San Francisco Retirement Board with respect to Plaintiff's applications for Industrial Disability Retirement between 1990 and the present.

In addition, said deponent is requested to produce the following if in the possession, custody or control of Defendant:

     A. March 14, 1990 Emergency Room report from Davies Hospital.

     B. March 14, 1990 ambulance report regarding transportion of Plaintiff from Davies Emergency Room to the Emergency Room of San Francisco Children's Hospital.

     C. March 14, 1990 Emergency Room report from San Francisco Children's Hospital.

1    D. March 22, 1990 report of Dr. Richard Coughlin.

2    E. July 2, 1990 report of Dr. Richard Coughlin.

3    F. July 9, 1990 report of Dr. Richard Coughlin.

4    G. The report of Dr. Miller, Neurologist, following the October 27, 1993 EMG of

5    Plaintiff. This EMG took place at 3700 California Street, San Francisco (Children's

6    Hospital, now part of California Pacific). The EMG was at 2:00 p.m. and registration was

7    at 1:30 p.m.

8    H. All Workers' Comp RU-90 reports pertaining to Plaintiff.

9    I. All unedited video and sound recordings taken of Plaintiff by Defendant's private

10   investigator(s) from 1990 to present including but not limited to the following dates:

11        March 16, 1993

12        March 29, 1993

13        March 30, 1993

14        May 7, 1993

15        November 19, 1993

16        December 9, 1993

17        February 4, 1994

18        February 11, 1994

19        February 15, 1994

20   J. All unedited video and sound recordings taken of Plaintiff by Defendant's private

21   investigator(s) and used by private investigator, Gary Walden, to compile recordings

22   dated:

23        May 2, 1996

24        May 3, 1996

25        February 17, 1998

26        March 14, 1998

27

28

**07-CV-05792-SI**                    3        Notice of Depositions

1    3) May 14, 2008 at 9:30 a.m.: The City and County of San Francisco is hereby requested and

2    required, pursuant to FRCP 30(b)(6), to designate and produce a

3    person or persons to testify on behalf of The City and County of

4    San Francisco on the following matters: All reasons why Plaintiff

5    could or could not be accommodated in a position as Deputy

6    Sheriff starting in June 2006.

7    Said deponent is requested to produce every document maintained by the San Francisco Sheriff's

8    Department and the San Francisco Retirement Board with respect to any request for

9    accommodation of a disability by Plaintiff, any consideration of a request for accommodation of

10    a disability by Plaintiff, any offer of accommodation of a disability to Plaintiff, and any decision

11    not to offer an accommodation of a disability requested by Plaintiff.

12

13    4) May 14, 2008 at 1:30 a.m. :   The City and County of San Francisco is hereby requested

14    and required, pursuant to FRCP 30(b)(6), to designate and produce

15    a person or persons to testify on behalf of The City and County of

16    San Francisco on the following matters: Whether or not Plaintiff

17    was placed on sick leave between 1990 and the date of his

18    termination, what form of sick leave Plaintiff was placed between

19    1990 and the present date of his termination if he was so placed,

20    who made the decision to place Plaintiff on sick leave at any time

21    between 1990 and the date of his termination if he was so placed,

22    and the process by which Plaintiff was placed on sick leave at any

23    time between 1990 and the date of his termination if he was so

24    placed.

25    Said Person(s) Most Knowledgeable is requested to produce every document maintained by the

26    San Francisco Sheriff's Department and the San Francisco Retirement Board pertaining to

27    placement of Plaintiff on sick leave at any time between 1990 and the date of his termination.

28

**07-CV-05792-SI**        4      Notice of Depositions

5) May 21, 2008 at 9:30 a.m. **James Harrigan**

The deponent is requested to produce every document maintained by him, the City and County of San Francisco, and its Sheriff's Department which supports the statements made by him in a Declaration dated September 16, 1998 pertaining to William Setzler and a Declaration dated June 21, 2005 pertaining to William Setzler.

6) May 21, 2008 at 1:30 p.m. **Constance Menefee**

The deponent is requested to produce a complete copy of all records and documents maintained by the San Francisco Retirement Board with respect to Plaintiff's applications for Industrial Disability Retirement between 1990 and the present.

The deponent is also requested to produce a copy of Plaintiff's employment and personnel record maintained by the City and County of San Francisco and its Sheriff's Department, including a copy of those records that was produced to Plaintiff's attorney, Michael Hebel, on or around November 5, 2001 by the deponent.

7) May 21, 2008 at 3:00 p.m. **Jill Figg**

The deponent is requested to produce every document maintained by the San Francisco Sheriff's Department and the San Francisco Retirement Board pertaining to placement of Plaintiff on sick leave at any time between 1990 and the date of his termination.

The deponent is also requested to produce a copy of Plaintiff's employment and personnel record maintained by the City and County of San Francisco and its Sheriff's Department, including a copy of those records that was produced to Plaintiff's attorney, Michael Hebel, in or around November 2001 by the deponent.

DATED: March 28, 2008

By: _____
STEPHEN F. HENRY
Attorney for Plaintiff

# PROOF OF SERVICE

I, Stephen Henry, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. My business address is 2625 Alcatraz Avenue, No. 615, Berkeley, California, 94705.

On March 28, 2008, I served the attached:

## Notice of Depositions

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Jesse Lad, Esq.
MEYERS, NAVE, RIBACK, SILVER &
WILSON
555 12th Street, Suite 1500
Oakland, California  94607

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at Berkeley, California, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY OVERNIGHT MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in the addressee(s), at Berkeley, California, for overnight mailing by the United States Postal Service,

☐ **BY FACSIMILE**: I caused true and correct copies of the above document(s) to be sent via facsimile to the addressee(s) on this date. The facsimile machine used complies with California Rule of Court 2003(3) and no error was reported by the sending facsimile machine. The transmission record for this facsimile complies with California Rule of Court 2003(6).

☐ **BY HAND DELIVERY**: I caused true and correct copies of the above document(s) to be placed within a sealed envelope or other package suitable for handling by a messenger or courier service and then caused the package to be hand-delivered by a same-day messenger service to the addressee(s) on this date.

☐ **BY EMAIL**: I caused true and correct copies of the above document(s) to be sent via email to the addressee(s) on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed March 28, 2008, at Berkeley, California.

Proof of Service                              **CASE NO: 07-CV-05792-SI**