United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER, | No. C 07-05792 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-10, inclusive, | |
| Defendants.                        / | |

On May 30, 2008, the Court heard argument on defendant's motion to dismiss plaintiff's complaint. Having considered the arguments of counsel and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss.

## BACKGROUND[1]

This case involves a longstanding employment dispute between plaintiff William Setzler and the City and County of San Francisco. Plaintiff was employed by the San Francisco Sheriff's Office from 1989 until November 1, 2006. He alleges that he injured his foot while working as a probationary employee at the county jail on January 2, 1990, and that he continues to be disabled due to this foot injury. Plaintiff alleges, among other things, that defendant withheld evidence while plaintiff was attempting to litigate the denial of his application for disability retirement and improperly placed him on compulsory sick leave rather than disability leave from June 22, 1991 until November 1, 2006.

---

[1] The following factual background information has been taken from plaintiff's First Amended Complaint ("FAC").

1 Plaintiff also alleges that defendant terminated him either in retaliation for plaintiff's appearance on a
2 cable television program, during which plaintiff discussed his ongoing dispute with defendant, or in
3 retaliation for the filing of a complaint by plaintiff with the Department of Fair Employment and
4 Housing.

5 Plaintiff filed this lawsuit on November 14, 2007, and filed a first amended complaint on March
6 22, 2008. The complaint states the following six causes of action: (1) defendant violated 42 U.S.C. §
7 1983 by terminating plaintiff in retaliation for his protected speech; (2) defendant violated plaintiff's
8 procedural due process rights in connection with plaintiff's application for disability retirement and
9 request for accommodation; (3) defendant violated California Government Code § 12940 when it failed
10 to accommodate plaintiff's disability, failed to engage in an interactive process, and retaliated against
11 plaintiff for his filing of a complaint; (4) defendant violated a San Francisco municipal ordinance when
12 it placed plaintiff on compulsory sick leave rather than disability leave and when it terminated plaintiff
13 arbitrarily; (5) defendant terminated plaintiff in violation of public policy; and (6) injunctive relief.

14 This complaint follows two other lawsuits filed by plaintiff in state court, both of which plaintiff
15 lost at every level of review. The first, filed in 1996, sought review of an administrative decision
16 denying plaintiff's application for disability retirement. *See* Defendant's Request for Judicial Notice
17 ("Defendant's RJN") at exs. F-I. The second, filed in 2000, sought a writ of mandate ordering defendant
18 to return plaintiff to work as a deputy sheriff. *See id.* at exs. A-C. The courts in both proceedings
19 considered plaintiff's claims that defendant concealed relevant evidence. These prior proceedings are
20 discussed in greater detail below.[2]

21 Currently before the Court is defendant's motion to dismiss plaintiff's complaint in its entirety.
22 Alternatively, defendant asks the Court to strike allegations from plaintiff's complaint regarding issues
23 that have already been adjudicated by the state courts. Defendant also asks the Court to issue a
24 protective order precluding plaintiff from seeking discovery related to issues that have already been
25 litigated by the parties.

---

[2] The Court takes judicial notice of the documents related to these prior proceedings, as well as the ordinances, rules, and collective bargaining agreements submitted by the parties.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant moves to dismiss plaintiff's entire complaint for a variety of reasons, most significantly because plaintiff has already litigated or could have litigated his claims in prior actions brought in state court. The Court will first address whether plaintiff's claims are barred by *res judicata* or collateral estoppel, and will then address whether the remaining claims should be dismissed for other reasons put forth by defendant.

