**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

STEPHEN HENRY (State Bar # 142336)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SETZLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES ONE through TEN, inclusive,<br><br>Defendants. | **Case No. 07-CV-05792-SI**<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR**<br>1. **Violation of Federal Civil Rights (42 U.S.C. § 1983) – Free Speech**<br>2. **Retaliation**<br>3. **Wrongful Termination in Violation Of Public Policy**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff William Setzler ("Plaintiff"), for causes of action against defendants The City and County of San Francisco ("Defendant County"), and Does One through Ten, inclusive, alleges in this Complaint for Damages ("Complaint") as follows:

**THE PARTIES**

1. William Setzler was at relevant times to this litigation a resident of the County of San Francisco and at other relevant times a resident of the County of Alameda.

2. Defendant City and County of San Francisco ("Defendant County") is a public entity and municipal corporation organized and existing pursuant to the laws of the State of California.

3. Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these

fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named defendants is in some manner responsible for the injuries and damages to Plaintiff alleged in this litigation.

4. Plaintiff is informed and believes and thereupon alleges that at all times relevant to this litigation, defendants, and each of them, were the agents, servants, and employees of their codefendants, and that these defendants, in doing the things mentioned in this Complaint, were acting within the course and scope of their authority as such agents, servants, and employees, and were acting with the permission and consent of their codefendants.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Jurisdiction over the defendants exists because each of the entities and defendants is present and operating within the jurisdictional limits of the Northern District of California.

7. Jurisdiction over the defendants, and each of them, exists because the complaint includes claims involving federal question jurisdiction. This action includes claims brought pursuant to 42 U.S.C. §1983. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331. Subject matter jurisdiction exists because the amount in dispute exceeds $75,000.

8. The Court has pendent and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367. The pendent state law claims contained in this Complaint arise from the same nucleus of operative facts, and involved identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

9. Plaintiff is required to comply with a claims statute, and Plaintiff has complied with the applicable claims statute.

10. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because the employment relationship between plaintiff and defendants that gave rise to this litigation existed

within this district, most or all of the acts and omissions complained of took place here, and all defendants reside within the district.

## FACTUAL ALLEGATIONS

11.  Plaintiff was employed by the San Francisco Sheriff's Office until November 1, 2006.

12.  Plaintiff went on leave from work at the County jail on January 2, 1990.

13.  Around June 16, 2006, Plaintiff informed Sherriff Michael Hennessey about a cable television program entitled "Californians Injured At Work" on which Plaintiff appeared.

14.  Plaintiff appeared on a cable television program entitled "Californians Injured At Work" and discussed his ongoing battle to obtain disability retirement from the Retirement Board or reinstatement by the Sherriff's Office, as well as concealment of medical and employment records by members of the City Attorney's office.

15.  The Sheriff's Office terminated Plaintiff on November 1, 2006 on the alleged basis that he had failed to complete probation.

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS

## FREEDOM OF SPEECH

## UNDER 42 U.S.C. SECTION 1983, ET SEQ.

**(Against Defendant City and County of San Francisco and Does One through Ten)**

16.  Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 50 above.

17.  Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, violated his constitutional rights as described in this Complaint, by retaliating against him, including terminating his employment, in retaliation for and as prior restraint of protected speech regarding matters of public importance, most notably his assertions on public television that information had been deliberately concealed from and misrepresented to the Retirement Board.

18.  Plaintiff is informed and believes and thereupon alleges that defendants, and each

FIRST AMENDED COMPLAINT FOR DAMAGES             3             CASE NO. 07-CV-05792-SI

of them, violated his constitutional rights as described in this Complaint because of customs, policies, directives, practices, acts and omissions of authorized policy makers of Defendant County. These customs, policies, directives, practices, acts and omissions include, but are not limited to, the maintenance of employment practices that allow for retaliatory actions for and prior restraint of protected speech and the maintenance of employment practices that encourage retaliation against and prior restraint of an employee for protected speech. These customs, policies, directives, practices, acts and omissions constitute gross negligence and/or deliberate indifference on the part of Defendant County in its obligation to ensure the preservation of an employee's constitutional rights.

