1  ARTHUR A. HARTINGER (SBN 121521)
   ahartinger@meyersnave.com
2  JESSE J. LAD (SBN 229389)
   jlad@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
4  555 12th Street, Suite 1500
   Oakland, California 94607
5  Telephone: (510) 808-2000
   Facsimile: (510) 444-1108
6
7  Attorneys for Defendant City and County
   of San Francisco
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  WILLIAM SETZLER,                          )   Case No. 07-CV-05792-SI
                                              )
13              Plaintiff,                    )   **DEFENDANT CITY AND COUNTY OF**
                                              )   **SAN FRANCISCO'S ANSWER TO**
14      v.                                    )   **PLAINTIFF'S SECONDED AMENDED**
                                              )   **COMPLAINT FOR DAMAGES**
15  CITY AND COUNTY OF SAN                     )
    FRANCISCO, a municipal corporation and    )
16  DOES ONE through TEN, inclusive           )
                                              )
17              Defendants.                    )
                                              )
18

19      Defendant, CITY AND COUNTY OF SAN FRANCISCO, ("Defendant") answers and

20  responds to Plaintiff William Setzler's ("Plaintiff") Second Amended Complaint ("Complaint")

21  as follows:

22      1.      In responding to the allegations in Paragraph Number 1, Defendant responds as

23  follows: Defendant lacks sufficient information or belief to admit or deny, and on that basis

24  DENIES the allegations in Paragraph Number 1.

25      2.      In responding to the allegations in Paragraph Number 2, Defendant responds as

26  follows: Defendant ADMITS the allegations in Paragraph Number 2.

27      3.      In responding to the allegations in Paragraph Number 3, Defendant responds as

28  follows: Defendant lacks sufficient information or belief to admit or deny, and on that basis

1   DENIES the allegations in Paragraph Number 3.

2       4.    In responding to the allegations in Paragraph Number 4, Defendant responds as
3   follows: Defendant lacks sufficient information or belief to admit or deny, and on that basis
4   DENIES the allegations in Paragraph Number 4.

5       5.    In responding to the allegations in Paragraph Number 6, Defendant responds as
6   follows: Defendant ADMITS that it is present and operating within the jurisdictional limits of
7   the Northern District of California. Defendant lacks sufficient information or belief to admit or
8   deny, and on that basis DENIES the remainder of the allegations in Paragraph Number 6.

9       6.    In responding to the allegations in Paragraph Number 7, Defendant responds as
10  follows: Defendant ADMITS that this action contains a claim pursuant to 42 U.S.C. Section
11  1983. Defendant lacks sufficient information or belief to admit or deny, and on that basis
12  DENIES the remainder of the allegations in Paragraph Number 7.

13      7.    In responding to the allegations in Paragraph Number 8, Defendant responds as
14  follows: Defendant lacks sufficient information or belief to admit or deny, and on that basis
15  DENIES the allegations in Paragraph Number 8.

16      8.    In responding to the allegations in Paragraph Number 9, Defendant responds as
17  follows: Defendant ADMITS that Plaintiff is required to comply with claims statutes and/or
18  exhaust administrative remedies before instituting certain types of litigation against Defendant.
19  Defendant lacks sufficient information or belief to admit or deny, and on that basis DENIES the
20  remainder of the allegations in Paragraph Number 9.

21      9.    In responding to the allegations in Paragraph Number 10, Defendant responds as
22  follows: Defendant ADMITS that an employment relationship existed between Plaintiff and
23  Defendant, and that such an employment relationship existed within the Northern District of
24  California. Defendant lacks sufficient information or belief to admit or deny, and on that basis
25  DENIES the remainder of the allegations in Paragraph Number 10.

26      10.   In responding to the allegations in Paragraph Number 11, Defendant responds as
27  follows: Defendant ADMITS that Plaintiff was terminated from his probationary employment
28  with Defendant on November 1, 2006. Defendant DENIES the remaining allegations in
    Paragraph Number 11.

1   11.   In responding to the allegations in Paragraph Number 12, Defendant responds as
2   follows:  Defendant ADMITS the allegations in Paragraph Number 12.

3   12.   In responding to the allegations in Paragraph Number 13, Defendant responds as
4   follows:  Defendant lacks sufficient information or belief to admit or deny, and on that basis
5   DENIES the allegations in Paragraph Number 13.

6   13.   In responding to the allegations in Paragraph Number 14, Defendant responds as
7   follows:  Defendant lacks sufficient information or belief to admit or deny, and on that basis
8   DENIES the allegations in Paragraph Number 14.

9   14.   In responding to the allegations in Paragraph Number 15, Defendant responds as
10  follows:  Defendant ADMITS that it terminated Plaintiff's employment on November 1, 2006,
11  and that Plaintiff had failed to complete his probation when he was terminated.  Defendant
12  DENIES the remaining allegations in Paragraph Number 15.

13  **FIRST CAUSE OF ACTION**

14  15.   In responding to the allegations in Paragraph Number 17, Defendant responds as
15  follows:  Defendant ADMITS that Plaintiff was terminated from his probationary employment
16  with Defendant.  Defendant DENIES the remaining allegations in Paragraph Number 17.