3

**I.    Preclusive effects of prior state court actions on all claims**

Defendant argues that plaintiff is estopped from pursuing any of his current claims in this Court because the claims have already been raised or could have been raised in plaintiff's state court actions. Plaintiff argues in response that the issues raised in his complaint either were not actually adjudicated or could not have been brought by plaintiff in his prior actions. The doctrine of *res judicata*, also known as claim preclusion, "bars all grounds for recovery that *could have been asserted*, whether they were or not, in a prior suit between the same parties on the same cause of action." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994) (internal quotation marks omitted); *see also State Bd. of Equalization v. Superior Court*, 39 Cal. 3d 633, 641 (1985). The purpose of the doctrine is to protect litigants from multiple lawsuits, to conserve judicial resources, and to encourage certainty and reliance upon judicial decisions. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Where a party appearing in federal court was previously involved in litigation in state court, the preclusive effect of that state-court judgment must be determined by state law. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (applying Nevada law to determine preclusive effect of a Nevada state court judgment).

In California, the doctrine of *res judicata* focuses on three questions: (1) whether the previous case was adjudicated on the merits; (2) whether the previous decision was final; and (3) whether the current dispute involves the same "claim" or "cause of action." *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007). To determine whether the prior litigation involves the same claim or cause of action as the current litigation, "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." *Id.* at 809. As the Ninth Circuit has explained,

> a cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a primary right gives rise to but a single cause of action . . . . As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.

*Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004) (quoting *Mycogen Corp. v. Monsanto Co.*, 28

4

1  Cal. 4th 888, 904 (2002)).

2        On the other hand, the doctrine of collateral estoppel, also known as issue preclusion, "prevents
3  relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for
4  litigation, in a prior proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005) (internal
5  quotation marks omitted). Under both California and federal law, a prior court decision will have
6  preclusive effect under the doctrine of collateral estoppel where "(1) the issue necessarily decided at the
7  previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding
8  ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted
9  was a party or in privity with a party at the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d
10  880, 885 (9th Cir. 2000) (internal quotation marks omitted); *Kourtis*, 419 F.3d at 994.

11        Here, defendant argues that plaintiff's prior litigation in state court precludes the current action.
12  In the first action filed by plaintiff in state court, plaintiff sought to overturn an administrative law
13  judge's ("ALJ") finding that plaintiff was not disabled and that plaintiff was not entitled to disability
14  retirement. The California Superior Court ruled on the merits by twice affirming the ALJ's decision.
15  *See* Defendant's RJN at exs. F, G. After plaintiff moved for a new trial, the superior court, and the
16  California Court of Appeal in April 2000, denied the motion. *See id.* at exs. H, I. In a second action,
17  brought in July 2000, plaintiff asked the superior court to order defendant to return plaintiff to work as
18  a deputy sheriff with back pay and other monetary relief. The court denied plaintiff's writ application
19  and judgment was entered on April 25, 2006. *See id.* at ex. A. Plaintiff did not appeal. The parties do
20  not dispute that plaintiff's prior state court lawsuits resulted in final decisions on the merits and were
21  litigated by these parties, satisfying the first two elements of the *res judicata* test and the second and
22  third elements of the collateral estoppel test in California. Instead, the parties focus their arguments on
23  whether plaintiff's current complaint involves the same claim or cause of action as his prior suits, and
24  also on whether collateral estoppel applies.

25        Turning to plaintiff's first cause of action, the Court finds that plaintiff is not precluded by either
26  *res judicata* or collateral estoppel from claiming that defendant terminated his employment in retaliation
27  for plaintiff's protected speech. However, the Court finds that the plaintiff is precluded from litigating
28  other claims asserted in his first cause of action. Plaintiff's first cause of action alleges that defendant

violated plaintiff's civil rights by terminating his employment in retaliation for his protected speech on matters of public concern. FAC at ¶ 49. Defendant did not terminate plaintiff until November 1, 2006, *id.* ¶ 47, months after the conclusion of the second state court action. Although, as defendant argues, the state court may have determined that plaintiff was not entitled to be reinstated as a deputy sheriff, it is undisputed that plaintiff was still employed by defendant when the state courts issued their prior decisions, and was not officially terminated until after plaintiff notified defendant that he would be appearing on a cable television program to discuss his dispute with the Retirement Board and the City of San Francisco. Under these circumstances, claim preclusion does not apply because plaintiff's later termination involves a different primary right from the primary rights asserted in the prior actions, as plaintiff had not yet experienced the injury caused by his termination. While defendant certainly may have terminated plaintiff's employment in November 2006 because the state courts had determined that plaintiff had no entitlement to employment, it is not impossible that defendant could have terminated plaintiff for other reasons, such as in retaliation for plaintiff's speech. Similarly, issue preclusion does not apply because it would have been impossible for the state courts to adjudicate the reason for plaintiff's November 2006 termination prior to its occurrence.[3]