19. Defendant County's Sheriff, as the ultimate decision makers with regard to policy and employee discipline, ratified the retaliatory actions and actions restrictive of Plaintiff's speech prior to Plaintiff's retaliatory termination.

20. The retaliatory conduct against Plaintiff, including but not limited to restriction of his protected speech and adverse employment actions, was a deliberate choice of action made from among various alternatives by Defendant County.

21. In the alternative, one or more of the individuals, within the City Attorneys Office, the Retirement Board and/or the Sheriff's Office, involved in the restriction of and retaliation for Plaintiff's speech was an official to whom policymaking authority regarding employee discipline had been delegated and that these subordinate individuals were responsible for establishing final policy with respect to the retaliation, restriction of protected speech, and adverse actions taken against Plaintiff.

22. Plaintiff is informed and believes and thereupon alleges that Defendant County and its Sheriff authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct and/or omissions mentioned in this Complaint.

23. As a direct, foreseeable, and proximate result of Defendant County's acts and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000,

the precise amount of which will be proven at trial.

24. In addition, Plaintiff seeks reasonable attorneys fees and costs.

25. Wherefore, Plaintiff prays for damages against defendants, and each of them, as set forth below.

## SECOND CAUSE OF ACTION

## FOR RETALIATION

**(Against Defendant City and County of San Francisco and Does One through Ten)**

26. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 93 above.

27. Plaintiff filed a complaint with the Department of Fair Employment and Housing. (See Exhibit A to this Complaint) and received a Right to Sue Letter from the Department of Fair Employment and Housing. (See Exhibit B to this Complaint)

28. Pursuant to Government Code § 12940(h), Defendant County is precluded from retaliating against and/or terminating Plaintiff "because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." In response to Plaintiff's complaints, Defendant County and its agents have retaliated against and refused to gainfully employ Plaintiff, to Plaintiff's detriment.

29. As a direct, foreseeable, and proximate result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount of which will be proven at trial.

30. In addition, Plaintiff seeks reasonable attorneys fees and costs.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against Defendant City and County of San Francisco and Does One through Ten)**

31. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 106 above.

32. Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's opposing and reporting illegal activity, as described in preceding allegations.

33. Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's exercise of free speech, as described in preceding allegations.

34. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of the public policy as expressed in laws and regulations regarding accommodation of disabilities and retaliation for requesting such accommodation as expressed in Government Code § 12940 et seq..

35. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of the Peace Officer's Procedural Bill of Rights.

36. Plaintiff further alleges that Defendant County's termination of Plaintiff was in violation of the public policy as expressed in laws and regulations prohibiting retaliation against individuals who report violations of the law to governmental agencies, including, but not limited to, California Labor Code § 1102.5, and in addition was a violation of said statute.

37. As a direct, foreseeable, and proximate result of defendant's wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage, in excess of $500,000, the precise amount of which will be proven at trial.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For monetary damages against Defendants, and each of them, in an amount sufficient to compensate Plaintiff for his loss of income, loss of benefits, loss of use, for his

emotional distress, and for the injury and damage that Defendants have caused to his reputation;

    2.    For punitive damages against individual Defendants in an amount sufficient to deter them from engaging in similar misconduct toward other employees, and to make an example of them to others who may otherwise be inclined to engage in such wrongful conduct;

    3.    For costs of suit incurred herein, including Plaintiff's reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that he has been forced to incur to prosecute this action under all applicable statutory or contractual bases;

    4.    For injunctive relief, as the Court may deem proper.

    5.    For such other, further relief as the Court may deem proper.

Dated: June 17, 2008

                  STEPHEN F. HENRY, ESQ.

                  By: /s. Stephen F. Henry
                  STEPHEN F. HENRY
                  Attorneys for Plaintiff

1 | Plaintiff demands trial by jury in this action.

2

3 | Dated: June 17, 2008

STEPHEN F. HENRY, ESQ.

4

By: /s/Stephen F. Henry
STEPHEN F. HENRY

5

6 | Attorneys for Plaintiff