17  16.   In responding to the allegations in Paragraph Number 18, Defendant responds as
18  follows:  Defendant DENIES the allegations in Paragraph Number 18.

19  17.   In responding to the allegations in Paragraph Number 19, Defendant responds as
20  follows:  Defendant ADMITS that the Sheriff is the ultimate decision maker with regard to
21  employee discipline in the Sheriff's Department.  Defendant DENIES the remaining allegations
22  in Paragraph Number 19.

23  18.   In responding to the allegations in Paragraph Number 20, Defendant responds as
24  follows:  Defendant DENIES the allegations in Paragraph Number 20.

25  19.   In responding to the allegations in Paragraph Number 21, Defendant responds as
26  follows:  Defendant DENIES the allegations in Paragraph Number 21.

27  20.   In responding to the allegations in Paragraph Number 22, Defendant responds as
28  follows:  Defendant DENIES the allegations in Paragraph Number 22.

1    21.    In responding to the allegations in Paragraph Number 23, Defendant responds as
2    follows: Defendant DENIES the allegations in Paragraph Number 23.

3                              **SECOND CAUSE OF ACTION**

4    22.    In responding to the allegations in Paragraph Number 27, Defendant responds as
5    follows: Defendant ADMITS that Plaintiff attached a complaint with the Department of Fair
6    Employment and Housing as Exhibit A to the Complaint and attached a Right to Sue Letter
7    from the Department of Fair Employment and Housing as Exhibit B to the Complaint.
8    Defendant lacks sufficient information or belief to admit or deny, and on that basis DENIES the
9    allegations in Paragraph Number 27.

10    23.    In responding to the allegations in Paragraph Number 28, Defendant responds as
11    follows: Defendant ADMITS that Government Code section 12940 (h) precludes employers
12    from engaging in unlawful retaliation. Defendant DENIES the remaining allegations in
13    Paragraph Number 28.

14    24.    In responding to the allegations in Paragraph Number 29, Defendant responds as
15    follows: Defendant DENIES the allegations in Paragraph Number 29.

16                              **THIRD CAUSE OF ACTION**

17    25.    In responding to the allegations in Paragraph Number 32, Defendant responds as
18    follows: Defendant ADMITS that Plaintiff was terminated from his probationary employment
19    with Defendant. Defendant DENIES the remaining allegations in Paragraph Number 32.

20    26.    In responding to the allegations in Paragraph Number 33, Defendant responds as
21    follows: Defendant ADMITS that Plaintiff was terminated from his probationary employment
22    with Defendant. Defendant DENIES the remaining allegations in Paragraph Number 33.

23    27.    In responding to the allegations in Paragraph Number 34, Defendant responds as
24    follows: Defendant ADMITS that Plaintiff was terminated from his probationary employment
25    with Defendant. Defendant DENIES the remaining allegations in Paragraph Number 34.

26    28.    In responding to the allegations in Paragraph Number 35, Defendant responds as
27    follows: Defendant ADMITS that Plaintiff was terminated from his probationary employment
28    with Defendant. Defendant DENIES the remaining allegations in Paragraph Number 35.

1    29.    In responding to the allegations in Paragraph Number 36, Defendant responds as
2    follows:  Defendant ADMITS that Plaintiff was terminated from his probationary employment
3    with Defendant.  Defendant DENIES the remaining allegations in Paragraph Number 36.

4    30.    In responding to the allegations in Paragraph Number 37, Defendant responds as
5    follows:  Defendant DENIES the allegations in Paragraph Number 37.

6                              **AFFIRMATIVE DEFENSES**

7         As separate and distinct affirmative defenses to the Complaint, Defendant alleges the
8    following:

9                          **FIRST AFFIRMATIVE DEFENSE**

10        Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant for
11   Violation of Plaintiff's Federal Civil Rights, Freedom of Speech, under 42 U.S.C. Section 1983,
12   et seq.

13                        **SECOND AFFIRMATIVE DEFENSE**

14        Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant for
15   Retaliation.

16                         **THIRD AFFIRMATIVE DEFENSE**

17        Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant for
18   Violation of Wrongful Termination in Violation of Public Policy.

19                        **FOURTH AFFIRMATIVE DEFENSE**

20        Plaintiff's claims are frivolous, unreasonable and groundless and, accordingly,
21   Defendants should recover all costs and attorneys' fees incurred herein

22                         **FIFTH AFFIRMATIVE DEFENSE**

23        Plaintiff's claims are barred by his failure to exhaust administrative and/or contractual
24   remedies.

25                         **SIXTH AFFIRMATIVE DEFENSE**

26        Plaintiff's claims are barred by the doctrine of laches.

27                       **SEVENTH AFFIRMATIVE DEFENSE**

28        Plaintiff's claims are barred by the doctrine of unclean hands.

1

### EIGHT AFFIRMATIVE DEFENSE

2     Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

3

### NINTH AFFIRMATIVE DEFENSE

4     Plaintiff's cause of action alleging a violation of 42 U.S.C. § 1983 is barred on the

5 ground that Defendant does not have any municipal policies, customs, or practices that have

6 deprived Plaintiff of any constitutional rights.