Plaintiff's first cause of action also appears to allege that defendant violated plaintiff's constitutional rights by interfering with his disability retirement application, interfering with his attempts to return to work, and accusing plaintiff of malingering, all in an effort to retaliate against him for his alleged protected speech. FAC at ¶ 49. Both *res judicata* and collateral estoppel preclude plaintiff from including these claims in his complaint. First, the state courts have already adjudicated the issue of plaintiff's good faith efforts to return to work, his entitlement to disability retirement, and his entitlement to be reinstated as a deputy sheriff. *See*, *e.g.*, Defendant's RJN at exs. A, G, H. Second, these claims all concern the same "primary rights" at issue in plaintiff's prior litigation, including his right to receive disability retirement, his right to an accommodation, and defendant's determination that plaintiff is not in fact disabled. Accordingly, the Court DISMISSES WITHOUT LEAVE TO AMEND

---

[3] For the same reasons, plaintiff is not estopped from bringing his fifth cause of action, for wrongful termination in violation of public policy, subject to compliance with any necessary exhaustion requirements (discussed below).

plaintiff's first cause of action to the extent it states claims related to anything other than plaintiff's termination.

Plaintiff's second cause of action alleges that defendant violated plaintiff's right to procedural due process by misappropriating and falsifying evidence relating to his claim for disability retirement, interfering with his application for disability retirement, and denying him accommodation.[4] *Res judicata* precludes this cause of action because plaintiff could have brought this claim in his prior state actions and because it alleges the invasion of the same primary rights – the right to disability retirement, the right to access evidence, and the right to accommodation – that were at issue in the state proceedings. Although plaintiff may assert the procedural due process claim for the first time here, this new legal theory does not alter the *res judicata* effect of the prior litigation, as "California's 'primary rights' theory does not mean that different causes of action are involved just because relief may be obtained under . . . either of two legal theories." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988) (internal quotation marks omitted). Because no amendment would free plaintiff from the preclusive effect of his prior state court actions, the second cause of action is DISMISSED WITHOUT LEAVE TO AMEND, and the Court need not reach defendant's other arguments as to why this cause of action should be dismissed.

Plaintiff's third cause of action alleges that defendant failed to accommodate plaintiff's disability, failed to engage in an interactive process regarding plaintiff's disability, and retaliated against plaintiff in response to his filing of a complaint with the Department of Fair Employment and Housing, all in violation of California Government Code § 12940. Plaintiff argues that this cause of action concerns defendant's actions in the period of time in 2006 between the last decision by the California courts and plaintiff's termination, and thus that neither *res judicata* nor collateral estoppel could apply. The Court disagrees, and finds that plaintiff is collaterally estopped from bringing the majority of this claim because the issue of plaintiff's disability has been litigated and decided in state court. Any claim regarding defendant's failure to accommodate or engage with plaintiff regarding his disability is

---

[4] The second cause of action also mentions plaintiff's termination, but the complaint does not allege that plaintiff, as a probationary employee, had a property interest in his employment, only in his disability retirement benefits.

7

predicated on that disability, and the California courts have already held that plaintiff is not disabled. *See*, *e.g.*, Defendant's RJN at ex. H. The state courts have also determined that plaintiff did not engage in the accommodation process in good faith; even if those decisions concerned the period of time prior to 2006, plaintiff has provided no indication as to why defendant would have any obligation to re-engage in an accommodation process with plaintiff after the state courts found in defendant's favor. That said, plaintiff's retaliation claim, to the extent that it concerns plaintiff's November 2006 termination, does not appear to have been adjudicated. Hence, the Court DISMISSES WITHOUT LEAVE TO AMEND all claims in the third cause of action except the claim that plaintiff's November 2006 termination was in retaliation for plaintiff's protected speech.