7

### TENTH AFFIRMATIVE DEFENSE

8     Plaintiff's cause of action alleging a violation of 42 U.S.C. § 1983 is barred on the

9 ground that neither a municipality nor its officers, supervisors, or policymakers can be held liable

10 under 42 U.S.C. §1983 under a respondeat superior theory. *Monell v. Department of Social*

11 *Services*, 436 U.S. 658, 691 (1978).

12

### ELEVENTH AFFIRMATIVE DEFENSE

13     If Defendant's current or former employees committed the acts alleged in the Complaint,

14 although such is not admitted hereby or herein, such acts were committed outside the scope of

15 employment and not by agents of Defendant, and, thus, Defendant is not liable for such acts.

16

### TWELFTH AFFIRMATIVE DEFENSE

17     Plaintiff's claims are barred because they are moot.

18

### THIRTEENTH AFFIRMATIVE DEFENSE

19     Plaintiff's claims are barred by the applicable statutes of limitations.

20

### FOURTEENTH AFFIRMATIVE DEFENSE

21     At all times mentioned in the Complaint, Defendant acted in conformity with applicable law,

22 regulation, and policy.

23

### FIFTEENTH AFFIRMATIVE DEFENSE

24     Plaintiff's claims are barred by the doctrines of waiver, estoppel, and consent.

25

### SIXTEENTH AFFIRMATIVE DEFENSE

26     Plaintiff had a duty, but failed, to mitigate any damages to which he may be entitled.

27

### SEVENTEENTH AFFIRMATIVE DEFENSE

28     Plaintiff's claims, to the extent they seeks damages for physical, mental and/or

emotional distress, are barred by California Labor Code sections 3600 *et seq.*, which provides

1   that workers' compensation is Plaintiff's exclusive remedy

2   ### EIGHTEENTH AFFIRMATIVE DEFENSE

3   Plaintiff is not entitled to an award of attorneys' fees.

4   ### NINETEENTH AFFIRMATIVE DEFENSE

5   Plaintiff's claims are frivolous, unreasonable and/or without foundation, and accordingly,

6   Defendant should recover all costs and attorneys' fees incurred herein from Plaintiff. *Christiansburg*

7   *Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

8   ### TWENTIETH AFFIRMATIVE DEFENSE

9   Plaintiff's claims are barred by failure to timely file a government tort claim pursuant to

10   California Government Code Section 910 et.seq.

11   ### TWENTY-FIRST AFFIRMATIVE DEFENSE

12   Each and every cause of action is barred on the ground that all acts of Defendant that

13   affected the terms and/or conditions of the Plaintiff's employment were done in good faith and

14   motivated by legitimate, job-related, nondiscriminatory, and non-retaliatory reasons and/or as a

15   result of business necessity.

16   ### TWENTY-SECOND AFFIRMATIVE DEFENSE

17   Each and every cause of action is barred on the ground that all acts of Defendant that

18   affected the terms and/or conditions of the Plaintiff's employment were privileged and done

19   with good cause.

20   ### TWENTY-THIRD AFFIRMATIVE DEFENSE

21   Plaintiff's causes of action, and each of them, are barred by Plaintiff's failure to exhaust

22   his administrative remedies, including without limitation, his failure to comply with the

23   statutory requirements and/or the claim-filing procedures under the FEHA and with the Labor

24   Commissioner.

25   ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

26   Plaintiff's claims, and each of them, are barred by the privileges and immunities

27   applicable to public employees and agencies, including without limitation California

28   Government Code §§ 815, 815.2, 815.6, 818, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 821.6, and

822.2.

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2    If Plaintiff was entitled to recover for any loss suffered or sustained at the times alleged,

3    although such is not admitted hereby or herein, then the total amount of damage to which

4    Plaintiff would otherwise be entitled shall be limited in whole or in part by the doctrine of after-

5    acquired evidence.

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

7    Plaintiff's alleged injuries, losses, or damages, if any, were proximately caused by a

8    superseding and intervening cause.

9

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

10    Plaintiff's Complaint, and each cause of action therein, is vague and conclusory such

11    that Defendant cannot fully anticipate all affirmative defenses that may be applicable.

12    Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, if

13    and to the extent that such affirmative defenses are applicable.

14

## PRAYER FOR RELIEF

15    WHEREFORE, Defendant, CITY AND COUNTY OF SAN FRANCISCO prays for

16    judgment as follows:

17    1.    That all relief requested in the Complaint be denied with prejudice;

18    2.    That Plaintiff take nothing by its action;

19    3.    That judgment be entered in the Defendant's favor.

20    4.    That the Defendant be awarded its costs of suit, including reasonable attorneys' fees and

21    any and all costs;

22    5.    Such further and other relief as the Court deems just and proper.

23    DATED: July 10, 2008                MEYERS, NAVE, RIBACK, SILVER & WILSON

24

25                                By: _____

26    1120615.1                        Jesse J. Lad
                                      Attorneys for Defendant

27

28