Plaintiff's fourth cause of action alleges that defendant violated a San Francisco municipal ordinance by placing plaintiff on compulsory sick leave rather than disability leave, failing to accommodate plaintiff's disability, and terminating plaintiff arbitrarily. *See* FAC at ¶ 84. As discussed above, any claims relating to defendant's failure to accommodate plaintiff's disability are precluded because the California courts have already determined that plaintiff is not disabled. As for being placed on sick leave rather than disability leave – and the resulting difficulty plaintiff had seeking employment in other departments – this claim is barred by *res judicata* because plaintiff could have brought it during his state court proceedings. Indeed, plaintiff's complaint states that defendant first placed plaintiff on compulsory sick leave, rather than disability leave, on June 22, 1991, or July 1, 1991, *id.* ¶ 40-41, years before the conclusion of plaintiff's litigation in state court. In addition, under California law, plaintiff's sick leave claim alleges a violation of the same primary rights alleged in plaintiff's prior suits because the injury in both instances was defendant's failure to recognize plaintiff as disabled and failure to grant plaintiff's application for disability retirement. The Court therefore DISMISSES WITHOUT LEAVE TO AMEND plaintiff's fourth cause of action as it relates to disability leave and accommodation. Plaintiff is not precluded from bringing his claim for arbitrary termination, to the extent that it is premised on alleged retaliation (subject to compliance with any necessary exhaustion requirements, discussed below), since the circumstances surrounding his termination could not have been adjudicated in the prior proceedings.

Plaintiff's sixth cause of action, seeking injunctive relief for the claimed violations of rights with

8

respect to disability retirement benefits and accommodation fo disabilities is DISMISSED WITHOUT LEAVE TO AMEND.

## II.  Remaining claims

Defendant argues that plaintiff's remaining claims – his claims of retaliation in violation of his free speech rights, retaliation in connection with his filing of a complaint, arbitrary termination in violation of the municipal code, and wrongful termination in violation of public policy – should be dismissed.

Defendant first argues that the claim remaining in plaintiff's first cause of action, for retaliation based on plaintiff's protected speech, should be dismissed because plaintiff has failed to allege a connection between his speech and termination and has failed to allege that those responsible for terminating plaintiff were aware of plaintiff's protected speech.  Defendant also contends that plaintiff has failed to allege a specific policy, custom, or practice of defendant that would subject defendant to liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Plaintiff's complaint alleges, however, that when plaintiff attempted to return to work on June 16, 2006, he informed Sheriff Michael Hennessey that he planned to appear on a cable television program entitled "Californians Injured at Work," FAC at ¶ 34, that plaintiff did appear on a program in which he discussed his dispute with defendant and the Retirement Board, *id.* ¶ 35, and that plaintiff was terminated after these events occurred, *id.* ¶ 47.  The complaint also alleges that defendant had a policy or custom of maintaining employment practices that permitted retaliation for protected speech, *id.* ¶ 50, and that the San Francisco sheriff, who had ultimate decision-making authority, ratified or condoned the retaliatory actions against plaintiff, *id.* ¶ 51, 54.  Although such allegations, without proof, would not be sufficient to survive summary judgment, they are sufficient at this stage of the litigation, and the Court DENIES defendant's motion to dismiss the termination claim in the first cause of action.

Defendant next asks the Court to dismiss the retaliation claim remaining in plaintiff's third cause of action because the superior court already found that plaintiff was not entitled to be reinstated to his deputy sheriff position and because plaintiff's complaint does not allege a causal connection between his filing of a complaint with the Department of Fair Employment and Housing and his subsequent

9

termination. As discussed above, the state court determinations regarding plaintiff's entitlement to employment do not have preclusive effect on the circumstances of plaintiff's termination because plaintiff remained employed after the state court decisions were issued and was not terminated until November 2006. In addition, the Court finds the allegations of the complaint with regard to the alleged retaliation sufficient for this stage of the litigation. *See* FAC at ¶¶ 77-78. The Court DENIES defendant's motion to dismiss the retaliation claim remaining in plaintiff's third cause of action.

The other two claims remaining in plaintiff's complaint are his claims of arbitrary termination in violation of a municipal ordinance and wrongful termination in violation of public policy, plaintiff's fourth and fifth causes of action, respectively. Defendant argues that these claims should be dismissed because plaintiff has failed to allege that he exhausted his administrative remedies. Plaintiff contends that no administrative remedies were available for review of issues related to sick leave or disability leave, and suggests that the remedies also may not be available for review of issues related to his termination. In California, a plaintiff must exhaust all available administrative remedies prior to filing a complaint in court. *See generally Lopez v. Civil Serv. Comm'n*, 232 Cal. App. 3d 307, 311 (Cal. Ct. App. 1991); *Morton v. Superior Court*, 9 Cal. App. 3d 977, 981 (Cal. Ct. App. 1970) ("[I]t is well settled that the exhaustion of an administrative remedy, where one is available, is a condition precedent to obtaining judicial relief."). Here, defendant argues that plaintiff must exhaust the Civil Service Commission appeal process or the grievance procedure laid out in the Collective Bargaining Agreement in place when plaintiff was terminated. *See* Defendant's RJN at exs. D, K. Plaintiff does not contend that he attempted to exhaust his administrative remedies and was unable to do so, but rather argues that, as a probationary employee, he had no recourse to administrative remedies. Plaintiff has provided no support for this argument, however, and the Court agrees with defendant that the grievance procedure and civil service appeals process appears to apply to employee terminations, without limitation to non-probationary employees. The Court therefore GRANTS defendant's motion to dismiss the claims remaining in plaintiff's fourth and fifth causes of action. Plaintiff may amend his complaint to allege that he has exhausted his administrative remedies or to explain specifically why there were no remedies available to him.

### III.     Defendant's motion to strike and motion for a protective order

Defendant moves to strike allegations in plaintiff's complaint that have already been adjudicated in defendant's favor in state court. The Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes matter that a party is prevented from relitigating under the doctrine of *res judicata*. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir.1993), *overruled on other grounds*, 510 U.S. 517 (1994). The Court agrees with defendant that it is not appropriate for plaintiff to make allegations in his complaint that have already been found to be false by the California courts. In addition, the Court notes that the only claims remaining in plaintiff's complaint relate to his termination in November 2006, not to his disability retirement benefits, his accommodation, or the withholding of evidence by defendant. For these reasons, whether or not plaintiff chooses to amend his complaint in accordance with this order, he must remove from his complaint all allegations extraneous to the remaining claims and must ensure that any factual allegations are in accordance with prior rulings by the state courts.

Defendant also moves for a protective order preventing plaintiff from pursuing discovery relating to issues that have already been adjudicated by the state courts. The Court agrees that, as a general matter, discovery into issues that have already been adjudicated or that could have been adjudicated in state court will not be permitted, unless the issues are for good reason relevant to the claims remaining in plaintiff's complaint at the time of discovery. That said, the Court believes the better approach is to make determinations about the scope of discovery as particular issues arise. Accordingly, the Court DENIES, without prejudice to reconsideration, defendant's motion for a protective order.

///

11

**CONCLUSION**

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss. The Court also GRANTS IN PART defendant's motion to strike, and DENIES WITHOUT PREJUDICE defendant's motion for a protective order. [Docket No. 29] **Any amended complaint must be filed no later than June 20, 2008.**

**IT IS SO ORDERED.**

Dated: June 2, 2008

SUSAN ILLSTON
United States District Judge